KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
ALEXANDRA ROBERT GORDON
State Bar No. 207650
EMMANUELLE S. SOICHET
State Bar No. 290754
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5509
Fax: (415) 703-5480
E-mail: Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant*
*Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>Plaintiff,<br><br>**v.**<br><br>**KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California,**<br><br>Defendant. | 2:14-CV-09448<br><br>**DEFENDANT ATTORNEY GENERAL'S OBJECTION TO PLAINTIFF'S REQUEST TO CROSS-EXAMINE DEFENDANT'S DECLARANTS AT THE PRELIMINARY INJUNCTION HEARING**<br><br>Date: February 17, 2015<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Manuel L. Real<br>Action Filed: December 9, 2014 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1
RELEVANT BACKGROUND .......... 2
CROSS EXAMINATION IS NOT WARRANTED .......... 3
CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Coastal Delivery Corp. v. U.S. Customs Service*
272 F. Supp. 2d 958 (C.D. Cal. 2003) .......... 5

*Dole v. Local Union 375, Plumbers Int'l Union of America*
921 F.2d 969, 974 (9th Cir. 1990) .......... 5

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*
817 F.2d 1448 (9th Cir. 1987) .......... 5

*Numrich v. Gleason*
700 F. Supp. 512 (D. Or. 1988) .......... 4

*Stanley v. University of Southern California*
13 F.3d 1313 (9th Cir. 1994) .......... 4, 6

*Ty, Inc. v. GMA Accessories, Inc.*
132 F.3d 1167 (7th Cir. 1997) .......... 4

*Univ. of Texas v. Camenisch*
451 U.S. 390 (1981) .......... 5

**OTHER AUTHORITIES**

William W. Schwarzer, et al., *Cal. Prac. Guide: Federal Civ. Pro. Before Trial* (2009) .......... 4, 5

## INTRODUCTION

The issue before this Court is whether plaintiff has met its burden to justify preliminary injunctive relief. Plaintiff must do so by demonstrating a likelihood of success on the merits of its First Amendment and Supremacy Clause claims, specifically, by showing that it would suffer harm if required, as provided by law, to disclose the identities of its major donors to a confidential state registry. As the Attorney General demonstrated in her opposition to the motion for preliminary injunction, plaintiff failed to meet this burden. Rather than addressing the deficiencies in its motion, plaintiff now asks this Court to require the Attorney General to produce her declarants for cross examination at the preliminary injunction hearing. This request is unfounded. Plaintiff has not shown how the testimony of government witnesses could produce evidence relevant and material to this Court's consideration of the motion for preliminary injunctive relief. The resolution of plaintiff's motion turns solely on questions of law and on plaintiff's ability to establish evidence that it has or will suffer First Amendment harm. This inquiry would be informed by evidence of harm to plaintiff; it would not be aided by examining the Attorney General's declarants about how the Registry of Charitable Trusts and/or the California Department of Justice works. At this stage of the proceedings, the testimony of these declarants would serve no legitimate purpose. Requiring government employees to leave their jobs to testify in court (and to prepare for that testimony) would, perhaps, distract from plaintiff's failure to demonstrate First Amendment harm, but it would also waste the resources of both the Court and the parties. Accordingly, this Court should deny plaintiff's Request to Cross Examine Defendant's Declarants at the Preliminary Injunction Hearing.

## RELEVANT BACKGROUND

Plaintiff Americans for Prosperity Foundation seeks to enjoin the Attorney General from enforcing a state law requiring it to file an identical copy of the Form 990 Schedule B that it submitted to the IRS with the California Registry of Charitable Trusts. The Registry keeps Schedules B confidential and uses them exclusively for law enforcement purposes. Plaintiff filed its motion for preliminary injunction on December 15, 2014.[1] *See* ECF No. 15.

The Attorney General filed her opposition to plaintiff's preliminary injunction motion on January 21, 2015. *See* ECF No. 23. The opposition brief is supported by the sworn declarations of Kevis Foley, the Registrar of the California Registry of Charitable Trusts, and Steve Bauman, a supervising investigative auditor employed by the Attorney General's Office (collectively, the Declarants). *See* ECF Nos. 23-4 & 23-5. Ms. Foley's declaration provides background information on the Registry's policies and procedures, including the protocols that the Registry employs to maintain the confidentiality of Schedules B. *See* ECF No. 23-4. Mr. Bauman's declaration identifies examples of the ways that the Department of Justice uses Schedule B information to investigate fraud and illegal conduct. *See* ECF No. 23-5. Both declarations are sworn under penalty of perjury. *See* ECF Nos. 23-4 & 23-5.

On the evening of January 23, 2015, counsel for plaintiff informed counsel for the Attorney General that plaintiff would request to cross-examine Ms. Foley and Mr. Bauman at the preliminary injunction hearing unless the Attorney General agreed to produce them for deposition. *See* Declaration of Alexandra Robert Gordon (Gordon Decl.) ¶ 3. During a brief telephone conversation on January 26,

[1] Without consulting with opposing counsel, plaintiff originally noticed the hearing on its motion for January 20, 2015, making the Attorney General's opposition due on December 30, 2014. *See* Central District of California Local Rule 7-9. Due to the limited availability of attorneys and staff during the holiday season, counsel for the Attorney General sought, and counsel for plaintiff agreed to, one extension of the hearing date to February 17, 2015. *See* ECF No. 18.

2015, counsel for the Attorney General stated that while there was no basis for further examination of the Declarants at this stage in the litigation, the Attorney General wanted to work cooperatively with plaintiff and would stipulate to relevant facts if appropriate. *Id.* ¶ 4. Counsel for the Attorney General also asked what the scope of the proposed examination would be and what particular facts plaintiff sought to discover. *Id.* Counsel for plaintiff responded that it would be "about the things in their declarations," prompting counsel for the Attorney General to ask for greater specificity. *Id.* Later that same day, counsel for plaintiff stated that plaintiff was interested in the Attorney General's "procedures" and specifically, in Ms. Foley's testimony that the Attorney General received electronically-filed Schedules B directly from the IRS through the Federal/State Retrieval System. *Id.* ¶ 5. The following day, counsel for the Attorney General called counsel for plaintiff, informed him that the Attorney General receives electronically-filed Schedules B only from charities that elect to participate in the Federal/State Retrieval System, and that, despite its lack of relevance, the Attorney General would so stipulate. *Id.* ¶ 6.[2] Counsel for plaintiff declined this offer and instead filed the Request to Cross-Examine Defendant's Declarants.

## CROSS EXAMINATION IS NOT WARRANTED

Plaintiff is not entitled to cross examine the Declarants at or before the hearing, and its request should be denied because the Declarants' testimony is not material to the issues before the Court. Although the Local Rules authorize a party to *request* to cross examine a declarant at a hearing on a motion for preliminary

[2] Plaintiff states that it "sought to obviate burdening the Court with this request," but the Attorney General refused to make the Declarants available for deposition. Plaintiff's Notice of Request to Cross-Examine Defendant's Declarants at the Preliminary Injunction Hearing (Request) at 2-3. However, the unnecessary burden placed on the Court arises solely from plaintiff's insistence on examining the Declarants, either through deposition or at the hearing, without any justification for doing so.

injunction, such testimony is rarely allowed. *See, e.g.*, *Stanley v. University of Southern California*, 13 F.3d 1313, 1326 (9th Cir. 1994) (refusing to hear live testimony where plaintiff presented affidavits on motion for preliminary injunction); *Numrich v. Gleason*, 700 F. Supp. 512, 514 (D. Or. 1988) (noting that injunctive relief may properly be denied without a hearing where the motion shows the lack of a right to relief, rendering a hearing pointless); William W. Schwarzer, et al., *Cal. Prac. Guide: Federal Civ. Pro. Before Trial*, Ch. 13-D at ¶¶ 13:160-162 (2009) (stating that most courts, including the Central District of California, generally "insist on testimony in the form of declarations" on motions for preliminary injunction). "In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." *Stanley*, 13 F.3d at 1326. (citing *Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992)). Such is the case here.

Beyond insisting that its need to cross-examine the Declarants is "obvious," Request at 3, plaintiff has not explained why live testimony would be appropriate in this case, and, in fact, it is not. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("[I]n any case in which a party seeks an evidentiary hearing, he must be able to persuade the court that the issue is indeed genuine and material and so a hearing would be productive -- he must show in other words that he has and intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue an injunction."). The declarations of Ms. Foley and Mr. Bauman provide background information designed to inform the Court on how the Registry works and how Schedule B information is stored and utilized by the State. (Further) testimony on these matters is immaterial to the merits of plaintiff's preliminary injunction motion. It is plaintiff's lack of evidence and not the evidence submitted by the Attorney General that is dispositive here. As set forth in Attorney General's Opposition to Plaintiff's

Motion for Preliminary Injunction (Opposition), plaintiff submitted no evidence that even suggests that the particular limited disclosure requirement challenged here would affect, let alone "chill," its First Amendment rights. Its First Amendment freedom of association claim thus fails at the threshold. *See* Opposition, ECF No. 23 at 11-15.[3] Accordingly, the Court need not examine whether the contested Schedule B disclosure requirement survives exacting scrutiny, or examine the Attorney General's evidence, let alone subject it to cross-examination. *See Dole v. Local Union 375, Plumbers Int'l Union of America* (*Dole*), 921 F.2d 969, 974 (9th Cir. 1990).

Even if this Court were to find that plaintiff met its burden to establish a prima facie case of infringement of its First Amendment rights, and were to reach the Attorney General's alternative argument that the challenged disclosure requirements would survive exacting scrutiny, the cross examination of the Declarants would still be unfounded. Plaintiff has not explained why the Attorney General's documentary evidence is insufficient,[4] nor has it identified any disputed issues of material fact or questions regarding credibility that further testimony would resolve. *See* Local Rule 7-8; *cf. Coastal Delivery Corp. v. U.S. Customs*

---

[3] Plaintiff's preemption claim also fails because there is no evidence that Congress intended to preempt state reporting requirements, nor is there any conflict between the relevant federal and state laws. *See* Opposition, ECF No. 23 at 20-24. Given that preemption is a legal issue that does not require any factual development, further testimony by the Declarants is not necessary to the determination of plaintiff's likelihood of success on its Supremacy Clause claim. *See Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1450 n.2 (9th Cir. 1987) (preemption is a "purely legal [issue] which do[es] not depend on the factual record developed below.").

[4] Plaintiff mistakenly contends that to the extent that the Attorney General relies on the declarations of Ms. Foley and Mr. Bauman in support of her argument that the disclosure requirement is "reasonably related" to the achievement of a compelling interest, "that aspect of her submission should receive full and fair adversarial testing or else be afforded no weight." Request at 3 n. 1. However, "full and fair adversarial testing" is not required in order for evidence to be considered in evaluating motions for preliminary injunction. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); William W. Schwarzer, et al., *Cal. Prac. Guide: Federal Civ. Pro. Before Trial*, Ch. 13-D at ¶¶ 13:102-05. Plaintiff will have the opportunity to take discovery to support its case in chief.

*Service*, 272 F. Supp. 2d 958, 961 (C.D. Cal. 2003). While plaintiff seizes upon the idea that there was some confusion about whether all electronically-filed Schedules B are provided by the IRS to the Federal/State Retrieval System, this fact is neither in dispute, *see* Request at 4; Gordon Decl. ¶ 6, nor is it material. Plaintiff's attempt to transform what was, at most, an unclear statement in Ms. Foley's Declaration (which the Attorney General voluntarily clarified and about which it offered to stipulate, *see* Gordon Decl. ¶ 6), into a general lack of credibility is misguided. The Declarants are government officials and employees whose testimony is sworn under penalty of perjury, and their credibility is not legitimately at issue. Accordingly, and because the parties have had "a full opportunity to submit written testimony," and have had and will have the opportunity to "argue the matter," *Stanley*, 13 F.3d at 1326, cross examination of the Declarants is not warranted and there is no reason to depart from the usual practice of deciding preliminary injunction motions on the papers in this case.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiff's request to cross examine the Attorney General's declarants at the preliminary injunction hearing.

Dated: February 3, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
EMMANUELLE S. SOICHET
Deputy Attorneys General
*Attorneys for Defendant*
*Attorney General Kamala D. Harris*