**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>            Plaintiff,<br><br>     vs.<br><br>**KAMALA HARRIS**, in her Official Capacity as Attorney General of California,<br><br>            Defendant. | Case No. 2:14-cv-09448-R-FFM<br><br>**ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION** |

Plaintiff Americans for Prosperity Foundation ("Foundation") has applied for a preliminary injunction order to prevent Defendant Kamala Harris, in her Official Capacity as Attorney General of California, from demanding, or from taking any action to implement or enforce her demand for, the names and addresses of the Foundation's donors, particularly as contained in Schedule B to IRS Form 990.

The current request is almost identical to one made in another case in this Circuit, *Center for Competitive Politics v. Harris*, No. 14-15978 (9th Cir.) (hereinafter referred to as the "*CCP*" case). The district court in that case denied preliminary injunctive relief on the basis that a prima facie showing of a First Amendment violation had not been attempted. *CCP*, 2014 WL 2002244, at *6 (E.D. Cal. May 14, 2014). However, on January 6, 2015, the Ninth Circuit effectively reversed the district court's denial by issuing an injunction pending appeal in *CCP*. That injunction prohibits the Attorney General from taking "any action against the Center for Competitive Politics for failure to file an un-redacted IRS Form 990 Schedule B pending further order of this court." *CCP*, No. 14-5978, Dkt. 34 (9th Cir. Jan. 6, 2015). The Ninth Circuit issued such injunction following the Attorney General's letter to that plaintiff threatening to fine the Center's employees and suspend its registration if it did not hand over its Schedule B. An almost identical letter was sent to Plaintiff in this case.

"A preliminary injunction should be issued upon a clear showing of either (1) probable success on the merits and possible irreparable injury or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *City of Angoon v. Marsh*, 749 F.2d 1413, 1415 (9th Cir. 1984). "These are

not really entirely separate tests, but are merely extremes of a single continuum. *Id.* (relying on *Lopez v. Heckler*, 725 F.2d 1489, 1498 (9th Cir. 1984)). Because the four factor test for evaluating a preliminary injunction pending appeal appears to be identical to that for a preliminary injunction and no prima facie showing is necessary, the Ninth Circuit's issuance of injunctive relief in the *CCP* case is instructive. *See Humane Soc'y of U.S. v. Gutierrez*, 523 F. 3d 990, 991 (9th Cir. 2008) ("In deciding whether to issue a stay pending appeal, the court considers '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'").

Once any necessary prima facie showing is made, the burden shifts and a defendant must demonstrate the existence of both a "compelling" state interest exists and "a substantial relationship between the information sought and [that] overriding and compelling state interest." *Brown v. Socialist Workers '74 Campaign Comm. (Ohio)*, 459 U.S. 87, 92 (1982). Plaintiff has raised serious questions going to the merits and demonstrated that the balance of hardships sharply favor Plaintiff.

Plaintiff has sufficiently questioned the nature of Defendant's interest, noting it pertains to national donor information and that Defendant lacks express statutory authority to access such information. Moreover, even if such interest was compelling, Plaintiff has offered numerous, less intrusive alternatives which could satisfy Defendant's oversight and law enforcement goals. "The fact that . . . alternatives 'could advance the Government's asserted interest in a manner less intrusive to . . . First Amendment rights' indicate[s] that [a] law [i]s 'more extensive

than necessary.'" *Thompson v. Western States Med. Ctr.*, 533 U.S. 357, 357 (2002) (relying on *Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980)).

Finally, the balance of the hardships sharply favors Plaintiff because Defendant has not suffered harm from not possessing Plaintiff's Schedule B for the last decade. The hardship Plaintiff would face from disclosure, however, is far greater and likely irreparable. When, as here, an ordinance infringes on First Amendment rights of those "seeking to express their views" the "balance of equities and the public interest . . . tip sharply in favor of enjoining the ordinance." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009).

Accordingly, having considered the application and supporting papers, and following a hearing on February 17, 2015:

**IT IS HEREBY ORDERED** that the Attorney General is preliminarily enjoined from demanding, and/or from taking any action to implement or to enforce her demand for, a copy of the Foundation's Schedule B to IRS Form 990 or any other document that would disclose the names and addresses of the Foundation's donors, until this Court issues a final judgment.

**IT IS SO ORDERED.**

DATED: February 23, 2015

By_____
Hon. Manuel L. Real
United States District Judge

– 3 –
[PROPOSED] ORDER GRANTING MOTION FOR A PRELIMINARY INJUNCTION