1  QUINN EMANUEL URQUHART & SULLIVAN LLP
   Harold Barza (California Bar No. 80888)
2    halbarza@quinnemanuel.com
   Carolyn Thomas (California Bar No. 286441)
3    carolynthomas@quinnemanuel.com
   865 S Figueroa St, 10th Floor
4  Los Angeles, CA  90017
   Telephone: (213) 443-3100
5
   [Additional counsel listed on next page]
6  *Attorneys for Plaintiff*
   *Americans for Prosperity Foundation*
7
   KAMALA D. HARRIS
8  Attorney General of California
   TAMAR PACHTER
9  Supervising Deputy Attorney General
   ALEXANDRA ROBERT GORDON
10 State Bar No. 207650
   EMMANUELLE S. SOICHET
11 State Bar No. 290754
   Deputy Attorneys General
12   455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
13   Telephone:  (415) 703-5509
     Fax:  (415) 703-5480
14   E-mail:  Alexandra.RobertGordon@doj.ca.gov
   *Attorneys for Defendant*
15 *Attorney General Kamala D. Harris*

16                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
17                           **WESTERN DIVISION**

18 | **AMERICANS FOR PROSPERITY** | Case No. 2:14-cv-09448-R-FFM |
   | **FOUNDATION**, | |
19 | | **STIPULATED PROTECTIVE ORDER** |
   |              Plaintiff, | |
20 | | |
   |     vs. | |
21 | | |
   | **KAMALA HARRIS**, | |
22 | in her Official Capacity as Attorney | |
   | General of California, | |
23 | | |
   |              Defendant. | |
24

06275.00001/6766429.1

1  Additional Counsel:

2  William Burck (DC Bar No. 4015426) (*pro hac vice*)
     williamburck@quinnemanuel.com
3  Derek Shaffer (California Bar No. 212746)
     derekshaffer@quinnemanuel.com
4  Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
     jonathancooper@quinnemanuel.com
5  777 Sixth Street NW, 11th Floor
   Washington, DC  20001
6  Telephone:   (202) 538-8000

7  *Attorneys for Plaintiff*
   *Americans for Prosperity Foundation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, private, or proprietary information that warrants special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge, as set forth in Section V, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 governs when a party may file material under seal.

## II. GOOD CAUSE STATEMENT

This action is likely to involve confidential or proprietary information about the Foundation and its practices, private donor information and other information implicating privacy rights of third parties, information otherwise generally unavailable to the public, as well as information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Such information warrants special protection from public disclosure and from use for any purpose other than prosecution of this action.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the parties are entitled to keep confidential, to ensure that the parties are

permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the materials' handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### III. DEFINITIONS

1. "**ACTION**" refers to this pending federal law suit, *Americans for Prosperity Foundation v. Harris*, No. 2:14-cv-09448-R-FFM (C.D. Cal.).

2. "**CHALLENGING PARTY**" refers to a Party or Non-Party that challenges the designation of information or items under this Order.

3. "**CONFIDENTIAL**" refers to information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified in Section II in the Good Cause Statement.

4. "**COUNSEL**" refers to Outside Counsel of Record and House Counsel.

5. "**DESIGNATING PARTY**" refers to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential.

6. "**DISCOVERY MATERIAL**" refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. "**EXPERT**" refers to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8. "**HOUSE COUNSEL**" refers to attorneys who are employees of a party to this Action and their support staff.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. "**NON-PARTY**" refers to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. "**OUTSIDE COUNSEL OF RECORD**" refers to attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

11. "**PARTY**" refers to any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record.

12. "**PRODUCING PARTY**" refers to a Party or Non-Party that produces Discovery Material in this Action.

13. "**PROFESSIONAL VENDOR**" refers to persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, transcribing, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. "**PROTECTED MATERIAL**" refers to any Discovery Material designated as Confidential.

15. "**RECEIVING PARTY**" refers to a Party that receives Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs.  Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

For a case that proceeds to summary judgment or trial, any Protected Material that a Party chooses to present in support of its case at summary judgment or trial will presumptively be available to all members of the public.  Should a Party seek to prevent Protected Material from being publically accessible, that Party may, in advance of summary judgment or trial, request that the trial judge seal the documents, in a motion that asserts compelling reasons supported by specific factual findings for sealing and that complies with Civil Local Rule 79-5.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

## VI. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or to have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### B. Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material can become Protected Material only if it is clearly designated as protected before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or of pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection is deemed to have the CONFIDENTIAL legend.

(b)     for testimony given in depositions, that the Designating Party identify on the record all protected testimony before the close of the deposition.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend.  If only a portion of the information warrants protection, the Producing Party, to the extent practicable, must identify the protected portion.

### C.    Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.    Timing of Challenges

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### B. Meet and Confer

The Challenging Party must initiate the dispute resolution process under Civil Local Rule 37-1 *et seq*.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### C. Judicial Intervention

If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.  The motion must be brought in accordance with Civil Local Rule 37-2.

The burden of persuasion in any such challenge proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.   ACCESS TO AND USE OF PROTECTED MATERIAL

### A.   Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action is terminated, a Receiving Party must comply with the provisions of section XIV below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.   Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information if they do not sign that form, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order must not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to Protected Material of a Non-Party. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party must:

 (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

 (b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

 (c) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party may not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

**XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure the parties may separately agree upon to resolve the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

## XIII. MISCELLANEOUS

### A. Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B. Right to Assert Other Objections

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### XIV.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section V, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  In this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

## XV. VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 12, 2015                        Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By _/s/ Harold Barza_____
Harold Barza

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*


By /s/ Alexandra Robert Gordon
ALEXANDRA ROBERT GORDON
Deputy Attorney General

*Attorneys for Defendant*
*Attorney General Kamala D. Harris*


**FOR GOOD CAUSE SHOWN. IT IS SO ORDERED.**

DATED: May 14, 2015

_____
HONORABLE Manuel L. Real
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the U.S. District Court for the Central District of California on _____ [date] in *Americans for Prosperity Foundation v. Harris*, No. 2:14-cv-09448-R-FFM (C.D. Cal.).  I agree to be bound by all the terms of this Stipulated Protective Order, and I acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner to any person or entity any information or item that is subject to this Stipulated Protective Order, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State: _____

Printed name: _____

Signature: _____