KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5781
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendant Attorney General Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California,**<br><br>Defendant. | 2:14-CV-09448<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SUPPLEMENT TO JOINT STIPULATION**<br><br>Date: October 5, 2015<br>Time: [under submission]<br>Judge: The Honorable Manuel L. Real<br>Trial Date: February 23, 2016<br>Action Filed: 12/9/2014 |

**ARGUMENT**

Per the Court's instructions, Defendant responds to Plaintiff's "Second Supplement to Joint Stipulation Re: Plaintiff's Motion to Compel Requested Discovery from Defendant," filed October 1, 2015.  (CD 72.)  For the reasons explained below, Plaintiff's motion to compel is moot, and any issues Plaintiff wishes to raise regarding Defendant's document production must await further meet-and-confer under this Court's Local Rules.

/ / /

1

Plaintiff's Motion to Compel Requested Discovery from Defendant is moot. In its motion, Plaintiff requested a court order directing Defendant to produce documents by September 30, 2015. (CD 60 at 3.) By Plaintiff's own admission in its Supplemental Brief, Defendant *has* produced responsive documents. (CD 72 at 2.) And, consistent with the parties' stipulation, Defendant will produce a privilege log.[1] At heart, Plaintiff's quibble is that Defendant did not produce documents fast enough—an ironic stance, given that Plaintiff did not produce any documents *at all* until October 2, 2015.

Plaintiff's Joint Stipulation and Motion to Compel specifically stated that "the present dispute does not concern objections as to specific document requests." (CD 60 at 5 fn.5.) But the issues raised in Plaintiff's Second Supplement *do* relate to Defendant's objections to specific document requests. (CD 72 at 2-3.) Thus, these issues are outside the scope of Plaintiff's motion, and they have not been the subject of the meet-and-confer process Local Rules 37-1 and Federal Rule of Civil Procedure 37 require. *See Hua v. Boeing Corp.*, No. C08-0010RSL, 2009 WL 279018 (W.D. Wash. Feb. 5, 2009) (denying motion to compel, noting that the particular discovery deficiencies complained of "should have been, but apparently were not, discussed with [the nonmovant] before filing").

Moreover, Plaintiff mischaracterizes Defendant's production. In its Supplemental Brief, Plaintiff raises issues, including purported "deficiencies" and allegedly missing documents in Defendant's September 30, 2015 document production, However, Plaintiff, perhaps because it has not engaged in any meaningful discussion with Defendant on these issues, has no factual basis for these claims. (CD 72 at 2-3.) For example, Plaintiff erroneously states that Defendant produced no documents regarding who has access to confidential Schedules B, despite the fact that Defendant produced a list of the staff that has access to these

---

[1] The joint ESI stipulation provides that the parties will produce a privilege log within 30 days after document production. (CD 48 at 13.)

documents. Plaintiff also complains that Defendant did not produce documents regarding how Schedules B are kept confidential, even though Defendant produced documents describing these procedures.

Because Plaintiff has not conferred about these issues, they are not fully or adequately briefed in the Joint Stipulation. (See L.R. 37-2.1 ["The stipulation shall contain all issues in dispute and, with respect to each issue, the contentions and points and authorities of each party."]) Accordingly, any dispute regarding Defendant's September 30, 2015 document production is premature, and does not save Plaintiff's Motion to Compel, which should be denied as moot.

Dated: October 6, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendant Attorney General Kamala D. Harris*

SA2014119809
Defendant's Response to Plaintiff's Status Report Final.doc