NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California, <br><br> Defendant. | CASE NO.  CV 14-9448-R <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES TO FIRST SET OF DISCOVERY REQUESTS |

    Before the Court is Defendant's Motion to Compel Responses to First Set of Discovery Requests, which was filed on September 14, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 29, 2015.

    Defendant moves this Court to compel further responses to its initial set of discovery requests. The specific discovery issues in dispute, discussed in the Joint Stipulation (Dkt. No. 57) include: (1) the Date Range for Discovery; (2) the Geographic Scope of Discovery; (3) the Effect of the Preliminary Injunction; (4) the First Amendment's Effect on Discovery Requests; (5) Plaintiff's Relevance Objections; (6) Plaintiff's Privacy Objections; and (7) Plaintiff's Failure to Produce any Documents. Despite 81 pages of argument provided in the Joint Stipulation, it

appears that this Court's preliminary injunction, issued on February 23, 2015 (Dkt. No. 33), does protect the Plaintiff from providing a significant amount of the discovery requested by Defendant. Still, much of the Plaintiff's discovery production has been inadequate and slow coming, such that it is appropriate for this Court to compel Plaintiff to increase the scale and speed of its production.

First, Defendant seeks an order compelling Plaintiff to expand the temporal scope of its production. This dispute appears to now be moot. Contrary to Defendant's position, Plaintiff has explained that it used January 1, 2010 as the cut-off date for the collection and production of documents in response to Requests for Production Nos. 1, 2, 3, 11, 12, 14, 15, 17, and 18. It will likewise use the same January 1, 2010 cut-off date to the extent the Court overrules any of the Foundation's objections as to the Attorney General's remaining requests. This Court accepts the parties' stipulation to limit the scope of the discovery beginning January 1, 2010 at this time.

Second, Defendant alleges that Plaintiff has imposed an unreasonable geographic limit on the scope of its responses by attempting to exclude from the definition of "FOUNDATION" "state or local affiliates, offices, chapters, branches, or programs not located in the State of California," and by refusing to comply with Defendant's requests for information and documents relating to Plaintiff's activities in other states or investigations by government officials outside of California. Plaintiff concedes that threats and chills from outside of California should be included in its discovery production. Still, the parties disagree over the appropriate geographic scope as it relates to Interrogatory No. 10 and Request for Production No. 13, particularly as those requests extend to all "state or local affiliates, offices, chapters, branches, or programs [of the Foundation that are] not located in the State of California."

As the Complaint involves allegations of threats and chills occurring outside of the State of California, relevant discovery cannot be assumed to be reasonably limited to California specific material. Defendant, however, does not need access to files that have no reasonable connection to whether it should be able to have access to Plaintiff's Schedule Bs. The mild limitations requested by Plaintiff appear reasonable, and without any additional information provided by Defendant, it appears that Plaintiff's production is adequate at this time. No further production in this area needs to currently be ordered by the Court.

| | |
|---|---|
| 1 | Third, Defendant objected to Plaintiff's interpretation of this Court's preliminary |
| 2 | injunction issued on February 23, 2015.  Based on the parties' Joint Stipulation, this objection |
| 3 | implicated Interrogatories Nos. 1, 3, and 5, along with Requests for Production Nos. 5, 6, and 8. |
| 4 | The Defendant appears to be attempting to use discovery to get around this Court's protective |
| 5 | order.  While redacted Schedule Bs can sometimes be made available for public inspection under |
| 6 | Title 26 U.S.C. § 6104, this Court has already determined that such disclosure could risk |
| 7 | irreparable harm to Plaintiff, such that its Schedule Bs should not be disclosed to Defendant at this |
| 8 | time.  *See generally* 26 U.S.C. § 6104(d)(1)(A)(i); Order on Motion for Preliminary Injunction, |
| 9 | Feb. 23, 2015 (Dkt. No. 33).  Plaintiff's disclosure of the requested information in the aggregate |
| 10 | for years 2013 and 2014 should provide sufficient material for the Defendant to maintain a |
| 11 | defense.  Since the relevant time period for discovery production includes the years 2010, 2011, |
| 12 | and 2012 however, as explained above, Plaintiff must also produce aggregated donation metrics |
| 13 | from these years as well.  *See* Joint Stipulation at 6. |
| 14 | Fourth, Defendant objected to Plaintiff's interpretation of the First Amendment's effect on |
| 15 | its discovery requests.  Based on the parties' Joint Stipulation, this objection implicated |
| 16 | Interrogatories Nos. 1, 3, 4, 8, 9, 11, and 12, along with Requests for Production Nos. 5, 7, 11, 12, |
| 17 | 14, 15, 19, and 20.  For all intents and purposes, this issue has already been resolved by this |
| 18 | Court's previous orders.  Defendant cannot order the production of Plaintiff's Schedule Bs, or any |
| 19 | information that would disclose the identities of Plaintiff's donors at this time.  While a party |
| 20 | asserting a First Amendment privilege in response to a discovery request must make a prima facie |
| 21 | showing that enforcement of the requests "will result in (1) harassment, membership withdrawal, |
| 22 | or discouragement of new members, or (2) other consequences which objectively suggest an |
| 23 | impact on, or 'chilling' of, the members' associational rights," this Court has already determined |
| 24 | that Plaintiff met this burden.  *See Perry*, 591 F.3d at 1160 (citations omitted) (internal quotation |
| 25 | marks omitted); Order on Motion for Preliminary Injunction, Feb. 23, 2015 (Dkt. No. 33). |
| 26 | As to the production requested by Defendant that does not require the disclosure of |
| 27 | Schedule Bs or other identifying information of Plaintiff's donors, Plaintiff has agreed to provide |
| 28 | this discovery.  To the extent that Plaintiff has failed to provide this information and |

1  documentation, this Court instructs Plaintiff to do so by October 30, 2015.

2        Fifth, Plaintiff made a number of objections to production based on the requests'
3  relevance.  These objections include:  (a) the relationship between the Foundation and AFP; (b)
4  the organizational structure of the Foundation and its state and local affiliates; (c) the Foundation's
5  activities in California; and (d) information regarding donations to the Foundation or AFP.
6  Defendant contests these objections.

7        As to the relationship between the Foundation and AFP, Defendant's production request
8  does appear to be rather extensive.  As Plaintiff points out, Defendant's request that the
9  Foundation produce every document "relating to the relationship between AFP and the
10 FOUNDATION" would conceivably cover every email, sent between every member of AFP's and
11 the Foundation's staffs, in every office nationwide.  Such a vast amount of information would go
12 beyond the scope of what could conceivably be viewed as relevant to this case.  This Court
13 ORDERS that Defendant narrow the scope of Interrogatory No. 6 and Request for Production No.
14 9, so as to limit the required production only to relevant information—or to withdraw them.

15       As to the organizational structure of the Foundation and its state and local affiliates,
16 Interrogatories Nos. 2 and 15, and Requests for Production Nos. 4 and 18 are implicated.
17 Defendant's request for information concerning the organizational structure of the Foundation,
18 particularly as it relates to the soliciting of donations appears to be relevant to this case.  *See, e.g.*,
19 *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *15 n. 9 (S.D. Cal. July 3, 2014);
20 *Cunningham v. Standard Fire Ins. Co.*, 2008 WL 2902621, at *2 (D. Colo. July 24, 2008).  With
21 the Court providing significant protections to Plaintiff in the form of its preliminary injunction,
22 Defendant must be given an opportunity to ascertain what people might have access to relevant
23 information, such that Defendant can begin depositions, and mount a defense to Plaintiff's
24 allegations.  Plaintiff's incredibly limited production of information so far does not provide
25 Defendant with the breadth of information of which the Defendant is entitled.  Plaintiff must now
26 produce the remaining responsive discovery information.  Consistent with the rest of this Order,
27 Plaintiff need not provide information from prior to January 1, 2010, information concerning its
28 employees' compensation, or any identifying information of donors.  In addition, the geographical

4

scope of the production should not be limited strictly to California, but rather should be consistent with only the mild limitations agreed upon by Plaintiff, and discussed above.

As to the Foundation's activities in California, Interrogatory No. 7 and Request for Production No. 10 are implicated.  While Defendant's discovery requests appear to be quite expansive, Plaintiff's provided responses have so far been dramatically inadequate.  To the extent that Plaintiff has yet to provide a complete set of discovery responses to Defendant's Interrogatory No. 7 and Request for Production No. 10, the Court ORDERS it to do so by October 30, 2015, with the limitation that only responsive material concerning the Foundation's work, training, events, and similar activities need be produced.

As to the information regarding donations to the Foundation or AFP, Interrogatories Nos. 3, 4, and 5, along with Requests for Production Nos. 7, 8, 19, and 20 are implicated.  Much of what the Defendant requests has already been precluded by this Courts preliminary injunction.  As stated numerous times by this Court, the Defendant cannot compel the production of the Foundation's Schedule B, or any other information or documents which provide identifying information of the Foundation's donors at this time.  Any motion to compel such information requested by Defendant in her various production requests is therefore DENIED.  Information provided in the Foundation's Form 990 should be sufficient at this time.  Since the temporal scope of discovery begins January 1, 2010, Plaintiff should also produce its Form 990, not only for 2013 as it has done, but also for 2010, 2011, 2012, and 2014 if it has not already done so.  Having multiple years of Form 990 will allow the Defendant to compare the Foundation's data over time.

Plaintiff has also agreed to produce communications and fundraising solicitations sent to supporters and potential donors with appropriate redactions.  Where it has not already done so, the Plaintiff must produce this material, along with the rest of its discovery productions, by October 30, 2015.

Sixth, Plaintiff objects to the requests for employee names and information (Interrogatory No. 2 and Request for Production No. 4), based on the right to privacy.  Defendant contests the merits of these objections.  As with material concerning the Foundation's donors, volunteer lists are typically protected by the First Amendment.  *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3

1  (D.D.C. 2002) ("[T]he following information is protected by the First Amendment: membership
2  and volunteer lists . . . Consequently, discovery requests from Defendants that seek such
3  information will not be allowed"). Even where a compelling state purpose exists such as to
4  "weigh[] in favor of disclosure of private information . . . such an invasion of the right of privacy
5  must be drawn with narrow specificity." *Bd. of Trs of Leland Stanford Junior Univ. v. Superior*
6  *Court*, 119 Cal. App. 3d 516, 525 (1981) (citations omitted) (internal quotation marks omitted).
7  While the contact information of Foundation employees does appear to be relevant to Defendant's
8  investigation of the case, additional disclosures—such as employees' compensation or the
9  Foundation's volunteer lists—do not appear so significant to the Defendant as to warrant an
10 invasion of the affected people's privacy interests. As such, the scope of discovery production
11 Plaintiff has agreed to in the Joint Stipulation on these issues appears adequate. Where the
12 Plaintiff has failed to actually produce this material to the Defendant, Plaintiff must do so by
13 October 30, 2015.

14     Lastly, Defendant points out that as of the filing of the Joint Stipulation, Plaintiff had failed
15 to produce any documents—even those that it had agreed to produce. Plaintiff explained that it
16 had collected over 14,000 documents and that it was merely finishing up the process of applying
17 appropriate redactions and completing its quality control review. While Plaintiff provided some
18 discovery on October 2, 2015, Plaintiff has still not finished discovery production as explained
19 above. As Plaintiff had agreed to produce documents in its responses dated June 29, 2015, and it
20 still has not actually completed this production, this Court ORDERS that Plaintiff complete its
21 discovery production, in compliance with the limitations set out in the rest of this memorandum,
22 as soon as possible. In an effort to be consistent with this Court's order for Defendant's discovery
23 production (Order in Response to Plaintiff's Motion (Dkt. 59)), Plaintiff must finish its discovery
24 production, along with a complete privilege log by October 30, 2015.

25     **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Responses to First Set
26 of Discovery Requests is DENIED in part, and GRANTED in part. (Dkt. No. 56). Defendant is
27 ORDERED to narrow the scope of Interrogatory No. 6 and Request for Production No. 9, so as to
28 limit the required production only to relevant information, and to serve these revised requests, or a

1  notice of their withdrawal, by October 14, 2015.  Plaintiff is ORDERED to complete discovery
2  production of all outstanding Interrogatories and Requests for Production, consistent with this
3  order, and to provide the completed discovery and comprehensive privilege log by October 30,
4  2015.
5  Dated: October 13, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE