NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California, <br><br> Defendant. | CASE NO. CV 14-9448-R <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL REQUESTED DISCOVERY FROM DEFENDANT |

    Before the Court is Plaintiff's Motion to Compel Requested Discovery from Defendant, which was filed on September 14, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 29, 2015.

    Plaintiff alleges that Defendant failed to provide a comprehensive discovery production, despite parties' agreement. Defendant responds by explaining that she has been working diligently to produce all non-privileged discovery materials by September 30, 2015. Defendant did in fact produce additional discovery on September 30, 2015. According to the Plaintiff, this most recent discovery production set included 643 pages of materials. Plaintiff also noted however, that all production sets by Defendant failed to include *any emails* from before July 29,

2013, despite Defendant's commitment to produce any such emails originating from January 1, 2010 onward. Plaintiff alleges that Defendant has also failed to produce sufficient documents relating to (1) its policies or enforcement of its Schedule B submission policy; (2) who can access confidential Schedule Bs; (3) the measures taken to protect the confidentiality of Schedule Bs, such as the technical or physical protections for Schedule Bs; (4) evidence supporting the Attorney General's assertion that there is a compelling state interest behind the Schedule B submission requirement; or (5) the unauthorized disclosures of Schedule B information in the past.

Defendant claims that she has completed her discovery production, and that Plaintiff's Second Supplement to Joint Stipulation (Dkt. No. 72) amounts to nothing more than exaggerations and mischaracterizations. *See* Defendant's Response to Plaintiff's Second Supplement to Joint Stipulation (Dkt. No. 75). While it is conceivably possible that no further non-privileged, responsive documents exist, it appears highly unlikely. For example, the idea that not a *single*, non-privileged, responsive email exists for the entire three-and-a-half year period spanning January 1, 2010 to July 29, 2013, challenges the Court's common sense. Regardless, without a complete privilege log produced by Defendant, ascertaining whether Defendant has in fact been fully responsive, is exceedingly difficult for the Court. As Defendant had claimed to have been able to produce her last production by September 30, 2015, and both parties have stipulated to providing privilege logs no later than thirty (30) days after the completion of document production (*See* Joint Stipulation at 12 (referencing Li Decl., Ex. 15, Stipulated Order Regarding the Production of Electronically Stored and Other Materials, ECF No. 48 at 13)), the Court will provide the Defendant until October 30, 2015 to produce the complete privilege log, along with any remaining responsive discovery requested by Plaintiff.

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Requested Discovery from Defendant is GRANTED. (Dkt. No. 59). Defendant must complete all discovery production, including the production of a complete privilege log, by October 30, 2015.

Dated: October 9, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE