FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, in her Official Capacity as Attorney General of California, <br><br> Defendant - Appellant. | No. 15-55446 <br><br> D.C. No. 2:14-cv-09448-R-FFM <br><br> OPINION |
| THOMAS MORE LAW CENTER, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KAMALA D. HARRIS, Attorney General, in her Official Capacity, <br><br> Defendant - Appellant. | No. 15-55911 <br><br> D.C. No. 2:15-cv-03048-R-FFM |

Appeals from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 9, 2015
Pasadena, California

Before:   Stephen Reinhardt, Raymond C. Fisher and Jacqueline H. Nguyen, Circuit Judges.

PER CURIAM:

Nonprofit organizations Americans for Prosperity Foundation and Thomas More Law Center challenge the Attorney General of California's collection of Internal Revenue Service (IRS) Form 990 Schedule B, which contains identifying information for their major donors.  They argue the nonpublic disclosure requirement is unconstitutional as applied to them because it impermissibly burdens First Amendment rights to free speech and association by deterring individuals from financially supporting them.  The district court entered preliminary injunctions preventing the Attorney General from demanding the plaintiffs' Schedule B forms pending a trial on the merits.  We have jurisdiction under 28 U.S.C. § 1292, and we vacate the injunctions with instructions to enter new orders preliminarily enjoining the Attorney General from publicly disclosing, but not from collecting, the plaintiffs' Schedule B forms.

## I.

California's Supervision of Trustees and Fundraisers for Charitable Purposes Act (Charitable Purposes Act) requires the Attorney General to maintain a Registry of Charitable Trusts and authorizes her to obtain "whatever information, copies of

2

instruments, reports, and records are needed for the establishment and maintenance of the [Registry]." Cal. Gov't Code § 12584.  An organization must maintain membership in the Registry to solicit tax-deductible donations from California residents, *see id.* § 12585, and as one condition of membership, the Attorney General requires each organization to annually submit the complete IRS Form 990 Schedule B, *see* Cal. Code Regs. tit. 11, § 301.  Schedule B, which a charitable organization files with the IRS, lists the names and addresses of persons who have given $5,000 or more to the organization during the preceding year.

The Attorney General's Schedule B disclosure requirement seeks only *nonpublic* disclosure of these forms, and she seeks them solely to assist her in enforcing charitable organization laws and ensuring that charities in the Registry are not engaging in unfair business practices.  *See Ctr. for Competitive Politics v. Harris*, 784 F.3d 1307, 1311 (9th Cir. 2015).  The Attorney General does not assert any state interest in *public* disclosure of Schedule B forms.  To the contrary, her longstanding policy of treating Schedule B forms as confidential, as well as her proposed regulation formalizing that policy, confirm that the state has no interest in public disclosure.[1]  This regime is readily distinguishable from state requirements

---

[1] We take judicial notice of the Attorney General's proposed regulation. *See* California Regulatory Notice Register, 50-Z Cal. Regulatory Notice Register
(continued...)

mandating public disclosure – such as those often found in the regulation of elections – that are intended to inform the public and promote transparency. *See, e.g.*, *John Doe No. 1 v. Reed*, 561 U.S. 186, 197 (2010); *Buckley v. Valeo*, 424 U.S. 1, 66-67 (1976); *Family PAC v. McKenna*, 685 F.3d 800, 806 (9th Cir. 2012).

We are bound by our holding in *Center for Competitive Politics*, 784 F.3d at 1317, that the Attorney General's nonpublic Schedule B disclosure regime is facially constitutional. Compelled disclosure requirements are evaluated under exacting scrutiny, which requires the strength of the governmental interest to reflect the seriousness of the actual burden on a plaintiff's First Amendment rights. *See id.* at 1312. In that case, brought as a facial challenge, we held the Attorney General's authority to demand and collect charitable organizations' Schedule B forms falls within "her general subpoena power" and furthers California's compelling interest in enforcing its laws. *Id.* at 1317. Applying exacting scrutiny, we rejected the facial challenge to the disclosure requirement because the plaintiff failed to show it placed an actual burden on First Amendment rights. *See id.* at 1314-15, 1317. We left open the possibility, however, that a future litigant might

---

[1](...continued)
2280-84 (Dec. 11, 2015), http://www.oal.ca.gov/res/docs/pdf/notice/50z-2015.pdf; *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

"show a reasonable probability that the compelled disclosure of its contributors' names will subject them to threats, harassment, or reprisals from either Government officials or private parties that would warrant relief on an as-applied challenge." *Id.* at 1317 (alteration and internal quotation marks omitted).

The plaintiffs here, two charitable organizations engaged in advocacy some may consider controversial, argue they have made such a showing. They contend disclosure to the state will infringe First Amendment rights by deterring donors from associating with and financially supporting them, and therefore that the Attorney General should be enjoined from collecting their Schedule B forms, even for nonpublic use in enforcing the law.

The district court preliminarily enjoined the Attorney General from demanding and enforcing her demand for IRS Form 990 Schedule B from the plaintiffs.[2] The Attorney General has appealed these orders.

## II.

We review the district court's grant of a preliminary injunction for abuse of discretion, reviewing findings of fact for clear error and conclusions of law de novo. *See id.* at 1311. Reversal for clear error is warranted when the district

---

[2] The district court's orders expressly enjoin only the collection of the plaintiffs' Schedule B forms, but, in doing so, necessarily prevent the Attorney General from disclosing those forms to the public.

court's factual determination is illogical, implausible or lacks support in inferences that may be drawn from facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). A court may grant a preliminary injunction when a party shows "serious questions" going to the merits of its claim, a balance of hardships that tips sharply in its favor, a likelihood of irreparable harm and that an injunction is in the public interest. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The plaintiffs argue the Attorney General must be enjoined from demanding and collecting their Schedule B forms on two theories. First, they argue *confidential disclosure* to her office itself chills protected conduct or would lead to persecution and harassment of their donors by the state or the public. Second, they argue that, notwithstanding her voluntary policy against disclosing Schedule B forms to the public, the Attorney General may change her policy or be compelled to release the forms under California law, and that the resulting *public disclosure* will lead to harassment of their donors by members of the public, chilling protected conduct. We address these theories in turn.

> **A.     The District Court Abused its Discretion by Enjoining the Attorney General from Collecting the Plaintiffs' Schedule B Forms for Law Enforcement Use.**

6

Neither plaintiff has shown anything more than "broad allegations or subjective fears" that *confidential* disclosure to the Attorney General will chill participation or result in harassment of its donors by the state or the public. *Dole v. Serv. Emps. Union, Local 280*, 950 F.2d 1456, 1460 (9th Cir. 1991) (quoting *McLaughlin v. Serv. Emps. Union, Local 280*, 880 F.2d 170, 175 (9th Cir. 1989)) (internal quotation mark omitted). The district court abused its discretion by enjoining the Attorney General from demanding the plaintiffs' Schedule B forms given the absence of evidence showing confidential disclosure would cause actual harm. *See Ctr. for Competitive Politics*, 784 F.3d at 1316 ("[N]o case has ever held or implied that a disclosure requirement in and of itself constitutes First Amendment injury."); *see also Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (explaining that an overbroad injunction is an abuse of discretion). To the extent the district court found actual chilling or a reasonable probability of harassment from confidential disclosure to the Attorney General, those findings are clearly erroneous.

First, the plaintiffs have not shown the demand for nonpublic disclosure of their Schedule B forms to the Attorney General has *actually chilled* protected conduct or would be likely to do so. *See Ctr. for Competitive Politics*, 784 F.3d at 1314 (finding no "actual burden" on First Amendment rights). Notably, neither

7

plaintiff has alleged that annual disclosure of Schedule B forms to the IRS had any chilling effect. Americans for Prosperity Foundation proffered a declaration from its vice president for development asserting its donors "worry that disclosure to the Attorney General will lead to their own persecution at the hands of state officials."[3] The declaration, however, does not show that any donor has declined, or would decline, to support the Foundation as a result of this worry. No evidence supports the district court's conclusion that donors have expressed "their unwillingness to continue to participate if such limited disclosure [to the Attorney General] is made."

Thomas More Law Center's evidence similarly fails to show its donors have been or would be chilled from contributing by the Attorney General's mere collection of Schedule B forms. The declaration from its president and chief counsel states only that donors "would be deterred" from donating if exposed to the type of harassment the Law Center incurs for its *public activities*, but says

---

[3] Although much of the plaintiffs' evidence includes hearsay, the district court did not abuse its discretion by considering it at the preliminary injunction stage. *See Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) ("Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings.").

nothing to suggest donors have been or would be deterred by confidential disclosure of their identifying information to the Attorney General.

Second, the plaintiffs have not shown a "reasonable probability" of harassment at the hands of the state if the Attorney General is permitted to collect their Schedule B forms for nonpublic use. *See Brown v. Socialist Workers '74 Campaign Comm. (Ohio)*, 459 U.S. 87, 99-101 (1982) (detailing "a past history of government harassment," including "massive" FBI surveillance and a concerted effort to interfere with an organization's political activities); *Ctr. for Competitive Politics*, 784 F.3d at 1316. Americans for Prosperity Foundation has offered no evidence that it has been subjected to government harassment or hostility. It relies on an October 24, 2013 press release from the California Fair Political Practices Commission that, in announcing a settlement with two nonprofit organizations accused of violating campaign finance laws, inaccurately characterized those organizations as part of Charles and David Koch's network of "dark money" nonprofit corporations. This error was later corrected, but Americans for Prosperity Foundation argues that because Charles and David Koch are closely associated with the Foundation, the release demonstrates the type of past government harassment sufficient to support its challenge. This single, isolated incident, directed not against the Foundation but against prominent public figures,

9

falls far short of "suggest[ing] that [government] hostility toward" Americans for Prosperity Foundation "is ingrained and likely to continue." *Brown*, 459 U.S. at 101.

Similarly, Thomas More Law Center has produced no evidence of state harassment or targeting beyond its bare and unsubstantiated allegation that enforcement of the Schedule B disclosure requirement is politically motivated. The district court concluded the Center raised serious questions on the merits by "pos[ing] questions . . . whether the groups [the Attorney General] is demanding donor information from are being particularly selected for such inquiries." But here, as in *Center for Competitive Politics*, there is "no indication in the record that the Attorney General's disclosure requirement was adopted or is enforced in order to harass members of the registry in general or [the plaintiffs] in particular." *Ctr. for Competitive Politics*, 784 F.3d at 1313.

Nor have the plaintiffs shown a "reasonable probability," *id.* at 1317, of harassment by members of the public due to disclosure to the Attorney General for nonpublic use. The plaintiffs' allegations that technical failures or cybersecurity breaches are likely to lead to inadvertent public disclosure of their Schedule B forms are too speculative to support issuance of an injunction.

The district court also erred in concluding an injunction was warranted because there were serious questions about the Attorney General's right to collect Schedule B information as to non-California donors. The district court's conclusion that the Attorney General's demand for national donor information may be more intrusive than necessary does not raise serious questions because "exacting scrutiny is not a least-restrictive-means test." *Chula Vista Citizens for Jobs & Fair Competition v. Norris*, 782 F.3d 520, 541 (9th Cir. 2015) (en banc). The government "need only ensure that its means are substantially related" to a sufficiently important interest. *Human Life of Wash., Inc. v. Brumsickle*, 624 F.3d 990, 1013 (9th Cir. 2010); *see also Ctr. for Competitive Politics*, 784 F.3d at 1312.

In sum, the plaintiffs have failed to demonstrate any actual burden on First Amendment rights flowing from the Attorney General's demand for and collection of their Schedule B forms for nonpublic use. As we have held, compelled nonpublic disclosure of Schedule B forms to the Attorney General is not itself First Amendment injury. *See Ctr. for Competitive Politics*, 784 F.3d at 1314. Without showing actual harm, the plaintiffs cannot enjoin the Attorney General from enforcing the disclosure requirement.[4] *See id.*

---

[4] Even had the plaintiffs shown some First Amendment harm from the disclosure requirement, they would not necessarily have raised serious questions
(continued...)

### B. The District Court Did Not Abuse its Discretion by Enjoining Public Disclosure of the Plaintiffs' Schedule B Forms.

The plaintiffs have raised serious questions, however, as to whether Schedule B forms collected by the state could be available for public inspection under California law, notwithstanding the Attorney General's good faith policy to the contrary. We are not convinced the evidence offered by either plaintiff sufficiently establishes that such public disclosure would result in First Amendment harm. Nevertheless, under our narrow and deferential review at this stage in the proceedings, and given the Attorney General's own position that Schedule B forms should not be publicly disclosed, we need not hold that the district court abused its discretion to the extent it preliminarily enjoined public disclosure pending trial.

This court's earlier dictum that "it appears doubtful" the Attorney General would be compelled to make Schedule B information publicly available focused on the California Public Records Act (CPRA). *See Ctr. for Competitive Politics*, 784 F.3d at 1316 n.9. CPRA allows the public to request certain records except those,

---

[4](...continued)
entitling them to an injunction. Under exacting scrutiny, they would have to demonstrate serious questions as to whether the state's "compelling interest" in enforcing the law reflected the "actual burden" on their First Amendment rights. *Ctr. for Competitive Politics*, 784 F.3d at 1312, 1314.

as relevant here, "the disclosure of which is exempted or prohibited pursuant to federal or state law." *See* Cal. Gov't Code § 6254(k). The Attorney General argues that because 26 U.S.C. § 6103 and 26 U.S.C. § 6104 prevent *the IRS* from disclosing Schedule B forms to the public, she too is prohibited from disclosing Schedule B forms "pursuant to federal . . . law." But § 6103 prevents disclosure of return information filed directly with the IRS; it does not prevent state officials from publicly disclosing return information collected by the state directly from taxpayers. *See Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987). The same is likely true of § 6104. *See Ctr. for Competitive Politics*, 784 F.3d at 1319. It is therefore unclear whether the Attorney General could avoid disclosing Schedule B forms under Government Code § 6254(k) based on § 6103 or § 6104.

Even if the Attorney General is not required to publicly disclose Schedule B forms under CPRA, *Center for Competitive Politics* did not address the independent public inspection requirement under the Charitable Purposes Act, which provides that filings in the Registry of Charitable Trusts "shall be open to public inspection" subject to "reasonable *rules* and *regulations* adopted by the Attorney General." Cal. Gov't Code § 12590 (emphasis added). Although the Attorney General has proposed a regulation limiting public inspection of Schedule

13

B forms, no such rule or regulation is currently in force.  The Charitable Purposes Act might require public inspection under these circumstances.

The plaintiffs therefore have raised serious questions as to whether the Attorney General's current policy actually prevents public disclosure.  Because the Attorney General agrees with the plaintiffs that Schedule B information should not be publicly disclosed, and because she is in the process of promulgating a regulation prohibiting such public disclosure, a preliminary injunction prohibiting public disclosure of donor information promotes, rather than undermines, the state's policy.  It serves the interests of the state by allowing it to resist efforts to compel public disclosure pending formal adoption of a regulation to accomplish the plaintiffs' and the state's shared objective of preventing disclosure to the public.  As a preliminary injunction of this nature would further the state's public policy as well as allay the concerns of the plaintiffs, there is no harm in allowing that aspect of the injunction that serves to prevent public disclosure to remain in effect on a temporary basis.

In the absence of harm to the state, the plaintiffs or the public from a modified injunction, we decline to use our appellate authority to hold that the district court abused its discretion with respect to that part of the injunction that helps enforce the state's public policy.

### III.

An injunction properly tailored to the plaintiffs' concerns would address the risk of public disclosure by enjoining the Attorney General and her agents from making Schedule B information public, pending a decision on the merits of the plaintiffs' as-applied challenges. The plaintiffs have not, however, shown they are entitled to an injunction preventing the Attorney General from demanding their Schedule B forms, enforcing that demand, and using the forms to enforce California law.

We therefore vacate the district court's orders granting preliminary injunctions and instruct the district court to enter new orders preliminarily enjoining the Attorney General only from making Schedule B information public. The injunctions may not preclude the Attorney General from obtaining and using Schedule B forms for enforcement purposes. The district court shall permit the parties to address whether the injunctions should include exceptions to the bar against public disclosure, such as those enumerated in the Attorney General's proposed regulation. Each party shall bear its own costs on appeal.

**ORDERS VACATED.**

## Counsel

      Kamala D. Harris, Attorney General of California, Douglas J. Woods, Senior Assistant Attorney General, Sacramento, California; Tamar Pachter, Supervising Deputy Attorney General, Emmanuelle S. Soichet, Deputy Attorney General, Alexandra Robert Gordon (argued), Deputy Attorney General, San Francisco, California; Kim L. Nguyen (argued), Deputy Attorney General, Los Angeles, California, for defendant-appellant.

      Harold A. Barza and Carolyn Homer Thomas, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, California; Derek L. Shaffer (argued), William A. Burck, Jonathan G. Cooper and Crystal R. Nwaneri, Quinn Emanuel Urquhart & Sullivan, LLP, Washington, D.C., for plaintiff-appellee Americans for Prosperity Foundation.

      Louis H. Castoria (argued) and Sheila M. Pham, Kaufman Dolowich & Voluck, LLP, San Francisco, California, for plaintiff-appellee Thomas More Law Center.