1  QUINN EMANUEL URQUHART & SULLIVAN LLP
   Harold Barza (California Bar No. 80888)
2    halbarza@quinnemanuel.com
   Carolyn Thomas (California Bar No. 286441)
3    carolynthomas@quinnemanuel.com
   865 S Figueroa St, 10th Floor
4  Los Angeles, CA  90017
   Telephone: (213) 443-3000
5
   QUINN EMANUEL URQUHART & SULLIVAN LLP
6  William Burck (DC Bar No. 4015426) (*pro hac vice*)
     williamburck@quinnemanuel.com
7  Derek Shaffer (California Bar No. 212746)
     derekshaffer@quinnemanuel.com
8  Keith H. Forst (NY Bar No. 4746806) (*pro hac vice*)
     keithforst@quinnemanuel.com
9  Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
     jonathancooper@quinnemanuel.com
10 777 Sixth Street NW, 11th Floor
   Washington, DC  20001
11 Telephone:  (202) 538-8000

12 *Attorneys for Plaintiff*
   *Americans for Prosperity Foundation*
13

14            **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
15                    **WESTERN DIVISION**

16 **AMERICANS FOR PROSPERITY**          Case No.  2:14-cv-09448-R-FFM
   **FOUNDATION,**
17                                        [DISCOVERY MATTER]
                  Plaintiff,              **DECLARATION OF KEITH H. FORST IN**
18                                        **SUPPORT OF THE FOUNDATION'S**
           vs.                            **MOTION TO COMPEL REGARDING THE**
19                                        **ATTORNEY GENERAL'S PRIVILEGE LOG**
   **KAMALA HARRIS,**
20 in her Official Capacity as Attorney   Hearing Date:   February 1, 2016
   General of California,                 Hearing Time:  10:00 AM
21                                        Courtroom:  8 – 2nd Floor
                  Defendant.             Judge:  Hon. Manuel L. Real
22
                                         Discovery Cutoff:  January 4, 2016
23                                        Pretrial Conference:  January 25, 2016
                                         Trial:  February 23, 2016
24                                        Action Filed:  December 9, 2014

### DECLARATION OF KEITH H. FORST

I, Keith H. Forst, declare as follows:

1.      I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP and member of the Bar of the State of New York.  I am admitted *pro hac vice* to represent Americans for Prosperity Foundation (the "Foundation") in the above-captioned action.

2.      I submit this declaration in support of the Foundation's Motion to Compel Regarding the Attorney General's Privilege Log.  If called and sworn as a witness, I could and would testify as to the contents of this declaration.

3.      I have attached a true and correct copy of excerpts from the Attorney General's revised "Documents Withheld" Privilege Log, dated December 7, 2015 as Exhibit 1.

4.      I have attached a true and correct copy of excerpts from the Attorney General's revised "Documents Produced with Redactions" Privilege Log, dated December 7, 2015 as Exhibit 2.

5.      I have attached a true and correct copy of my November 16, 2015 email to Ms. Soichet memorializing our November 12, 2015 meet and confer as Exhibit 3.

6.      I have attached a true and correct copy of a September 17, 2015 email chain between Ms. Thomas and Ms. Li regarding the Defendant's document production as Exhibit 4.

7.      I have attached a true and correct copy of ATTYGEN00003717 as Exhibit 5.

8.      I have attached a true and correct copy of the Foundation's First Set of Interrogatories as Exhibit 6.

9.      I have attached true and correct excerpts from the October 29, 2015 deposition of Steve Bauman as Exhibit 7.

10.      I have attached a true and correct copy of my November 13, 2015 email to Mr. Calia requesting responsive documents as Exhibit 8.

11.     I have attached a true and correct copy of the Foundation's First Set of Requests for Production as Exhibit 9.

12.     I have attached a true and correct copy of the Foundation's Second Set of Requests for Production as Exhibit 10.

13.     I have attached a true and correct copy of Mr. Calia's December 1, 2015 response to my November 13, 2015 request for documents as Exhibit 11.

14.     I have attached a true and correct copy of the Attorney General's First Amended Responses to the Foundation's Interrogatory No. 10 in the First Set of Interrogatories as Exhibit 12.

15.     I have attached a true and correct copy of the Court's October 9, 2015 Order Granting Plaintiff's Motion to Compel Requested Discovery From Defendant as Exhibit 13.

16.     I have attached a true and correct copy of the Court's May 22, 2015 Order setting pretrial an trial dates as Exhibit 14.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed on December 22, 2015 at Washington, District of Columbia.

By _____
        Keith H. Forst

# EXHIBIT 1

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 1 | | 12/03/07 | | Belinda Johns [Belinda.Johns@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email between attorney and client seeking information and providing legal advice on Registry's confidentiality policy. |
| 2 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 3 | 07/08/04 | | James Cordi | | | | Attorney Client Communication | Memorandum drafted by attorney providing legal advice to client on Registry's public v. non-public documents report. |
| 4 | 10/14/11 | | Belinda Johns | | | | Attorney Client Communication | Memorandum to Attorney General regarding legislation recommendation. |
| 5 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 6 | | 12/01/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 7 | | 12/01/14 | James Toma | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 8 | | 12/01/14 | Alexandra RobertGordon | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 9 | | 12/01/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 10 | | 12/01/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 11 | | 12/01/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 12 | | 12/01/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 13 | | 12/01/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 14 | | 12/01/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 15 | | 10/27/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 16 | | 10/27/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 17 | | 10/27/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 18 | | 10/27/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 19 | | 10/27/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 20 | | 10/27/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 21 | | 10/27/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 22 | | 10/27/14 | Tania Ibanez | Katherine Rose [katherine.rose@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 23 | | 10/27/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 24 | | 10/22/14 | Anthony Salazar | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about whether Schedule B requirement applies to a charity. |
| 25 | | 10/21/14 | Tania Ibanez | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about whether Schedule B requirement applies to a charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 26 | | 10/21/14 | Steve Bauman | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Steve Bauman [Steve.Bauman@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about whether Schedule B requirement applies to a charity. |
| 27 | | 10/20/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about whether Schedule B requirement applies to a charity. |
| 28 | [Document moved to redaction log.] | | | | | | | |
| 29 | [Document moved to redaction log.] | | | | | | | |
| 30 | [Document moved to redaction log.] | | | | | | | |
| 31 | [Document moved to redaction log.] | | | | | | | |
| 32 | [Document moved to redaction log.] | | | | | | | |
| 33 | | 06/25/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov];Katherine Rose [katherine.rose@doj.ca.gov];Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email between attorneys and client providing legal advice about how to respond to inquiry from a Schedule B delinquent charity. |
| 34 | | | Tania Ibanez | | | | Attorney Client Communication | Draft document (attached to email above) reflecting legal advice re: correspondence with Schedule B delinquent charity. |
| 35 | | 06/25/14 | Tania Ibanez | Cindy Newhall [Cindy.Newhall@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Michelle M. Mitchell [MichelleM.Mitchell@doj.ca.gov] | Attorney Client Communication | Email between attorneys seeking legal advice regarding compliance with Public Records Act (PRA) for a request relating to Schedule B. (Attachments produced.) |
| 36 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 37 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 38 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 39 | | 06/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email between attorneys and client providing legal advice about how to respond to inquiry from a Schedule B delinquent charity. |
| 40 | 06/23/14 | | Tania Ibanez/Elizabeth Kim | | | | Attorney Client Communication | Draft document (attached to email above) reflecting legal advice re: correspondence with Schedule B delinquent charity. |
| 41 | | 06/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 42 | | 06/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 43 | | 06/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 44 | | 06/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 45 | | 06/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 46 | | 06/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 47 | | 06/24/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email between attorneys and client providing legal advice about confidentiality policy in context of ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 48 | | 06/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information about Registry policies and a charity's Schedule B delinquency to render legal advice in ongoing litigation. |
| 49 | | 06/24/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information about Registry policies and a charity's Schedule B delinquency to render legal advice in ongoing litigation. |
| 50 | | 06/24/14 | Michelle M. Mitchell | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Michelle M. Mitchell [MichelleM.Mitchell@doj.ca.gov] | PublicRecords [PublicRecords@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 51 | | 06/24/14 | Elizabeth Kim | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding PRA request related to Schedule B. |
| 52 | | 06/24/14 | Kevis Foley | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding PRA request related to Schedule B. |
| 53 | 06/24/14 | | Elizabeth Kim/Kevis Foley | | | | Attorney Client Communication | Draft document (with suggested edits) attached to email above and providing legal advice about PRA request response. |
| 54 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 55 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 56 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 57 | | 06/24/14 | Tania Ibanez | Michelle M. Mitchell [MichelleM.Mitchell@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about complying with PRA and request related to Schedule B. |
| 58 | | 06/24/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information regarding a charity's Schedule B delinquency to render legal advice in ongoing litigation. |
| 59 | | 06/24/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information about a charity's status to render legal advice on enforcement of Shedule B requirement. |
| 60 | | 06/23/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, providing legal advice (draft letter) about how to respond to Schedule B delinquent charity. |
| 61 | | 06/23/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information about a charity's status to render legal advice on enforcement of Shedule B requirement. |
| 62 | | 06/23/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice (draft letter) about how to respond to Schedule B delinquent charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 63 | 06/23/14 | | Tania Ibanez | | | | Attorney Client Communication | Draft document attached to email above providing legal advice about how to respond to Schedule B delinquent charity. |
| 64 | | 06/23/14 | Alexandra RobertGordon | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 65 | | 06/23/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 66 | | 06/23/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 67 | | 06/23/14 | Alexandra RobertGordon | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 68 | | 06/23/14 | Elizabeth Kim | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 69 | | 06/23/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing legal advice on effects of ongoing litigation. |
| 70 | [Document moved to redaction log.] | | | | | | | |
| 71 | [Document moved to redaction log.] | | | | | | | |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 72 | [Document moved to redaction log.] | | | | | | | |
| 73 | [Document moved to redaction log.] | | | | | | | |
| 74 | | 09/23/14 | Joseph Zimring | Maria-Elena Hernandez [MariaElena.Hernandez@doj.ca.gov];Jami Cantore [Jami.Cantore@doj.ca.gov] | Joseph Zimring [Joseph.Zimring@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking legal advice on charity's Schedule B delinquency. |
| 75 | | 12/08/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 76 | | 12/08/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding status of ongoing litigation and implication in this litigation. |
| 77 | | 12/08/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. (Attachments produced.) |
| 78 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 79 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 80 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 81 | | 12/08/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 82 | | 12/08/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 83 | | 12/08/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 84 | | 12/08/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 85 | | 12/06/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 86 | | 12/06/14 | Tania Ibanez | Nathan Barankin [Nathan.Barankin@doj.ca.gov];Brian Nelson [Brian.Nelson@doj.ca.gov];David Beltran [David.Beltran@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 87 | | 12/05/14 | Mark Breckler | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Mark Breckler [Mark.Breckler@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 88 | | 12/05/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 89 | | 12/05/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 90 | | 12/01/14 | James Toma | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 91 | | 12/01/14 | Tania Ibanez | James Toma [James.Toma@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 92 | | 12/01/14 | Mark Breckler | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Mark Breckler [Mark.Breckler@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 93 | | 12/01/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 94 | | 12/01/14 | James Toma | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov] | | Attorney Client Communication | Email between attorneys regarding communication with opposing counsel in this litigation. |
| 95 | | 10/28/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 96 | | 10/27/14 | Katherine Rose | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |
| 97 | | 10/27/14 | Katherine Rose | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to handle charity's Schedule B delinquency. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 98 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 99 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 100 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 101 | | 06/25/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice regarding how to respond to Schedule B delinquent charity. |
| 102 | | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email above providing legal advice about how to respond to Schedule B delinquent charity.. |
| 103 | [Asserted privilege withdrawn.  Document produced.  Attachment (document 104) withheld.] | | | | | | | |
| 104 | | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email (document 103) and providing legal advice about how to respond to Schedule B delinquent charity.. |
| 105 | | 06/25/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice regarding how to respond to Schedule B delinquent charity. |
| 106 | [Asserted privilege withdrawn.  Document produced.  Attachment (document 107) withheld.] | | | | | | | |
| 107 | 06/24/14 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email (document 106) and providing legal advice about how to respond to Schedule B delinquent charity.. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 108 | | 06/25/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice about how to respond to Schedule B delinquent charity. |
| 109 | [Asserted privilege withdrawn.  Document produced.  Attachment (document 110) withheld.] | | | | | | | |
| 110 | 06/24/14 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email (document 109) providing legal advice about how to respond to Schedule B delinquent charity.. |
| 111 | | 06/25/14 | Tania Ibanez | Sharon Oliver (Sharon.Oliver@doj.ca.gov) [Sharon.Oliver@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email between attorney and legal secretary regarding draft letter in response to Schedule B delinquent charity. |
| 112 | | 06/25/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice about how to respond to Schedule B delinquent charity. |
| 113 | | 06/25/14 | Cindy Newhall | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Cindy Newhall [Cindy.Newhall@doj.ca.gov] | | Attorney Client Communication | Email between attorneys seeking legal advice about complying with PRA in response to request relating to Schedule B. |
| 114 | | 06/25/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov];Katherine Rose [katherine.rose@doj.ca.gov];Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice about how to respond to Schedule B delinquent charity. |
| 115 | | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email above providing legal advice about how to respond to Schedule B delinquent charity.. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 116 | [Asserted privilege withdrawn.  Document produced.  Attachment (document 117) withheld.] | | | | | | | |
| 117 | | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email (document 116) providing legal advice about how to respond to Schedule B delinquent charity.. |
| 118 | | 06/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between attorneys and client, providing legal advice about how to respond to Schedule B delinquent charity. |
| 119 | 06/23/14 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (letter) attached to email above providing legal advice about how to respond to Schedule B delinquent charity.. |
| 120 | | 06/24/14 | Kevis Foley | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B PRA request. |
| 121 | 06/24/14 | | Tania Ibanez/Kevis Foley | | | | Attorney Client Communication | Draft document (with suggested edits) attached to email above providing legal adivce about responding to PRA request. |
| 122 | [Document moved to redaction log.] | | | | | | | |
| 123 | [Document moved to redaction log.] | | | | | | | |
| 124 | | 04/02/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov];Joseph Zimring [Joseph.Zimring@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, seeking and providing information to render legal advice in ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 125 | | 04/02/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov];Joseph Zimring [Joseph.Zimring@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, providing information to render legal advice in ongoing litigation. |
| 126 | 01/22/08 | | | Tania Ibanez | | | Attorney Work Product | Document collecting information/research for and attached to email chain (document 125) regarding ongoing litigation. |
| 127 | 04/01/14 | | | Alexandra RobertGordon/Tania Ibanez | | | Attorney Work Product | Document collecting information/research for and attached to email chain (document 125) regarding ongoing litigation. |
| 128 | [Document moved to redaction log.] | | | | | | | |
| 129 | [Document moved to redaction log.] | | | | | | | |
| 130 | [Document moved to redaction log.] | | | | | | | |
| 131 | [Document moved to redaction log.] | | | | | | | |
| 132 | [Document moved to redaction log.] | | | | | | | |
| 133 | [Document moved to redaction log.] | | | | | | | |
| 143 | [Document moved to redaction log.] | | | | | | | |
| 135 | | 12/04/14 | Veronica Popovich | Kevis Foley [Kevis.Foley@doj.ca.gov] | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 136 | | 12/04/14 | Kevis Foley | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 137 | | 12/04/14 | Veronica Popovich | Kevis Foley [Kevis.Foley@doj.ca.gov] | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 138 | | 12/04/14 | Kevis Foley | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding this litigation. |
| 139 | [Document moved to redaction log.] | | | | | | | |
| 140 | [Document moved to redaction log.] | | | | | | | |
| 141 | [Document moved to redaction log.] | | | | | | | |
| 142 | [Document moved to redaction log.] | | | | | | | |
| 143 | [Document moved to redaction log.] | | | | | | | |
| 144 | | 06/25/14 | Katherine Rose | Kevis Foley [Kevis.Foley@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding effect of ongoing litigation on delinquent charity's need to comply with Schedule B requirement. |
| 145 | | 06/25/14 | Kevis Foley | Katherine Rose [katherine.rose@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding effect of ongoing litigation on delinquent charity's need to comply with Schedule B requirement. |
| 146 | | 06/25/14 | Katherine Rose | Kevis Foley [Kevis.Foley@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding effect of ongoing litigation on delinquent charity's need to comply with Schedule B requirement. |
| 147 | | 06/24/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and client, seeking information regarding a charity's Schedule B delinquency to render legal advice in ongoing litigation. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 148 | | 10/07/13 | Elizabeth Kim | Kevis Foley [Kevis.Foley@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov];Katherine Rose [katherine.rose@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 149 | | 10/07/13 | Kevis Foley | Belinda Johns [Belinda.Johns@doj.ca.gov];Katherine Rose [katherine.rose@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 150 | | 10/02/13 | Katherine Rose | Belinda Johns [Belinda.Johns@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 151 | | 10/02/13 | Katherine Rose | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 152 | | 10/02/13 | Belinda Johns | Katherine Rose [katherine.rose@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 153 | | 10/02/13 | Katherine Rose | Belinda Johns [Belinda.Johns@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 154 | | 11/20/13 | Tania Ibanez | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain, between attorneys and client seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 155 | | 04/16/13 | Susan Allen | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Susan Allen [Susan.Allen@doj.ca.gov] | | Attorney Client Communication | Email, part of chain between clients and attorneys, seeking and providing legal advice about how to respond to Schedule B requirement inquiry. |
| 156 | | 04/17/14 | Tania Ibanez | Nathan Barankin [Nathan.Barankin@doj.ca.gov];Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Nicholas Pacilio [Nicholas.Pacilio@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 157 | | 04/09/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |
| 158 | | 04/09/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |
| 159 | | 04/02/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |
| 160 | | 04/02/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 161 | | 04/02/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, providing information to render legal advice in ongoing litigation. |
| 162 | | 04/02/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |
| 163 | | 04/01/14 | Alexandra RobertGordon | Tania.Ibanez@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, providing information to render legal advice in ongoing litigation. |
| 164 | | 04/01/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking information and providing legal advice regarding Schedule B requirement in the context of revising Registry website information. |
| 165 | | 04/01/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, providing information to render legal advice in ongoing litigation. |
| 166 | | 03/25/14 | Tania Ibanez | hugh.r.jones@hawaii.gov | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov]; Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 167 | | 03/25/14 | hugh.r.jones @hawaii.gov | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | hugh.r.jones@hawaii.gov | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov]; Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 168 | | 03/24/14 | hugh.r.jones @hawaii.gov | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | hugh.r.jones@hawaii.gov | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov]; Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 169 | | 03/24/14 | Tania Ibanez | hugh.r.jones@hawaii.gov;Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 170 | | 03/24/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Hugh Jones' (Hugh.R.Jones@hawaii.gov) [Hugh.R.Jones@Hawaii.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 171 | | 03/24/14 | Alexandra RobertGordon | hugh.r.jones@hawaii.gov | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 172 | | 03/24/14 | hugh.r.jones @hawaii.gov | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | hugh.r.jones@hawaii.gov | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 173 | | 03/24/14 | Alexandra RobertGordon | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];hugh.r.jones@hawaii.gov | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 174 | | 03/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 175 | | 03/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 176 | | 03/24/14 | Elizabeth Kim | hugh.r.jones@hawaii.gov | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov]; Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of chain between attorneys, regarding legal advice in ongoing litigation. |
| 177 | | 03/24/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email between attorneys regarding legal advice and research in ongoing litigation. |
| 178 | | 03/24/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email between attorneys regarding legal advice and research in ongoing litigation. |
| 179 | | 03/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, seeking background information for legal advice in ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 180 | | 03/24/14 | Elizabeth Kim | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email between attorneys regarding legal advice in ongoing litigation. |
| 181 | | 03/24/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, seeking background information for legal advice in ongoing litigation. |
| 182 | | 03/24/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of chain between attorneys and client, seeking background information for legal advice in ongoing litigation. |
| 183 | | 03/18/14 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and gathering research in ongoing litigation. |
| 184 | | 03/18/14 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and gathering research in ongoing litigation. |
| 185 | | 03/18/14 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and gathering research in ongoing litigation. |
| 186 | | 03/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding strategy in ongoing litigation. |
| 187 | | 03/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding strategy in ongoing litigation. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 188 | | 03/10/14 | Mark Breckler | Kathleen Kenealy [Kathleen.Kenealy@doj.ca.gov] | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys, regarding strategy in ongoing litigation. |
| 189 | | 03/10/14 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding strategy in ongoing litigation. |
| 190 | | 03/10/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys, regarding strategy in ongoing litigation. |
| 191 | | 03/10/14 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication; Attorney Work Product; Common Interest | Email, part of a chain between attorneys in CA and Hawaii AG offices, regarding legal advice and research in ongoing litigation. |
| 192 | | 03/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 193 | | 03/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 194 | | 03/10/14 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 195 | | 03/10/14 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |

Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 196 | | 03/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 197 | | 03/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 198 | | 03/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 199 | | 03/10/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 200 | | 03/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 201 | | 03/10/14 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 202 | | 03/10/14 | Tania Ibanez | Mark Breckler [Mark.Breckler@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 203 | | 03/10/14 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 204 | | 03/09/14 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 205 | | 03/09/14 | Douglas Woods | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Douglas Woods [Douglas.Woods@doj.ca.gov] | Mark Breckler [Mark.Breckler@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 206 | | 03/07/14 | Tania Ibanez | Douglas Woods [Douglas.Woods@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Mark Breckler [Mark.Breckler@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 207 | | 03/07/14 | Douglas Woods | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Douglas Woods [Douglas.Woods@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, regarding legal advice and strategy in ongoing litigation. |
| 208 | | 11/20/13 | Anthony Salazar | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain, between attorneys and client seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 209 | | 11/20/13 | Tania Ibanez | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain, between attorneys and client seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 210 | | 11/20/13 | Anthony Salazar | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain, between attorneys and client seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 211 | | 11/04/13 | Elizabeth Kim | Belinda Johns [Belinda.Johns@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 212 | | 07/30/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email between attorneys discussing draft response to inquiry regarding Schedule B requirement. |
| 213 | | 07/29/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email between attorneys discussing draft response to inquiry regarding Schedule B requirement. |
| 214 | | 06/27/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email between attorneys discussing client's legal and policy issues. |
| 215 | | 03/11/13 | Christopher Harryman | Belinda Johns [Belinda.Johns@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Christopher Harryman [Christopher.Harryman@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing information to render legal advice regarding data collected and released by Registry in response to Public Records Act requests. |
| 216 | | 02/01/13 | Ed Gerkey | Belinda Johns [Belinda.Johns@doj.ca.gov] | Ed Gerkey [Ed.Gerkey@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing information regarding how to respond to Schedule B delinquent charity. |
| 217 | | 01/30/13 | Ed Gerkey | Belinda Johns [Belinda.Johns@doj.ca.gov] | Ed Gerkey [Ed.Gerkey@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing information regarding how to respond to Schedule B delinquent charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 218 | | 01/30/13 | Belinda Johns | Ed Gerkey [Ed.Gerkey@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing information regarding how to respond to Schedule B delinquent charity. |
| 219 | | 01/30/13 | Ed Gerkey | Belinda Johns [Belinda.Johns@doj.ca.gov] | Ed Gerkey [Ed.Gerkey@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing information regarding how to respond to Schedule B delinquent charity. |
| 220 | | 04/17/14 | Elizabeth Kim | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 221 | | 04/17/14 | Alexandra RobertGordon | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tamar Pachter [Tamar.Pachter@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 222 | | 04/17/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tamar Pachter [Tamar.Pachter@doj.ca.gov];Mark Breckler [Mark.Breckler@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 223 | | 04/17/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Tamar Pachter [Tamar.Pachter@doj.ca.gov];Mark Breckler [Mark.Breckler@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 224 | | 04/17/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tamar Pachter [Tamar.Pachter@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 225 | | 04/17/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGord on@doj.ca.gov];Elizabe th Kim [Elizabeth.Kim@doj.ca. gov] | Tania Ibanez [Tania.Ibanez@doj.c a.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 226 | | 04/17/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca. gov] | Tania Ibanez [Tania.Ibanez@doj.c a.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 227 | | 04/17/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.g ov] | Elizabeth Kim [Elizabeth.Kim@doj. ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 228 | | 04/17/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca. gov];Alexandra RobertGordon [Alexandra.RobertGord on@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.c a.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, discussing status of ongoing litigation. |
| 229 | | 04/16/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca. gov];Alexandra RobertGordon [Alexandra.RobertGord on@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.c a.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 230 | | 04/16/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.g ov];Alexandra RobertGordon [Alexandra.RobertGord on@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj. ca.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 231 | | 04/16/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGord on@doj.ca.gov];Elizabe th Kim [Elizabeth.Kim@doj.ca. gov] | Tania Ibanez [Tania.Ibanez@doj.c a.gov] | | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 232 | | 04/16/14 | Christopher Harryman | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Christopher Harryman [Christopher.Harryman@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 233 | | 04/16/14 | Tania Ibanez | Christopher Harryman [Christopher.Harryman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 234 | | 04/16/14 | Christopher Harryman | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Christopher Harryman [Christopher.Harryman@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 235 | | 04/16/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Christopher Harryman [Christopher.Harryman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 236 | | 04/16/14 | Tania Ibanez | Christopher Harryman [Christopher.Harryman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice in ongoing litigation. |
| 237 | | 11/04/13 | Elizabeth Kim | Belinda Johns [Belinda.Johns@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 238 | | 11/04/13 | Belinda Johns | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice regarding how to respond to Schedule B inquiry from delinquent charity. |
| 239 | 03/05/15 | | Alexandra Robert Gordon | | | | Attorney Work Product | Memorandum regarding legal advice and strategy for appeal in ongoing litigation. |
| 240 | [Asserted privilege withdrawn.  Document produced.] | | | | | | | |
| 241 | [Document moved to redaction log.] | | | | | | | |
| 242 | 12/17/14 | | Steve Bauman | | | | Attorney Work Product | Compilation of data by investigator udertaken in response to attorney request to render legal advice in this litigation. |
| 243 | 12/11/14 | | Adrienne Watts | | | | Law Enforcement Investigatory Privilege | Excel doc of charity's financial information generated by auditor for use in investigation. |
| 244 | 12/18/14 | | Adrienne Watts | | | | Law Enforcement Investigatory Privilege | Internal memo by auditor to attorney describing investigation of two charities. |
| 245 | 06/24/14 | | Elizabeth Kim | | | | Attorney Client Communication | Draft document (not final letter) responding to Public Records Act request relating to Schedule B. |
| 246 | 05/29/15 | | Elizabeth Kim | | | | Attorney Client Communication | Draft document (not final letter) responding to Public Records Act request relating to Schedule B. |
| 247 | 06/17/15 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (not final letter) responding to Public Records Act request relating to Schedule B. |
| 248 | 06/18/15 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (not final letter) responding to Public Records Act request relating to Schedule B. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 249 | 05/07/15 | | Tamar Pachter | | | | Attorney Client Communication | Draft document by litigation counsel to clients regarding how to handle a charity's delinquency while in litigation with the charity. |
| 250 | 06/25/14 | | Elizabeth Kim | | | | Attorney Client Communication | Draft document (not final letter) responding to Public Records Act request relating to Schedule B. |
| 251 | 11/12/13 | | Elizabeth Kim / Kevis Foley | | | | Attorney Client Communication | Draft document (not final letter) responding to a charity's inquiry to the Registry about the Schedule B requirement. |
| 252 | 05/04/12 | | Belinda Johns | | | | Attorney Client Communication | Draft document (not final letter) responding to a charity's inquiry to the Registry about the Schedule B requirement. |
| 253 | 05/01/15 | | Tania Ibanez | | | | Attorney Client Communication | Draft document (not final letter) responding to a charity's inquiry to the Registry about the Schedule B requirement. |
| 254 | 3/3/2015 | | Sonja Berndt | | | | Attorney Client Communication; Law Enforcement Investigatory Privilege | Memorandum by attorneys regarding recommended next steps in investigation of two charities. |
| 255 | | 09/28/12 | Belinda Johns | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced, along with another attachment.  Schedule B attachment withheld.] |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 256 | | 06/20/14 | Alexandra RobertGordon | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between client and attorneys, discussing effect of ongoing litigation on the enforcement of the Schedule B requirement and how to respond to charity's delinquency. |
| 257 | | 06/20/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between client and attorneys, discussing effect of ongoing litigation on the enforcement of the Schedule B requirement and how to respond to charity's delinquency. |
| 258 | | 06/17/14 | Elizabeth Kim | Belinda Johns [belindajohns1@gmail.com] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing how to respond to Public Records Act request relating to Schedule B. |
| 259 | | 06/16/14 | Belinda Johns | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [belindajohns1@gmail.com] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing how to respond to Public Records Act request relating to Schedule B. |
| 260 | | 06/16/14 | Elizabeth Kim | belindajohns1@gmail.com | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing how to respond to Public Records Act request relating to Schedule B. |
| 261 | | 06/16/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing how to respond to Public Records Act request and its relation to ongoing litigation. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 262 | | 06/25/12 | Janice Kant | Kevis Foley [Kevis.Foley@doj.ca.gov];RCT [rct@doj.ca.gov] | Janice Kant [office@apedf.org] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced.  Schedule B attachment withheld.] |
| 263 | | 06/23/12 | Jose Osuch | Kevis Foley [Kevis.Foley@doj.ca.gov] | Jose Osuch [josuch@cdnusa.org] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced, along with another attachment.  Schedule B attachment withheld.] |
| 264 | | 10/22/13 | Susan Allen | RCT [rct@doj.ca.gov] | Susan Allen [Susan.Allen@doj.ca.gov] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced, along with another attachment.  Schedule B attachment withheld.] |
| 265 | | 10/22/13 | Delinquency | Susan Allen [Susan.Allen@doj.ca.gov] | Delinquency [delinquency@doj.ca.gov] | | Official Information Privilege | Schedule B submitted as attachment to email responding to deficiency letter.  [Parent email produced, along with another attachment.  Schedule B attachment withheld.] |
| 266 | | 02/08/13 | Susan Allen | creames@cox.net | Susan Allen [Susan.Allen@doj.ca.gov] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced, along with two other attachments.  Schedule B attachment withheld.] |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 267 | | 07/20/12 | Michelle Decker | Wendy Fujinaga [Wendy.Fujinaga@doj.ca.gov] | Michelle Decker [mdecker@Children.org] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced.  Schedule B attachment withheld.] |
| 268 | | 07/19/12 | Michelle Decker | Wendy Fujinaga [Wendy.Fujinaga@doj.ca.gov] | Michelle Decker [mdecker@Children.org] | | Official Information Privilege | Two Schedule B forms submitted by charity as attachments to email responding to deficiency letter. [Parent email produced.  Schedule B attachments withheld.] |
| 269 | | 07/19/12 | Michelle Decker | Wendy Fujinaga [Wendy.Fujinaga@doj.ca.gov] | Michelle Decker [mdecker@Children.org] | | Official Information Privilege | Schedule B submitted by charity as attachment to email responding to deficiency letter.  [Parent email produced.  Schedule B attachment withheld.] |
| 270 | 08/03/15 | | Jami Cantore | | | | Attorney Client Communication | Legal memorandum analyzing proposed amendment to regulation relating to Schedule B. |
| 271 | 08/03/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft of "Initial Statement of Reasons" for  proposed amendment to regulation relating to Schedule B.  Internal working copy.  Not public and not final. |
| 272 | 10/30/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft of "Initial Statement of Reasons" for  proposed amendment to regulation relating to Schedule B.  Internal working copy.  Not public and not final. |

**Defendant's Privilege Log - Documents Withheld (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Created | Date Sent | Author | Email To | Email From | Email CC | Privilege Designation | Privilege Description |
|---|---|---|---|---|---|---|---|---|
| 273 | 04/20/15 | | Jami Cantore | | | | Attorney Client Communication | Internal approval form summarizing proposed amendment to regulation relating to Schedule B. |
| 274 | 08/03/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft "Notice of Proposed Rulemaking."  Internal working copy.  Not final and not public. |
| 275 | 10/30/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft "Notice of Proposed Rulemaking."  Internal working copy.  Not final and not public. |
| 276 | 11/15/12 | | Jami Cantore | | | | Attorney Client Communication | Draft of "Notice of Publication/Regulations Submission" form. Internal working copy.  Not final and not public. |
| 277 | 04/03/15 | | Jami Cantore | | | | Attorney Client Communication | Draft of "Economic and Fiscal Impact Statement (Regulations and Orders)." Internal working copy.  Not final and not public. |
| 278 | 08/11/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft of proposed amendment to regulation (with track-changed edits). Internal working copy. Not final and not public. |
| 279 | 10/28/15 | | Jami Cantore | | | | Attorney Client Communication; Deliberative Process Privilege | Draft of proposed amendment to regulation (with track-changed edits). Internal working copy. Not final and not public. |

# EXHIBIT 2

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 1 | 12/01/14 | Tania Ibanez | Nathan Barankin [Nathan.Barankin@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov];Mark Breckler [Mark.Breckler@doj.ca.gov] | Attorney Client Communication | Email between attorneys discussing strategy in this litigation. (Attachments produced.) |
| 2 | 12/01/14 | Tania Ibanez | Alexandra RobertGordon [Alexandra.RobertGordon@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email between attorneys and client discussing strategy in this litigation. (Attachments produced.) |
| 3 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 4 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 5 | 10/28/14 | Tania Ibanez | Kevis Foley [Kevis.Foley@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's Schedule B delinquency.  (Attachment produced.) |
| 6 | 10/27/14 | Kevis Foley | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's Schedule B delinquency.  (Attachment produced.) |
| 7 | 10/22/14 | Anthony Salazar | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 8 | 10/21/14 | Tania Ibanez | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 9 | 10/21/14 | Steve Bauman | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Steve Bauman [Steve.Bauman@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 10 | 10/20/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Steve Bauman [Steve.Bauman@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 11 | 10/20/14 | Elizabeth Kim | Steve Bauman [Steve.Bauman@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 12 | 10/17/14 | Anthony Salazar | Steve Bauman [Steve.Bauman@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];James Toma [James.Toma@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 13 | 09/23/14 | Maria-Elena Hernandez | Joseph Zimring [Joseph.Zimring@doj.ca.gov];Jami Cantore [Jami.Cantore@doj.ca.gov] | Maria-Elena Hernandez [MariaElena.Hernandez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking legal advice about how to respond to a request for an appeal from Schedule B delinquent charity. (Attachments produced.) |
| 14 | 08/04/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing legal advice about how to respond to a charity's request for an audit exemption. |
| 15 | 08/04/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing legal advice about how to respond to a charity's request for an audit exemption. |
| 16 | 08/04/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing legal advice about how to respond to a charity's request for an audit exemption. |
| 17 | 10/28/14 | Kevis Foley | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about a charity's Schedule B delinquency.  (Attachments produced.) |
| 18 | 06/24/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about how to respond to charity's Schedule B delinquency. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris*, 2:14-cv-09448-R-FFM

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 19 | 06/24/14 | Anthony Salazar | Kevis Foley [Kevis.Foley@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about how to respond to charity's Schedule B delinquency. |
| 20 | 06/24/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about how to respond to charity's Schedule B delinquency. |
| 21 | 06/24/14 | Anthony Salazar | Kevis Foley [Kevis.Foley@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about how to respond to charity's Schedule B delinquency. |
| 22 | 06/24/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing information to render legal advice about how to respond to charity's Schedule B delinquency. |
| 23 | 10/21/14 | Anthony Salazar | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 24 | 03/18/14 | Tania Ibanez | Katherine Rose [katherine.rose@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 25 | 03/18/14 | Katherine Rose | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Katherine Rose [katherine.rose@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry on Schedule B requirement. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 26 | 03/18/14 | Tania Ibanez | Katherine Rose [katherine.rose@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry on Schedule B requirement. |
| 27 | 03/06/14 | RRF1 | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 28 | 03/17/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing Schedule B requirement in context of research for ongoing litigation. |
| 29 | 03/17/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing Schedule B requirement in context of research for ongoing litigation. |
| 30 | 02/06/14 | RRF1 | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 31 | 04/11/14 | Elizabeth Kim | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 32 | 04/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 33 | 04/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 34 | 04/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 35 | 04/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 36 | 04/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 37 | 04/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 38 | 04/10/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 39 | 04/10/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 40 | 04/09/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 41 | 04/09/14 | Elizabeth Kim | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 42 | 03/06/14 | Tania Ibanez | RRF1 [rrf1@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 43 | 02/27/14 | RRF1 | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 44 | 02/27/14 | Tania Ibanez | RRF1 [rrf1@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 45 | 02/27/14 | RRF1 | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry about Schedule B requirement. |
| 46 | 02/06/14 | RRF1 | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 47 | 02/06/14 | Tania Ibanez | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];RRF1 [rrf1@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 48 | 02/06/14 | Elizabeth Kim | RRF1 [rrf1@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 49 | 02/06/14 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 50 | 01/24/14 | Elizabeth Kim | RRF1 [rrf1@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and availability for public inspection. |
| 51 | 01/23/14 | Elizabeth Kim | Belinda Johns [Belinda.Johns@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |
| 52 | 01/23/14 | Belinda Johns | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 53 | 01/23/14 | Elizabeth Kim | Belinda Johns [Belinda.Johns@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |
| 54 | 01/23/14 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |
| 55 | 12/19/13 | RRF1 | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |
| 56 | 12/19/13 | Tania Ibanez | RRF1 [rrf1@doj.ca.gov];Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement and the document's availability for public inspection. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 57 | 11/04/13 | RRF1 | Belinda Johns [Belinda.Johns@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov];Anthony Salazar [Anthony.Salazar@doj.ca.gov]; Candy Hetherington [Candy.Hetherington@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 58 | 11/04/13 | Belinda Johns | RRF1 [rrf1@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov];Anthony Salazar [Anthony.Salazar@doj.ca.gov]; Candy Hetherington [Candy.Hetherington@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 59 | 11/04/13 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov];Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 60 | 11/04/13 | Elizabeth Kim | RRF1 [rrf1@doj.ca.gov];Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 61 | 11/04/13 | RRF1 | Tania Ibanez [Tania.Ibanez@doj.ca.gov];Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 62 | 07/29/13 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 63 | 07/29/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 64 | 07/29/13 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 65 | 07/29/13 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 66 | 07/29/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 67 | 07/29/13 | Belinda Johns | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 68 | 07/29/13 | Tania Ibanez | Belinda Johns [Belinda.Johns@doj.ca.gov] | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys, discussing legal advice about how to respond to an inquiry regarding Schedule B requirement. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 69 | 03/07/14 | Anthony Salazar | Susan Allen [Susan.Allen@doj.ca.gov];Adriana Budmark [Adriana.Budmark@doj.ca.gov];Sara Dodge [Sara.Dodge@doj.ca.gov];Veronica Popovich [Veronica.Popovich@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 70 | 03/07/14 | Veronica Popovich | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Veronica Popovich [Veronica.Popovich@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry regarding Schedule B requirement. |
| 71 | 11/04/13 | Elizabeth Kim | RRF1 [rrf1@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov];Candy Hetherington [Candy.Hetherington@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 72 | 04/30/14 | Kevis Foley | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 73 | 04/29/14 | Elizabeth Kim | Kevis Foley (Kevis.Foley@doj.ca.gov) [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris*, 2:14-cv-09448-R-FFM

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 74 | 04/17/14 | Elizabeth Kim | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 75 | 04/11/14 | Elizabeth Kim | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 76 | 04/11/14 | Kevis Foley | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 77 | 11/18/13 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 78 | 11/18/13 | Belinda Johns | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from a Schedule B delinquent charity. |
| 79 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 80 | 11/04/13 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 81 | 11/04/13 | RRF1 | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | RRF1 [rrf1@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorney and clients, seeking and providing legal advice about how to respond to an inquiry from Schedule B delinquent charity. |
| 82 | 10/11/13 | Belinda Johns | Kevis Foley [Kevis.Foley@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 83 | 10/11/13 | Kevis Foley | Belinda Johns [Belinda.Johns@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 84 | 10/11/13 | Kevis Foley | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 85 | 10/11/13 | Belinda Johns | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov];Kevis Foley [Kevis.Foley@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 86 | 10/11/13 | Elizabeth Kim | Kevis Foley (Kevis.Foley@doj.ca.gov) [Kevis.Foley@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Belinda Johns [Belinda.Johns@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and clients, seeking and providing legal advice about how to respond to a charity's inquiry about Schedule B requirement. |
| 87 | 03/20/14 | Wendy Fujinaga | Nancy@perlmanandperlman.com | Wendy Fujinaga [Wendy.Fujinaga@doj.ca.gov] | | Official Information Privilege | Email providing instructions to a charity on how to resolve its delinquent status.  [Attached document, listing charity's donors, withheld.] |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 88 | 09/22/14 | Sonja Berndt | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information about ongoing litigation. |
| 89 | 09/22/14 | Elizabeth Kim | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information about ongoing litigation. |
| 90 | 09/22/14 | Sonja Berndt | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information about ongoing litigation. |
| 91 | 09/22/14 | Elizabeth Kim | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information about ongoing litigation. |
| 92 | 09/22/14 | Sonja Berndt | Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | Debra Phillips [Debra.Phillips@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information about ongoing litigation. |
| 93 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 94 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 95 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 96 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 97 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |

Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 98 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 99 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 100 | [Asserted privilege withdrawn.  Document produced.] | | | | | | |
| 101 | 12/08/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 102 | 12/05/14 | Anthony Salazar | Kevis Foley [Kevis.Foley@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 103 | 12/05/14 | Anthony Salazar | Kevis Foley [Kevis.Foley@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 104 | 12/05/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 105 | 12/05/14 | Anthony Salazar | Kevis Foley [Kevis.Foley@doj.ca.gov] | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 106 | 12/05/14 | Kevis Foley | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 107 | 12/05/14 | Kevis Foley | Anthony Salazar [Anthony.Salazar@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 108 | 12/05/14 | Sonja Berndt | Kevis Foley [Kevis.Foley@doj.ca.gov] | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 109 | 12/05/14 | Kevis Foley | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | Kevis Foley [Kevis.Foley@doj.ca.gov] | | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 110 | 12/05/14 | Sonja Berndt | Kevis Foley [Kevis.Foley@doj.ca.gov] | Sonja Berndt [Sonja.Berndt@doj.ca.gov] | James Toma [James.Toma@doj.ca.gov] | Attorney Client Communication | Email, part of a chain between attorneys and client, seeking and providing information on several charities' delinquent Schedule B status to aid attorneys in ongoing litigation. |
| 111 | 07/02/04 | James Cordi | | | | Attorney Client Communication | Undated attorney's notes written on (1) 07/02/04 email from client seeking legal advice and (2) draft document attached to 07/02/04 email.  [Email and attorney notes redacted.] |

**Defendant's Privilege Log - Documents Produced with Redactions (as of December 7, 2015)**

*Americans for Prosperity Foundation v. Harris, 2:14-cv-09448-R-FFM*

| | Date Sent | Author | Email To | Email From | Email CC | Privilege | Description |
|---|---|---|---|---|---|---|---|
| 112 | 2/9/2015 | Sonja Berndt | | | | Law Enforcement Investigatory Privilege | Settlement offer letter sent to two charities investigated by Charitable Trusts Section for which Schedule B information was used during the investigation.  [All identifying information of charities redacted.] |
| 113 | 09/24/15 | Sonja Berndt | | | | Law Enforcement Investigatory Privilege | Corrective action letter sent to and signed by one of two charities investigated by Charitable Trusts Section for which Schedule B information was used during the investigation.  [All identifying information of charities redacted.] |
| 114 | 01/09/02 | Steve Bauman | | | | Law Enforcement Investigatory Privilege | Case log maintained by Steve Bauman (discussed in deposition), redacted to remove information that identifies targets of investigations. |
| 115 | 08/11/15 | Steve Bauman | | | | Law Enforcement Investigatory Privilege | Example of letter sent to Franchise Tax Board, redacted to remove information that identifies targets of investigation. |
| 116 | 04/20/15 | | Tania Ibanez [Tania.Ibanez@doj.ca.gov] | Belinda Johns [belindajohns1@gmail.com] | Kevis Foley [Kevis.Foley@doj.ca.gov]; Elizabeth Kim [Elizabeth.Kim@doj.ca.gov] | Attorney Client Communication; Attorney Work Product | Hardcopy of email chain between attorneys discussing a Schedule B question that arose during discovery in this litigation. [Attachments produced.] |

# EXHIBIT 3

## Sean Delphey

| | |
|---|---|
| **From:** | Keith Forst |
| **Sent:** | Monday, November 16, 2015 11:50 AM |
| **To:** | 'Emmanuelle Soichet'; Harold Barza; QE AFP Foundation Team |
| **Cc:** | Alexandra RobertGordon; Jose ZelidonZepeda; Kevin Calia |
| **Subject:** | RE: Americans for Prosperity Foundation v. Harris |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| | |
| **Categories:** | Red Category |

Emma:

I write to memorialize our conversation from last week.  You stated that the Attorney General agrees to re-review her log and provide more details (missing authors, revised descriptions, *etc.*) for those entries that we've flagged as inadequate (such as Entry. No. 35 and Entry Nos. 41–46).  You also stated that the AG will re-review, and potentially revise, pre-March 2014 entries designated as Attorney Work Product.  With regard to entries designated as Deliberate Process Privilege (Entry Nos. 4, 47, & 240), the Attorney General agrees to re-review those entries and make changes where appropriate to add more detail so that we can fairly assess the basis for the claim of privilege.  The Attorney General also agrees to provide more detailed descriptions for withheld attachments (such as Entry Nos. 36–38 and Entry Nos. 53–56).

Suffice it to note, we still appear to have a fundamental disagreement over how broadly the AG is applying the attorney-client privilege to withhold documents.  We also disagree over the AG's attempt to invoke Common Interest Privilege (Entry Nos. 166-76) as it relates to communications with *other* states, about *other* parties, in connection with *other* cases.  We reserve all rights to challenge these, and other, entries upon receiving the AG's revised log, which we expect to receive either tomorrow or Wednesday.  As requested, please send your revised log in Excel format.

Thanks, Keith

---

**From:** Emmanuelle Soichet [mailto:Emmanuelle.Soichet@doj.ca.gov]
**Sent:** Thursday, November 12, 2015 8:31 PM
**To:** Keith Forst <keithforst@quinnemanuel.com>; Harold Barza <halbarza@quinnemanuel.com>; QE AFP Foundation Team <QEAFPFoundationTeam@quinnemanuel.com>
**Cc:** Alexandra RobertGordon <Alexandra.RobertGordon@doj.ca.gov>; Jose ZelidonZepeda <Jose.ZelidonZepeda@doj.ca.gov>; Kevin Calia <Kevin.Calia@doj.ca.gov>
**Subject:** RE: Americans for Prosperity Foundation v. Harris

5:45 p.m. would work.  Thanks for the update.

---

**From:** Keith Forst [mailto:keithforst@quinnemanuel.com]
**Sent:** Thursday, November 12, 2015 5:27 PM
**To:** Emmanuelle Soichet; Harold Barza; QE AFP Foundation Team
**Cc:** Alexandra RobertGordon; Jose ZelidonZepeda; Kevin Calia
**Subject:** Re: Americans for Prosperity Foundation v. Harris

Emma:  I'm done and available to chat at 5:30 or 5:45 instead of 6 if you'd like.  Thanks, Keith

Sent from my Verizon 4G LTE Smartphone

----- Reply message -----
From: "Emmanuelle Soichet" <Emmanuelle.Soichet@doj.ca.gov>
To: "Keith Forst" <keithforst@quinnemanuel.com>, "Harold Barza" <halbarza@quinnemanuel.com>, "QE AFP Foundation Team" <QEAFPFoundationTeam@quinnemanuel.com>
Cc: "Alexandra RobertGordon" <Alexandra.RobertGordon@doj.ca.gov>, "Jose ZelidonZepeda" <Jose.ZelidonZepeda@doj.ca.gov>, "Kevin Calia" <Kevin.Calia@doj.ca.gov>
Subject: Americans for Prosperity Foundation v. Harris
Date: Thu, Nov 12, 2015 4:56 PM

6 p.m. is fine, Keith.

**From:** Keith Forst [mailto:keithforst@quinnemanuel.com]
**Sent:** Thursday, November 12, 2015 4:43 PM
**To:** Emmanuelle Soichet; Harold Barza; QE AFP Foundation Team
**Cc:** Alexandra RobertGordon; Jose ZelidonZepeda; Kevin Calia
**Subject:** Re: Americans for Prosperity Foundation v. Harris

Emma:  My apologies, but I'm stuck in a meeting that's running late, at least until 6.  Are you available after 6?  If not, I can make myself available early tomorrow morning or around lunch time (still PT).  Thanks, Keith

Sent from my Verizon 4G LTE Smartphone

----- Reply message -----
From: "Emmanuelle Soichet" <Emmanuelle.Soichet@doj.ca.gov>
To: "Keith Forst" <keithforst@quinnemanuel.com>, "Harold Barza" <halbarza@quinnemanuel.com>, "QE AFP Foundation Team" <QEAFPFoundationTeam@quinnemanuel.com>
Cc: "Alexandra RobertGordon" <Alexandra.RobertGordon@doj.ca.gov>, "Jose ZelidonZepeda" <Jose.ZelidonZepeda@doj.ca.gov>, "Kevin Calia" <Kevin.Calia@doj.ca.gov>
Subject: Americans for Prosperity Foundation v. Harris
Date: Wed, Nov 11, 2015 6:17 PM

Keith,

We have read your letter and, while we do not agree with your position, we are prepared to discuss some changes to our privilege log.  We would like to discuss these with you before undertaking the effort of amending our privilege log and are sure that we can have a productive conversation.  As you have refused to designate Mr. Bernson as a custodian because of the difficulty involved in logging all of his documents that you consider privileged, I am sure you can appreciate our reluctance to amend our log before we speak.

I suggest we speak at 5 pm PST, since you will be available then.

Emma

**From:** Keith Forst
**Sent:** 11/11/15, 8:02 AM
**To:** Emmanuelle Soichet, Harold Barza, QE AFP Foundation Team
**Cc:** Alexandra RobertGordon, Jose ZelidonZepeda, Kevin Calia
**Subject:** RE: Americans for Prosperity Foundation v. Harris

Emma:  We've asked for a revised log so that we can have a more productive discussion.  Are you going to provide a revised log before we chat on Thursday?  If not, we'll need to treat our call on Thursday as a Rule 37-1 conference.  I'll be on the West Coast this Thursday, and can be available after 5p.  Thanks, Keith

---

**From:** Emmanuelle Soichet [mailto:Emmanuelle.Soichet@doj.ca.gov]
**Sent:** Tuesday, November 10, 2015 12:14 AM
**To:** Keith Forst <QEAFPFoundationTeam@quinnemanuel.com>
**Cc:** Alexandra RobertGordon <Kevin.Calia@doj.ca.gov>
**Subject:** RE: Americans for Prosperity Foundation v. Harris

Keith:

We are available to meet and confer about privilege logs and related issues on Thursday after 1 pm Pacific.  What time works for you?

Emma

---

**From:** Keith Forst [keithforst@quinnemanuel.com]
**Sent:** Friday, November 06, 2015 5:05 PM
**To:** Emmanuelle Soichet; Harold Barza; QE AFP Foundation Team
**Cc:** Alexandra RobertGordon; Jose ZelidonZepeda; Kevin Calia
**Subject:** RE: Americans for Prosperity Foundation v. Harris

Counsel:  Please see the attached correspondence.  Thanks, Keith

---

**From:** Emmanuelle Soichet [mailto:Emmanuelle.Soichet@doj.ca.gov]
**Sent:** Friday, October 30, 2015 9:43 PM
**To:** Harold Barza <halbarza@quinnemanuel.com>; QE AFP Foundation Team <QEAFPFoundationTeam@quinnemanuel.com>
**Cc:** Alexandra RobertGordon <Alexandra.RobertGordon@doj.ca.gov>; Jose ZelidonZepeda <Jose.ZelidonZepeda@doj.ca.gov>; Kevin Calia <Kevin.Calia@doj.ca.gov>
**Subject:** Americans for Prosperity Foundation v. Harris

Mr. Barza,

Please see the attached correspondence.  The password for the disc referred to in the letter is: AfPVol5*

Also attached are Defendant's privilege logs.

Emma Soichet
Deputy Attorney General
Government Law Section
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
(415) 703-5974 (direct)

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally

privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 4

**Sean Delphey**

| | |
|---|---|
| **From:** | Alexandra RobertGordon <Alexandra.RobertGordon@doj.ca.gov> |
| **Sent:** | Thursday, September 17, 2015 4:45 PM |
| **To:** | Carolyn Thomas; Patty Li; Emmanuelle Soichet; Jose ZelidonZepeda; Kevin Calia |
| **Cc:** | QE AFP Foundation Team |
| **Subject:** | RE: AFP Foundation v. Harris: Last Week's Meet & Confer |
| | |
| **Categories:** | Blue Category |

Carolyn,

Thank you for your email.  Now that we are aware of your position on deposition scheduling, we have reached out to Mr. Bauman and Ms. Foley regarding their availability.   We will let you know when we receive word from them.

Best,
Alexandra

**From:** Carolyn Thomas [mailto:carolynthomas@quinnemanuel.com]
**Sent:** Thursday, September 17, 2015 9:53 AM
**To:** Patty Li; Alexandra RobertGordon; Emmanuelle Soichet; Jose ZelidonZepeda; Kevin Calia
**Cc:** QE AFP Foundation Team
**Subject:** Re: AFP Foundation v. Harris: Last Week's Meet & Confer

Patty,

You've represented to the Court that you're targeting the end of September to complete your production, and we've sought an order to hold you to that.  So there's no reason to wait on scheduling depositions.  Please provide Ms. Foley's and Mr. Bauman's availability during the weeks of October 12 and 19.

Carolyn

**From:** Patty Li <Patty.Li@doj.ca.gov>
**Sent:** Wednesday, September 16, 2015 4:33 PM
**To:** Carolyn Thomas; Alexandra RobertGordon; Emmanuelle Soichet; Jose ZelidonZepeda; Kevin Calia
**Cc:** QE AFP Foundation Team
**Subject:** RE: AFP Foundation v. Harris: Last Week's Meet & Confer

Carolyn,

As a housekeeping matter, please include all of the attorneys copied here on future email correspondence.

To confirm, the Attorney General is collecting and searching electronic documents from pre-2010 found on the Registry's shared drive and other non-email locations.

We received confirmation today that we have no emails from prior to 2010 for any of the 60 custodians.

With respect to the depositions of Ms. Foley and Mr. Bauman, our last communication on this topic took place at the August 24, 2015 prefiling conference for Plaintiff's motion to compel.  On that call, I stated that we had asked the witnesses about their availability, but that we had subsequently received a letter from Plaintiff indicating that document

1

production needed to be completed before depositions could begin.  I asked Mr. Barza whether there were any witnesses that Plaintiff would like to depose before the completion of document production.  Mr. Barza stated that he or another attorney would get back to us on this issue.  Can you please confirm whether you want to wait until document production has been completed before you begin depositions?  For your information, we still expect to complete document production by September 30.

Thanks,

Patty

**From:** Carolyn Thomas [mailto:carolynthomas@quinnemanuel.com]
**Sent:** Wednesday, September 16, 2015 11:31 AM
**To:** Patty Li; Alexandra RobertGordon
**Cc:** QE AFP Foundation Team
**Subject:** RE: AFP Foundation v. Harris: Last Week's Meet & Confer

Patty,

Thank you for your response, and your confirmation that you will produce documents related to the 2005 rulemaking.  To confirm a point raised in our initial email but not addressed by you below: you agree that the Attorney General has collected and searched electronic documents from pre-2010 found on the Registry's shared drive and other non-email locations?

Second, as a follow up regarding e-mails: your email below say you will find out how many pre-2010 emails "exist." Of course, the relevant question isn't how many archived emails exist in the abstract, it's how many of those emails hit upon our agreed-upon search terms.  To the extent the Registry has pre-2010 emails in its possession, there is no reason to restrict emails to a narrower date range than what you are applying to the rest of your electronic files.  Please confirm by Friday that the Registry will search existing archived emails and review and produce accordingly.

One last item: We've waited patiently, for more than a month, for you to provide dates for Ms. Foley's and Mr. Bauman's depositions.  After all this time, however,  you've proposed not a single date for either deponent.  We've now run out of patience.  Please provide us with dates on or before this Friday.  Otherwise,  we'll promptly serve deposition notices with specific dates chosen by us.

Carolyn

**From:** Patty Li [mailto:Patty.Li@doj.ca.gov]
**Sent:** Tuesday, September 15, 2015 2:18 PM
**To:** Carolyn Thomas <carolynthomas@quinnemanuel.com>; Alexandra RobertGordon
<Alexandra.RobertGordon@doj.ca.gov>
**Cc:** QE AFP Foundation Team <QEAFPFoundationTeam@quinnemanuel.com>
**Subject:** RE: AFP Foundation v. Harris: Last Week's Meet & Confer

Carolyn,

Thank you for your email.  With respect to pre-2010 emails, I stated that we will find out how many pre-2010 emails exist.  If there are not a large number of emails, we will consider reviewing for responsiveness and producing documents accordingly, notwithstanding our objection to the 15-year date range.  I will let you know when we have this information.

We will collect and produce documents relating to the 2005 rulemaking you describe below.

We plan to send you a letter regarding our September 10 phone conference in the next day or so.

Regards,

Patty

---

**From:** Carolyn Thomas [mailto:carolynthomas@quinnemanuel.com]
**Sent:** Tuesday, September 15, 2015 1:15 PM
**To:** Patty Li; Alexandra RobertGordon
**Cc:** QE AFP Foundation Team
**Subject:** AFP Foundation v. Harris: Last Week's Meet & Confer

Patty:

I'm writing to follow-up on our meet and confer from last Thursday, September 10.  During our call, we discussed the date range for the AG's collection and production of documents.  For emails, we understand that your office made a server switch in 2010 that led to a systematic purge of emails unless individuals voluntarily archived their existing emails at that time.  You nonetheless confirmed that you will find out whether any custodians in this case archived their pre-2010 emails when that server switch happened.  If they did, you confirmed that you will collect those emails and produce responsive ones.  For electronic documents (*i.e.*, non-email documents) existing on the Registry's shared drive and/or other file and folder locations, you confirmed that you are <u>not</u> applying a January 1, 2010 cut-off date for the collection and production of those documents.  You have instead copied those shared drives and folders forensically and in their entirety, and are reviewing the contents for responsiveness.  Please confirm that our understandings are correct.  Please also let us know when you expect to report back on which custodians, if any, archived their pre-2010 emails.

In addition to the general discussion summarized above, we noted our specific expectation that the AG would collect and produce documents concerning the 2005 Rulemaking by the Registry.  This Rulemaking amended Section 301 from generally requiring "periodic written reports . . . setting forth information as to the nature of the assets held for charitable purposes and the administration thereof" to specifically require  "the Annual Registration Renewal Fee Report . . . as well as the Internal Revenue Service Form 990."  *See* California Office of Administrative Law, File No. 05-0429-03 SR.  Documents related to this rule change, including but not limited to any documents concerning or referring to Schedule B, are responsive to RFP Nos. 6, 7, 10 and 11.  Please confirm that the AG will collect and produce any such documents.

Finally, we also discussed a number of issues surrounding our collection and production of documents.  You stated that you would be sending a follow-up email to confirm our conversation and to otherwise ask for further clarification or additional information.  We await that email and look forward to reviewing it.

Regards,

**Carolyn Thomas**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5136 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
carolynthomas@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 5

Message

| | |
|---|---|
| **From**: | Tania Ibanez [Tania.Ibanez@doj.ca.gov] |
| **Sent**: | 3/18/2014 7:40:51 PM |
| **To**: | Katherine Rose [katherine.rose@doj.ca.gov] |
| **Subject**: | RE: Schedule B |

**Redacted**

Tania M. Ibanez

**From:** Katherine Rose
**Sent:** Tuesday, March 18, 2014 12:36 PM
**To:** Tania Ibanez
**Subject:** RE: Schedule B

# Redacted

Katie Rose, Staff Services Analyst

Attorney General's Office

Registry of Charitable Trusts

(916) 327-5820

**From:** Tania Ibanez
**Sent:** Tuesday, March 18, 2014 12:21 PM
**To:** Katherine Rose
**Subject:** FW: Schedule B

# Redacted

Tania M. Ibanez

**From:** Tania Ibanez
**Sent:** Thursday, March 06, 2014 3:45 PM
**To:** RRF1
**Subject:** RE: Schedule B

# Redacted

Tania M. Ibanez

ATTYGEN00003718

Senior Assistant Attorney General

California Attorney General's Office

Charitable Trusts Section

300 S. Spring Street, Suite 1702

Los Angeles, CA 90013

(213) 897-0218



**From:** RRF1
**Sent:** Thursday, February 27, 2014 9:15 AM
**To:** Tania Ibanez
**Subject:** FW: Schedule B

# Redacted

Katie Rose

Registry of Charitable Trusts

RRF1@doj.ca.gov

ATTYGEN00003719

**From:** Ron Barrett [mailto:rbarrett@nationalcorp.com]
**Sent:** Thursday, February 27, 2014 3:59 AM
**To:** RRF1
**Subject:** Schedule B

To whom it may concern,

As the co-author of *Nonprofit Fundraising Registration: The 50-State Guide*, Nolo, 2nd Ed, 2012, and as the VP of Nonprofit Services at NCR, I am frequently asked why your office insists on receiving a copy of Schedule B from the IRS form 990 when charities file the RRF-1. Can you provide me with any guidance on this? Is this a statutory or regulatory requirement? Is there a specific reason you require this schedule?

Any input you can provide is greatly appreciated.

Thanks,

Ron

**Ron Barrett**

**Vice President of Nonprofit Services**

**National Corporate Research**

**1025 Vermont Ave, NW, Suite 1130**

**Washington, DC 20005**

**202-370-4755**

**rbarrett@nationalcorp.com**

**www.nationalcorp.com**

If you need to send me a file larger than 8MB please use this link

*Keep the focus on your mission…let NCR fulfill your <u>Charitable Registration</u>, <u>Sales Tax Exemption</u>, <u>Business License</u>, <u>Registered Agent</u>, <u>Corporate</u> and <u>Annual Report Compliance</u> needs!*

**Connect with us:**

   



**NATIONAL CORPORATE RESEARCH, LTD.®**
*The Right Response at the Right Time, Every Time.™*
1025 VERMONT AVENUE, N.W., SUITE 1130
WASHINGTON, DC 20005
(800) 494-5225    Fax (800) 494-7512

National Corporate Research, Ltd. does not provide legal advice or render legal services. If you require legal advice, please consult the services of a competent professional attorney. This e-mail is for informational purposes only and is not a substitute for professional legal advice.

ATTYGEN00003721

# EXHIBIT 6

QUINN EMANUEL URQUHART & SULLIVAN LLP
Harold Barza (California Bar No. 80888)
   halbarza@quinnemanuel.com
Carolyn Thomas (California Bar No. 286441)
   carolynthomas@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3100

William Burck (DC Bar No. 4015426) (*pro hac vice*)
   williamburck@quinnemanuel.com
Derek Shaffer (California Bar No. 212746)
   derekshaffer@quinnemanuel.com
Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
   jonathancooper@quinnemanuel.com
777 Sixth Street NW, 11th Floor
Washington, DC 20001
Telephone:  (202) 538-8000

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>Plaintiff,<br><br>vs.<br><br>**KAMALA HARRIS,**<br>in her Official Capacity as Attorney General of California,<br><br>Defendant. | Case No. 2:14-cv-09448-R-FFM<br><br>**AMERICANS FOR PROSPERITY FOUNDATION'S FIRST SET OF INTERROGATORIES TO KAMALA HARRIS** |

## FIRST SET OF INTERROGATORIES

Plaintiff Americans for Prosperity Foundation requests that Defendant Kamala Harris respond within 30 days to the following interrogatories, in accordance with Federal Rules of Civil Procedure 26 and 33.

## DEFINITIONS

1.    **"ATTORNEY GENERAL"** refers to Defendant Kamala Harris, in her official capacity as Attorney General of California, as well to as any agents, representatives, or other person acting on her behalf, to any current or former employees of the Attorney General, and to any offices or units she oversees, including (but not limited to) the Charitable Trusts Section, the Legal and Audits Unit, and the REGISTRY.

2.    **"DOCUMENT"** and **"DOCUMENTS"** are defined broadly to be given their full scope under Federal Rule of Procedure 34(a).  These terms include written, graphic, or otherwise recorded material, including without limitation: books, calendars, charts, checks or check stubs, diaries, disks, drafts, electronic records, emails, graphs, information in databases, instant messages, ledgers, letters, licenses, logs, memorandums, minutes, notes, papers, photographs, receipts, recordings, text messages, time sheets, videos, and voice messages.

3.    **"FORM 990"** refers collectively to IRS Form 990, IRS Form 990-EZ, and IRS Form 990-PF.

4.    **"FOUNDATION"** refers to plaintiff Americans for Prosperity Foundation.

5.    **"IDENTIFY"** means, when used with respect to a natural person, to state the person's full name, current or last known job title, current or last known work email address, current or last known office address, and current or last known telephone contact information.  When used with respect to a DOCUMENT, "IDENTIFY" means to state the title, date, author, and each addressee and recipient of that DOCUMENT.

6.    **"IRS"** refers to the Internal Revenue Service, the bureau of the U.S. Department of the Treasury.

7.    **"REGISTRY"** refers to the ATTORNEY GENERAL's Registry of Charitable Trusts.

8.    **"SCHEDULE B"** refers to the IRS form Schedule B (Form 990, 990-EZ, or 990-PF), titled "Schedule of Contributors," as well as to any DOCUMENT that contains information (such as the names or addresses of a charitable organization's donors) derived from an IRS form Schedule B (Form 990, 990,-EZ, or 990-PF).

9.    **"SCHEDULE B CONFIDENTIALITY POLICY"** and **"POLICY"** refer to the ATTORNEY GENERAL's purported policy of keeping Schedule B confidential.  This is the purported policy mentioned in the ATTORNEY GENERAL's Opposition to Plaintiff's Motion for Preliminary Injunction. *E.g.*, ECF No. 23 at 18 n.13 ("[I]t has always been the policy of the Attorney General to keep Schedule B confidential.").

10.    **"SCHEDULE B DEFICIENCY LETTER"** and **"SCHEDULE B DEFICIENCY LETTERS"** refer to any correspondence issued by the ATTORNEY

GENERAL to inform a charitable organization that a filing is incomplete because the filing did not include an unredacted copy of SCHEDULE B, including (but not limited to) correspondence modeled after the form letter "Doc CT-547A Schedule of Contributors." Examples of SCHEDULE B DEFICIENCY LETTERS include ECF No. 1-1 Exhibits B, C, D, and E.

11. **"SCHEDULE B PENALTY"** and **"SCHEDULE B PENALTIES"** refer to any measure taken by the ATTORNEY GENERAL to punish a charitable organization for not submitting to the REGISTRY an unredacted copy of its SCHEDULE B, including (but not limited to) the following measures: (a) notification to the California Franchise Tax Board to disallow or revoke a charitable organization's tax exemption, (b) imposition of late fees on a charitable organization or its directors, trustees, officers, or return preparers, and (c) suspension of the registration of a charitable organization.

12. **"SCHEDULE B PENALTY LETTER"** and **"SCHEDULE B PENALTY LETTERS"** refer to any correspondence issued by the ATTORNEY GENERAL to warn a charitable organization of an impending penalty because the organization did not submit an unredacted copy of SCHEDULE B to the REGISTRY, including (but not limited to) correspondence modeled after the form letter "CT-451 Warning of Impending Tax Assessment Notification." Examples of SCHEDULE B PENALTY LETTERS include ECF No. 1-1 Exhibit H and ECF No. 26-1, Exhibit B at 12–13.

13. **"SCHEDULE B SUBMISSION REQUIREMENT"** and **"REQUIREMENT"** refer to the ATTORNEY GENERAL's purported requirement

1  that a charitable organization annually submit an unredacted copy of its

2  SCHEDULE B to the REGISTRY.  This is the purported requirement mentioned in

3  the ATTORNEY GENERAL's Opposition to Plaintiff's Motion for Preliminary

4  Injunction.  *E.g.*, ECF No. 23 at 1 ("[S]tate law . . . vests the Attorney General with

5  broad regulatory authority, such as the power to require charitable organizations to

6  furnish information and reports.  Plaintiff challenges one such requirement: that it

7  annually submit an unredacted copy of its IRS Form 990, Schedule B, which lists

8  identifying information for its major donors.").

9        14.    **"YOU"** and **"YOUR"** refer to the ATTORNEY GENERAL.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# INSTRUCTIONS

1.     **Respond to the Extent Possible**: Respond completely to each of these interrogatories.  If unable to respond completely, respond to the extent possible and specify the reasons for YOUR inability to respond completely, including any privilege claimed and the basis for the claim of privilege.

2.     **Interrogatories**: Answer each interrogatory based on all information available to YOU as of the date of the answer.  In responding to each interrogatory, YOU are to review and search all relevant files of all appropriate persons within YOUR possession, custody, or control.   Each answer should be immediately preceded by the text of the interrogatory to which it responds.

3.     **Supplementation**: Supplement your answers and responses promptly, as required by Federal Rule of Civil Procedure 26(e).

# INTERROGATORIES

**Interrogatory 1**: IDENTIFY and briefly describe the role played by each individual involved in creating, amending, enforcing, or memorializing the SCHEDULE B SUBMISSION REQUIREMENT and/or the SCHEDULE B CONFIDENTIALITY POLICY.

**Interrogatory 2**: IDENTIFY each individual YOU allow to access an unredacted SCHEDULE B and briefly describe why that individual has access.

**Interrogatory 3**: IDENTIFY and briefly describe the role played by each individual involved in: processing, reviewing, or storing a FORM 990 or SCHEDULE B submitted to the REGISTRY by a charitable organization; issuing a SCHEDULE B DEFICIENCY LETTER or a SCHEDULE B PENALTY LETTER; or imposing a SCHEDULE B PENALTY.

**Interrogatory 4**: IDENTIFY and briefly describe the role played by each individual involved in processing, reviewing, or storing filings submitted to the REGISTRY by the FOUNDATION, or involved in corresponding with the FOUNDATION, including (but not limited to) the letters reproduced at ECF No. 1-1 Exhibits B, C, D, E, G, and H.

**Interrogatory 5**: IDENTIFY and briefly describe the role played by each individual involved in YOUR internal deliberations or in YOUR external communications—including (but not limited to) communications with the National Association of Attorneys General, with lobbyists, with members of Congress, or with IRS officials—regarding efforts to amend 26 U.S.C. § 6104 or any other federal law regulating disclosure of SCHEDULE B.

**Interrogatory 6**: Describe in detail the SCHEDULE B SUBMISSION REQUIREMENT, including (but not limited to) the contents of this REQUIREMENT and of any exceptions; the date of its creation and of any amendments; the legal authority for this REQUIREMENT; the reason(s) for instituting this REQUIREMENT; and where this REQUIREMENT is memorialized.

**Interrogatory 7**: Describe in detail how YOU enforce the SCHEDULE B SUBMISSION REQUIREMENT, including (but not limited to) how YOU determine a charitable organization is not in compliance with the REQUIREMENT, under what circumstances YOU issue SCHEDULE B DEFICIENCY LETTERS and/or SCHEDULE B PENALTY LETTERS, and under what circumstances YOU impose SCHEDULE B PENALTIES.

**Interrogatory 8**: Describe in detail each compelling interest YOU contend is advanced by the SCHEDULE B SUBMISSION REQUIREMENT.

**Interrogatory 9**: Describe in detail each alternative to the SCHEDULE B SUBMISSION REQUIREMENT that YOU have considered.

**Interrogatory 10**: Describe in detail ten specific instances in which possessing the names and addresses listed in an unredacted SCHEDULE B submitted by a charitable organization to the REGISTRY enabled YOU to determine that a specific organization has violated the law, including laws against self dealing, Cal. Corp. Code § 5233; improper loans, *id.* § 5236; interested persons, *id.* § 5227; or illegal or unfair business practices, Cal. Bus. & Prof. Code § 17200.

**Interrogatory 11**: Provide a breakdown of the REGISTRY's annual budget and annual expenditures for each year since 2000, including (but not limited to) the

amount spent each year on enforcing the SCHEDULE B SUBMISSION REQUIREMENT.

**Interrogatory 12**: Describe in detail each attempt YOU have made since the year 2000 to obtain additional funds or staff to enforce the SCHEDULE B SUBMISSION REQUIREMENT.

**Interrogatory 13**: For each month since the year 2000, state both the number of SCHEDULE B DEFICIENCY LETTERS and the number of SCHEDULE B PENALTY LETTERS issued in that month.

**Interrogatory 14**: Describe in detail why YOU accepted the FOUNDATION's annual reports as complete for each year from 2001 through 2010—as indicated by ECF No. 1-1 Exhibit A—notwithstanding the lack of an unredacted SCHEDULE B in those reports.

**Interrogatory 15**: Describe in detail the SCHEDULE B CONFIDENTIALITY POLICY, including (but not limited to) the contents of this POLICY and of any exceptions; how this POLICY can be amended; the date of its creation and of any amendments; the legal authority for this POLICY; the reason(s) for instituting this POLICY; and where this POLICY is memorialized.

**Interrogatory 16**: Describe in detail each measure YOU take to keep confidential an unredacted SCHEDULE B filed with the REGISTRY by a charitable organization.

**Interrogatory 17**: Describe in detail the circumstances under which YOU allow third parties—including (but not limited to) other state and federal officials—to access an unredacted SCHEDULE B.

1  **Interrogatory 18**: Describe in detail each instance in which an unredacted

2  SCHEDULE B was disclosed to the public or to an unauthorized person or persons,

3  and what, if any, remedial measures were taken to rectify the disclosure and/or to

4  discipline those responsible for the disclosure.

5  **Interrogatory 19**: Describe in detail all training concerning SCHEDULE B

6  that YOU have provided or will provide.

7

8  Dated:  April 7, 2015                 Respectfully submitted,

9                                        QUINN EMANUEL URQUHART &
                                         SULLIVAN LLP
10

11

12  By  *Harold Barza*
      _____
      Harold Barza

13
                                         *Attorneys for Plaintiff*
14                                       *Americans for Prosperity Foundation*

15

16

17

18

19

20

21

22

23

24

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On **April 7, 2015,** I served true copies of the following document(s) described as:

## AMERICANS FOR PROSPERITY FOUNDATION'S
## FIRST SET OF INTERROGATORIES TO KAMALA HARRIS

on the parties in this action as follows:

| | |
|---|---|
| **Alexandra Robert Gordon**<br>Deputy Attorney General<br>California Department of Justice<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br><br>(415) 703-5509 (ph.)<br>(415) 703-5480 (fax) | **Def. Kamala Harris,** in her Official Capacity as Attorney General of California |

[ √ ]    **[BY MAIL]** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 7, 2015,** at Los Angeles, California.

ALBERT V. VILLAMIL

# EXHIBIT 7

1

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION


-------------------------------x

AMERICANS FOR PROSPERITY
FOUNDATION,

         Plaintiff,

    v.

KAMALA HARRIS, in her Official
Capacity as Attorney General of
the State of California,

        Defendant.

-------------------------------x



VIDEOTAPED DEPOSITION OF STEVEN BAUMAN

Los Angeles, California

October 29, 2015

9:41 a.m.




Reported by:
Kristi Caruthers, CLR, CSR 10560
Job No: 41445

STEVEN BAUMAN

**Page 2**

1
2       Steven Bauman
3       October 29, 2015
4       9:41 a.m.
5
6           Videotaped Deposition of STEVEN
7       BAUMAN, held at the offices of
8       Quinn, Emanuel, Urquhart & Sullivan
9       LLP, 865 South Figueroa, 10th Floor,
10      Los Angeles, California, pursuant to
11      notice, before Kristi Caruthers, CLR,
12      CSR Number 10560.
13
14
15
16
17
18
19
20
21
22
23
24
25

**Page 3**

1           A P P E A R A N C E S
2
3       FOR THE PLAINTIFF AMERICANS FOR PROSPERITY
4       FOUNDATION:
5           QUINN EMANUEL URQUHART & SULLIVAN, LLP
6           777 6th Street NW, 11th Floor
7           Washington, DC  20001
8           202.538.8000
9       BY:  KEITH H. FORST, ESQ.
10              keithforst@quinnemanuel.com
11              SEAN DELPHEY, ESQ.
12              seandelphey@quinnemanuel.com
13
14      FOR THE DEFENDANT ATTORNEY GENERAL KAMALA D.
15      HARRIS:
16          DEPARTMENT OF JUSTICE
17          OFFICE OF THE ATTORNEY GENERAL
18          CIVIL DIVISION
19          GOVERNMENT LAW SECTION
20          1300 I Street
21          Sacramento, California
22          916.322.6114
23      BY:  KEVIN A. CALIA, ESQ.
24          kevin.calia@doj.ca.gov
25

**Page 4**

1           A P P E A R A N C E S
2
3       FOR THE DEFENDANT ATTORNEY GENERAL KAMALA D.
4       HARRIS:
5           DEPARTMENT OF JUSTICE
6           OFFICE OF THE ATTORNEY GENERAL
7           DEPUTY ATTORNEY GENERAL
8           300 South Spring Street
9           Suite 1702
10          Los Angeles, California  90013
11          213.897.5677
12      BY:  KIM L. NGUYEN, ESQ.
13              kim.nguyen@doj.ca.gov
14          -- AND --
15          DEPARTMENT OF JUSTICE
16          OFFICE OF ATTORNEY GENERAL
17          455 Golden Gate Avenue
18          Suite, 1100
19          San Francisco, California  94102-7004
20          415.703.1577
21      BY:  ALEXANDRA ROBERT GORDON, ESQ.
22              alexandra.robertgordon@doj.ca.gov
23      (Telephonic Appearance)
24
25

**Page 5**

1           A P P E A R A N C E S
2
3       ALSO PRESENT:
4           Scott McNair, Videographer
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2 (Pages 2 to 5)

STEVEN BAUMAN

6

1          LOS ANGELES, CALIFORNIA
2     THURSDAY, OCTOBER 29, 2013
3             9:41 A.M.
4             ---o0o--
5
6          THE VIDEOGRAPHER:  Good morning.
7   This begins the video deposition of Steve Bauman
8   in the matter of "Americans for Prosperity
9   Foundation versus Kamala Harris in her official
10  capacity as Attorney General of the State of
11  California."  This case is before the
12  United States District Court for the Central
13  District of California, Western Division.
14          This deposition is being held at
15  865 South Figueroa Street on the 10th floor in
16  Los Angeles, California.
17          Today's date is October 29th, 2015.
18  Time is approximately 9:41 a.m.
19          My name is Scott McNair from the
20  firm of David Feldman Worldwide.  I'm the legal
21  video specialist.  The court reporter today is
22  Kristi Caruthers, also in association with David
23  Feldman Worldwide.
24          Will counsel please identify
25  themselves for the record.

7

1          MR. FORST:  Good morning.  Keith
2   Forst from Quinn Emanuel Urquhart & Sullivan on
3   behalf of the plaintiff, Americans for Prosperity
4   Foundation, and with me is my colleague, Sean
5   Delphey.
6          MR. CALIA:  Good morning.  Kevin
7   Calia from the California Department of Justice on
8   behalf of the defendant, the Attorney General of
9   the State of California.
10          MS. NGUYEN:  Good morning.  Kim
11  Nguyen from the Department of Justice as well on
12  behalf of Kamala Harris, Attorney General.
13          THE VIDEOGRAPHER:  Thank you.
14          Will the court reporter please
15  swear in the witness.
16
17          STEVEN BAUMAN,
18  called as a deponent and sworn in by
19  the deposition reporter, was examined
20     and testified as follows:
21
22          DEPOSITION REPORTER:  Right hand,
23  please.
24          Do you solemnly swear that the
25  testimony you are about to give in this matter

8

1   shall be the truth, the whole truth, and nothing
2   but the truth, so help you God?
3          THE DEPONENT:  Yes.
4          DEPOSITION REPORTER:  Please
5   commence.
6          MR. CALIA:  One more matter for the
7   record.  Counsel for the plaintiff had asked us to
8   identify that we have a lawyer listening in on the
9   phone for the California Department of Justice.
10  That's Alexandra Robert Gordon.
11
12          EXAMINATION
13  BY MR. FORST:
14     Q.  Good morning, Mr. Bauman.
15     A.  Good morning.
16     Q.  How are you?
17     A.  Good.
18     Q.  Before today we haven't met; is
19  that correct?
20     A.  Yes.
21     Q.  Have you ever been deposed before,
22  Mr. Bauman?
23     A.  Yes.
24     Q.  How many times?
25     A.  Twice.

9

1     Q.  When was the last one?
2     A.  Approximately four or five years
3   ago.
4     Q.  Okay.  So it's been a little bit of
5   time.  I will get into those briefly, but I just
6   want to run over a couple ground rules.
7          Kristi will be taking down our
8   conversation and it's not a typical conversation,
9   so we need to be careful not to speak over one
10  another.  I'll do my best to let you finish an
11  answer and I'll ask that you let me finish my
12  question before you answer.
13          If at any time you want to clarify
14  an answer, let me know and you'll be free to do
15  that.  Your counsel, I'm sure he's explained to
16  you he may from time to time interpose objections.
17  Unless he instructs you not to answer, the rules
18  of the road are you are to provide an answer.
19          If you need to take a break at any
20  time, just say the word.  All I ask is that if
21  there's a question pending you'll finish your
22  answer before we take a break.
23          Other than that, I think that's
24  generally the way it's going to go.  If you have
25  any questions along the way, just let me know.

3  (Pages 6 to 9)

STEVEN BAUMAN

10

1      Do you understand that you're here
2  as a 30(b)(6) witness in connection with your
3  deposition today?
4      A.  Yes.
5      Q.  Okay.
6          MR. FORST:  Kristi, can we mark
7  this.
8          (Whereupon, Bauman Exhibit 1 was
9          marked for identification by the
10         deposition reporter and is attached
11         hereto.)
12  BY MR. FORST:
13      Q.  Mr. Bauman, what's in front of you
14  has been marked Exhibit Number 1.  You can take a
15  moment to flip through it, if you'd like.
16          I will -- as I understand it,
17  you've been designated to testify regarding
18  Topic 10, which is on Page 8; is that correct?
19      A.  Yes.
20      Q.  Okay.  And are you prepared today
21  to testify about this topic?
22      A.  Yes.
23      Q.  Okay.  What did you do to prepare
24  to testify concerning this topic?
25      A.  I reviewed the declarations that I

11

1  had previously signed.  I reviewed our response to
2  the interrogatory.
3      Q.  Did you review any other documents?
4          MR. CALIA:  Objection; vague.
5          THE DEPONENT:  I reviewed a log
6  that I keep to show who has been assigned to some
7  of the cases that we were discussing in the
8  responses to the interrogatories.
9  BY MR. FORST:
10      Q.  When you say "the cases," that's
11  people within your department that are personally
12  responsible for particular investigations or
13  audits?
14      A.  Yes.
15      Q.  Do you understand that that log has
16  been produced in this case?
17      A.  I don't believe it has.
18      Q.  I want to go back.  Earlier you
19  said "declarations."
20          Have you submitted more than one
21  declaration in connection with this case?
22      A.  I believe there were two.
23      Q.  There were two?
24          And do you know -- can you describe
25  briefly which -- each of those declarations?  Are

12

1  they any different?
2      A.  No, they're -- they were pretty
3  much the same.
4      Q.  Okay.  And were they both submitted
5  in connection with this case?
6      A.  Yes.
7      Q.  Okay.  I want to go back to that
8  log that you just mentioned.
9          Besides the log, are there other
10  documents, reports, other summaries about those
11  ongoing investigations or audits that are detailed
12  in your response to Interrogatory Number 10?
13      A.  There probably are.  Just generally
14  speaking, when we work a case, they'll draft a
15  memo report to the attorney, the deputy attorney
16  general assigned to the case.  I have not reviewed
17  those.
18      Q.  Do you typically review those
19  before they go to the deputy attorney general?
20      A.  Sometimes.  If the investigative
21  auditor wants me to take a look at it and see what
22  my thoughts are, I'll do so.
23      Q.  But that's not necessarily a
24  standard operating procedure, that you review
25  everything before it goes on to the --

13

1      A.  It depends on the level of the
2  investigative auditor, how long they've been with
3  our department.  There does come a time where it's
4  not a practice that automatically, "Give me your
5  report.  I'll take a look at it before it goes
6  up."
7      Q.  Okay.  And so it would be your
8  expectation for at least each of the ten examples
9  provided in Interrogatory Number 10 that there
10  would either be a report in progress being drafted
11  or a final report already issued?
12          MR. CALIA:  Objection; compound.
13          THE DEPONENT:  Yes.  There are
14  times -- these cases are worked in conjunction
15  with the attorney assigned to it and the auditor,
16  and there are times where, depending on the
17  situation, a report is not drafted because the
18  DAG -- for purposes of this, when I say "DAG," I'm
19  referring to deputy attorney general.
20      Q.  I understand.  Thanks.
21      A.  -- the DAG is in the loop the whole
22  time and a report may not be necessary.
23      Q.  Could you get access to these
24  reports?
25      A.  Yes.

4  (Pages 10 to 13)

STEVEN BAUMAN

---

14

1      Q.  Do you have any understanding
2  whether they've been produced in connection with
3  this case?
4      A.  I do not know.
5      Q.  Okay.  Did you meet with counsel --
6  and I don't want to get into the specifics of your
7  discussion, but did you meet with counsel before
8  your deposition today?
9      A.  Yes.
10     Q.  Okay.  And when was that?
11     A.  Yesterday.
12     Q.  And for how long, roughly?
13     A.  It was off and on throughout the
14  day.  Total of five hours.
15     Q.  And who was present at your
16  meeting?
17     A.  Kevin -- I'm sorry.  I'm drawing a
18  blank.
19     MS. NGUYEN:  Kim.
20  BY MR. FORST:
21     Q.  Kevin and Kim?
22     A.  Kevin and Kim who are here today.
23     Q.  Were there any other attorneys
24  present?
25     A.  No.

---

15

1      Q.  Did you call anybody during the
2  course of the meeting?
3      A.  No.
4      Q.  And did you speak to any of your
5  colleagues in connection with your preparation for
6  your testimony today?
7      A.  No.
8      MR. CALIA:  Objection; vague as to
9  time.
10  BY MR. FORST:
11     Q.  You said you had testified -- or
12  been deposed twice before; correct?
13     A.  Correct.
14     Q.  And the last one was about four or
15  five years ago?
16     A.  Correct.
17     Q.  Do you recall generally what case
18  that was in connection with?
19     A.  I recall what case that was in
20  connection with.
21     Q.  Okay.  That's even better than
22  generally.
23     What case was it?
24     MR. CALIA:  And if this is a -- so
25  far, we haven't established whether this is a

---

16

1  California Department of Justice case, but
2  depending on whether it is or not, that we may
3  assert an objection that -- investigative
4  privilege over cases.
5      Why don't you lay a foundation.
6  BY MR. FORST:
7      Q.  If you understand my question, you
8  can answer it.
9      A.  Health Hospitalized Veterans.
10     Q.  Is that Health Hospitalized
11  Veterans?
12     A.  Yes.
13     Q.  And that was the plaintiff in the
14  case?
15     A.  That was the defendant.
16     Q.  Defendant.
17     And who was the plaintiff?
18     A.  The State.
19     Q.  State of California?
20     A.  Correct.
21     Q.  Okay.  And what was the general
22  nature of that case?
23     A.  They had raised large sums of
24  money.  Very little of it went to charity.  There
25  was excessive -- we believe there was excessive

---

17

1  compensation.  We had issues with some of the ways
2  that they were accounting for a couple of things.
3      Q.  Okay.  And your testimony generally
4  concerned those two aspects?  Your investigation
5  related to excessive compensation and accounting
6  issues?
7      A.  Yes.
8      Q.  Did your testimony at all concern
9  the use of or utility of a Schedule B in
10  connection with your investigation?
11     A.  I do not believe so.
12     Q.  And were you the auditor that
13  investigated Health Hospitalization of Veterans
14  before the enforcement proceeding?
15     A.  There were two of us.
16     Q.  Okay.  It was yourself and who
17  else?
18     A.  Adrienne Watts, W-a-t-t-s.
19     Q.  And if you can think back to when
20  you guys kicked off that investigation, what was
21  the genesis or what clued you in to a problem with
22  the Health Hospitalization (sic) Veterans that you
23  guys started to investigate?
24     A.  I -- I really don't recall.
25     Q.  You don't remember?  You don't

---

5 (Pages 14 to 17)

STEVEN BAUMAN

18

1 recall if it was somebody calling you and alerting
2 you to potentially-excessive compensation?
3          A.  I -- I want to say it was a -- it
4 had to do with a media story.  I don't recall the
5 format, whether it was print or television, but I
6 wouldn't swear to that.  That is my recollection.
7          Q.  Fair enough.  I understand that.
8              And by "media story," in connection
9 with your job, is that something that you just
10 generally peruse and pay attention to, are media
11 stories that come out through Google alerts or
12 other realtime feeds like that?
13          A.  I'm not really sure I understand
14 your question.  I don't go doing Google searches
15 and look specifically for stories involving
16 charities, if that's your question.
17          Q.  Sure.  Well, it really stems from
18 I've noticed that there's a Listserv charity, too.
19              Are you familiar with that?
20          A.  Yes.
21          Q.  And are you part of that Listserv
22 E-mail address?
23          A.  Yes.
24          Q.  And I have seen in connection with
25 this production that occasionally stories, media

19

1 stories get forwarded to you through that
2 Listserv; is that correct?
3          A.  Correct.
4          Q.  Is that typically one way -- or is
5 that one way in which you guys will be clued in to
6 a potential issue that you start to investigate,
7 through stories coming through that Listserv?
8              MR. CALIA:  Objection; vague as to
9 "you guys."
10             THE DEPONENT:  That has happened.
11 BY MR. FORST:
12          Q.  Okay.  And you understand by "you
13 guys," I'm specifically talking about your
14 auditing team and department; right?
15          A.  Yes.
16          Q.  Okay.  What was the second
17 deposition that you gave?  What case was that?
18          A.  That was Orange County Charitable
19 Services.
20          Q.  And which side of the caption were
21 you guys on, plaintiff or defendant?
22          A.  We were plaintiff.
23          Q.  And what was the general nature of
24 that case?
25          A.  That one was a situation where

20

1 there was a fundraiser and he created three
2 charities, put friends and family in charge of
3 them.  We believe that they all went to him really
4 for approval in anything that the charities
5 actually did.  The charities were really just a
6 vehicle for him to raise funds.
7          Q.  I see.  So almost like self-dealing
8 or interested transaction between these charities?
9          A.  You know, I don't -- I'm not really
10 sure whether that would be self-dealing because he
11 wasn't part of the charity, technically, even
12 though he ran -- they had to come to him, so that
13 aspect, I don't know.  That would be up to the
14 attorney to decide.
15          Q.  I see.  And what alerted you to, if
16 you can remember back, to potential illegal
17 behavior with this charity?
18          A.  I -- that one was -- estimating
19 about 17 years ago.  I have no idea.
20          Q.  Do you have records that you could
21 access about this investigation in particular?
22          A.  I don't know.
23          Q.  You don't know?
24          A.  I don't know if those records are
25 still around.  I would have to look.

21

1          Q.  So what is your title, sir?
2          A.  Supervising Investigating Auditor.
3          Q.  And how long you have been the
4 supervising investigating auditor?
5          A.  14 years.
6          Q.  14 years.  So 2001-ish?
7          A.  2001.
8          Q.  2001.  And in connection with your
9 supervisory role, do you guys have a repository or
10 a folder or shared drive where you keep all of the
11 work that your team performs in connection with
12 investigations and audits?
13          A.  Yes.
14          Q.  Okay.  And does that folder or
15 repository have a name?
16          A.  It's twofold.  For hard documents,
17 the actual paper -- I wish I could get more
18 specific.  I don't know the details behind it --
19 we call it archives.  We give the boxes to the
20 secretaries and they send them to archives.  Where
21 that's located, I don't know.
22          Q.  Okay.
23          A.  Then there is something else called
24 ProLaw, and that is an electronic version where
25 reports, PDFs, documents -- it's a program that

6 (Pages 18 to 21)

STEVEN BAUMAN

22

1    kind of manages the cases' documents.
2        Q.  I see.  And it's where your team
3    specifically drops documents, PDFs, reports in
4    connection with the investigations or audits that
5    they perform; correct?
6        A.  Yes.
7        Q.  Do you have access to that?
8        A.  Yes.
9        Q.  Do you know whether in connection
10   with this case you searched either your paper
11   documents or ProLaw for documents that might be
12   responsive to the issues going on in this case?
13       A.  For the Orange County Charitable
14   Services case?
15       Q.  Just generally.
16       A.  Just generally?  I went through the
17   cases that had been assigned since 2005 to see if
18   any of them rang a bell with me about the use of
19   Schedule B.
20       Q.  Okay.  And let me understand.
21           When you use the word "case," are
22   you referring to an investigation, an audit, an
23   enforcement proceeding, all of those things?  I
24   just want to understand we're on the same place
25   with that terminology.

23

1        A.  When I use the word "case" on
2    discussing something that has been assigned that
3    has been investigated to some extent, that doesn't
4    mean that necessarily anything came of it.
5        Q.  It doesn't necessarily mean
6    anything came of it other than there was an
7    investigation assigned out to somebody on your
8    team and some amount of work performed?
9        A.  Correct.
10       Q.  So when you use "case," that means
11   somebody was specifically assigned to a task of
12   looking into some issue?
13       A.  Yes.
14       Q.  Okay.  Does the ProLaw database go
15   back to when Schedule B was created in the year
16   2000?
17           MR. CALIA:  Objection; lacks
18   foundation.
19           THE DEPONENT:  I -- ProLaw has been
20   around for a while.  I don't recall when it first
21   came out.  I don't know if it went back to 2000 or
22   not.  I'd be surprised if it went back to 2000,
23   but it has been around for years.  I don't recall
24   when it started.
25   ///

24

1    BY MR. FORST:
2        Q.  Okay.  But you specifically looked
3    for cases from -- drawing a date certain like 2005
4    and forward?
5        A.  To clarify, I keep -- we had
6    discussed this log earlier.  I keep, myself, a log
7    of the assignments that are made, and I went
8    through the assignments that I've been assigned to
9    on that log.  That log goes back to 2005 -- that's
10   not on ProLaw -- and went through the cases that I
11   looked at or that I was assigned to to see if any
12   Schedule B -- anything responsive to your request.
13       Q.  I see.  Did you look at -- does
14   your log include things that were assigned to your
15   colleagues within the auditing and enforcement
16   section?
17       A.  Yes.
18       Q.  Did you look at their log entries
19   to see if anything might have indicated
20   Schedule B?
21       A.  Their cases on ProLaw?  No, I did
22   not.  I asked them to do that.
23       Q.  I see.  And with the same
24   instruction from 2005 forward?
25       A.  Yes.

25

1        Q.  And so this log that you described
2    is your personal, Mr. Bauman's, log and you're
3    colleagues might not have one or a similar one?
4        A.  Correct.
5        Q.  I got it.  So you don't keep track
6    of other people's investigations on your log;
7    that's your log and your work?
8        A.  No.  This is a log of all the
9    assignments that I make to my people.  When I say
10   "my people," I'm talking about the other
11   investigative auditors.  I don't keep a log of
12   assignments made to the DAGs.
13       Q.  Okay.  So two questions there:  How
14   many auditors are on your team presently?
15       A.  Presently in Los Angeles there are
16   four.
17       Q.  Including yourself?
18       A.  No, not including myself.
19       Q.  So would you say you're a team of
20   five in Los Angeles, then?
21       A.  Yes.
22       Q.  Okay.  And then that suggests that
23   there are team members located elsewhere?
24       A.  There are three more in
25   San Francisco.

7 (Pages 22 to 25)

STEVEN BAUMAN

26

1        Q.  Three more.
2            And in 2005, how many team members
3    were there in total?
4        A.  I would be estimating.  Let me try
5    to think back to what was going on in 2005.
6            I'm estimating approximately six.
7    Regardless of really the time, I think we've been
8    a minimum of four and a maximum of seven in L.A.
9        Q.  In L.A.
10           And that's between 2005 and 2015
11   it's fluctuated between roughly four and seven?
12       A.  Yes.
13       Q.  Okay.  Now, by fluctuated, has it
14   gone up or down or has your budget steadily
15   increased where you're adding team members over
16   the last decade?
17       A.  It's actually gone down.
18       Q.  Your budget's gone down?
19       A.  Oh, as far as the budget, I -- I
20   don't know.  I don't -- I'm not part of that
21   process.  I don't know how big our budget is.
22       Q.  So what's gone down is the number
23   of team members?
24       A.  Yes.
25       Q.  At its peak, what was it?

27

1        A.  Probably seven.
2        Q.  In L.A.?
3        A.  Yes.
4        Q.  And now it's five.
5            And overall at its peak, what was
6    it?  It's eight now; right, so...
7        A.  Probably about ten.
8        Q.  You're not aware -- is the budget
9    broken down where, you know, going into a fiscal
10   year how much money is allotted to your particular
11   group?
12           MR. CALIA:  Objection; lacks
13   foundation.
14           THE DEPONENT:  What do you mean by
15   my particular group?
16   BY MR. FORST:
17       Q.  Well, the group that you supervise,
18   the auditor group.
19           Do you have a name for your group?
20   What do you call it?
21       A.  Well, the auditors in the
22   charitable trust section, we are -- my
23   understanding is we are budgeted for X number of
24   positions each year.
25       Q.  Okay.  I want to go back to -- you

28

1    mentioned in the log that you don't keep track of
2    what's assigned to the DAGs.
3            Did I get that right?
4        A.  Yes.
5        Q.  Okay.  Now, does that mean your log
6    is -- includes a list that gets assigned to the
7    auditors and then a subsection of that gets
8    subsequently assigned to DAGs if there's going to
9    be further enforcement or actions associated with
10   those entries?
11       A.  We don't really do anything without
12   it being assigned to a DAG, whether it's actually
13   an investigation that's been opened or whether
14   it's just something that's been asked by the
15   supervising DAG or the senior assistant.
16       Q.  Okay.  And is there a DAG
17   specifically assigned, as far as you know, to each
18   case that your group works on?
19       A.  Yes.
20       Q.  You just don't personally keep
21   track of that in your log?
22       A.  Correct.
23       Q.  So you went and you asked your team
24   members to go identify any cases in ProLaw that
25   might have implicated Schedule B; fair?

29

1        A.  Yes.
2        Q.  How many came back?
3        A.  I believe all the ones that came
4    back were part of the answer to Request 10.
5        Q.  Okay.  So, ten?
6        A.  Yes -- well, I don't know that
7    those ten came from the auditors or came from the
8    DAGs.  I'm saying that the responses I got from
9    the auditors were -- are included in those ten.
10       Q.  So as you sit here today, do you
11   think your auditors came back with less than ten,
12   then?
13       A.  Yes.
14       Q.  Okay.  And that includes yourself;
15   right, looking for --
16       A.  Yes.
17       Q.  Would you say it was over five or
18   under five?
19       A.  I would say it's probably around
20   five.
21       Q.  Around five.
22           Could you figure it out if you went
23   back and looked at your E-mails or files?
24       A.  Probably.
25       Q.  Since 2005 through the present, how

8  (Pages 26 to 29)

STEVEN BAUMAN

30

1  many cases has your auditor team worked on?
2        MR. CALIA:  Objection; vague as to
3  "cases."
4  BY MR. FORST:
5        Q.   To be clear, we're on the same page
6  about cases; right?  We walked through what that
7  meant so we understand it; right?
8        A.   Yes.
9        Q.   Okay.
10       A.   That said, again, just so I know
11 what we're talking about, cases meaning
12 assignments to look into specific issues that are
13 separate than other functions that they do.
14       Q.   Right.  I mean, as I understood it,
15 something assigned and some amount of
16 investigation takes place.  Whether or not that
17 ends up an enforcement action or not, that's a
18 case?
19       A.   All right.  Then I think we need to
20 further clarify.
21            There's something called an index
22 transaction, and there are times that those
23 involve some investigation as well.  The index
24 transactions, I would say in a slow month, the
25 L.A. office gets three to five; in a busy month,

31

1  maybe ten, give or take.  So I mean that times 12
2  times 10 would be your answer for index.
3            I would say on average we probably
4  get a couple of investigations assigned a month,
5  two to three.
6        Q.   And that's just L.A.?
7        A.   Yes.
8        Q.   Okay.  And what about in -- what
9  did we say, San Francisco?
10       A.   San Francisco.
11       Q.   How many there; same?
12       A.   I really -- I don't know.  I don't
13 make the assignments in San Francisco, and there
14 are times I will get an E-mail from one of the
15 DAGs, the supervising DAG in San Francisco saying
16 "I'm assigning this case."  But I mean more cases
17 get assigned with me out of the loop.  For the
18 San Francisco auditors, I'm more of a sounding
19 board, so I don't know to quantify.
20       Q.   Okay.  So who would you ask in
21 San Francisco if you wanted to obtain that
22 information?
23       A.   The supervising DAG in
24 San Francisco and the auditors.
25       Q.   And who is the supervising DAG

32

1  there?
2        A.   Elizabeth Kim.
3        Q.   And if you had to single out one
4  auditor there that was especially knowledgeable
5  about this information, who would you ask first to
6  figure out how many audits they do?
7        A.   Well, they each have their own
8  strengths, so it would be -- to ask -- they don't
9  necessarily know what's assigned to the others.
10       Q.   I got it.  I don't want to put you
11 on the spot where you're characterizing your
12 colleagues.
13       A.   I appreciate it.
14       Q.   So you'd go to the supervising DAG.
15            That's who you would ask?
16       A.   Well, I would go to the supervising
17 DAG and I would go to each of the auditors --
18       Q.   I got it.
19       A.   -- to find out how they would
20 answer that question for themselves.
21       Q.   Got it.  Understood.
22            Okay.  And I want to go back to
23 index transactions just to make sure I understand
24 that.
25            When you use that term, tell me

33

1  again:  What do you mean by that?
2        A.   There are certain transactions that
3  charities are required to give us either notice or
4  get our approval if they enter into this type of
5  transaction.
6        Q.   And can you give me an example of
7  those types of transactions?
8        A.   Mergers, sale of all or
9  substantially all assets, conversions, amendments,
10 dissolution.
11       Q.   And so the charity submits some
12 information about it and then you kick off
13 something.  I guess they're looking for your stamp
14 of approval about what they're planning to do is
15 A-OK by your standards?
16       A.   Yes.
17            MR. CALIA:  Objection; vague as to
18 "your."
19 BY MR. FORST:
20       Q.   And that again ranges on an annual
21 basis?  I've multiplied out 36 to 120, which is on
22 a slow month, three, on a busy month, about ten?
23       A.   Yes.
24       Q.   Okay.  Did those transactions also
25 include self-dealing or potential self-dealing

9  (Pages 30 to 33)

STEVEN BAUMAN

34

1    transactions with directors or officers?
2        A.  We do get those occasionally.  It's
3    pretty rare.
4        Q.  Okay.  So, then, separate and apart
5    from the index transactions, you talked about
6    other cases or investigations that your team
7    performs in L.A.; right?
8        A.  Yes.
9        Q.  And that was two to three a month?
10       A.  Correct.
11       Q.  Okay.  And how would you -- how are
12   those different than index transactions?
13       A.  We will open up a case.  There will
14   be a reason we're opening up a case, and depending
15   on that reason, we will be requesting certain
16   documents of the charity or start doing an
17   investigation, look them up on the Internet, do
18   research that way, maybe talk to people.
19       Q.  Okay.  So, again, if I multiply
20   those out, then if you do roughly 36 a year over
21   the last decade, ten years, that's about 360
22   investigations and/or cases; correct?
23       A.  That are being assigned.
24       Q.  Right.  And out of those 360, your
25   team identified five that implicated Schedule B at

35

1    some point along the way?
2        A.  They identified five that, upon
3    looking at, they weren't able to recall a
4    schedule -- the use of Schedule B.
5            Going back to 2005, though, we
6    don't document when we use Schedule B or any of
7    the other schedules of 990 -- attached to the 990.
8    So that's why the ones -- examples that you have
9    are pretty much all current.
10       Q.  They're all recent examples?
11       A.  Yes.
12       Q.  And so how recent are they?
13       A.  Last year or two.
14       Q.  But to be clear, you gave this
15   specific instruction and you yourself said, "Think
16   back to 2005 and identify anything that" -- "in
17   which you guys remember, recall or there's a
18   record of using Schedule B in connection with your
19   investigation"?
20       A.  "Here are the cases that have been
21   assigned since 2005.  Take a look at those, and do
22   you recall any specific use of Schedule B."
23       Q.  Okay.  Now, of the cases that were
24   assigned to you and/or your colleagues, roughly
25   the five, how many of those was Schedule B the

36

1    impetus or the genesis or the originated document
2    that clued you in to an investigation needs to
3    take place?
4        A.  To make sure I understand, you're
5    asking how many of those was Schedule B the reason
6    we kicked off the investigation.
7        Q.  Said even better.  That's exactly
8    what I'm asking.
9        A.  I don't believe any of them.
10       Q.  In how many of those five
11   investigations did you guys have the Schedule B in
12   unredacted form without having to ask for it from
13   either the charity themselves or the IRS?
14       A.  I don't know.
15       Q.  Could you figure that out?
16       A.  I would have to go talk to the
17   auditors.  I believe -- yeah, I don't recall.
18       Q.  Of the five that were identified
19   from your group, how many did you specifically
20   identify?
21       A.  One.
22       Q.  So in that instance, was the
23   Schedule B the reason you kicked off the
24   investigation?
25       A.  It was not.

37

1        Q.  And in that case, did you have the
2    Schedule B, or could you have gotten the
3    Schedule B from the registrar without having to
4    ask the charity or subpoena the charity for it?
5        A.  I don't -- I don't recall asking
6    the charity for Schedule B, so we must have
7    already had it.
8        Q.  Are you able to obtain unredacted
9    Schedule Bs from the IRS directly?
10       A.  No.
11       Q.  No?
12       A.  No.
13       Q.  Why does that make you chuckle?
14   I'm just curious.
15       A.  It's been my experience that I
16   can't get anything from the IRS.
17           (Whereupon, Bauman Exhibit 2 was
18           marked for identification by the
19           deposition reporter and is attached
20           hereto.)
21   BY MR. FORST:
22       Q.  Mr. Bauman, what's in front of you
23   has been marked Exhibit Number 2.
24           Do you recognize this document?
25       A.  Yes.

10  (Pages 34 to 37)

STEVEN BAUMAN

38

1       Q.  And can you tell me what it is?
2       A.  It's a declaration that I provided
3   that discusses our use of Schedule B.
4       Q.  And if you turn to Page 3, that's
5   your signature; correct?
6       A.  Yes.
7       Q.  Okay.  And is everything in here,
8   since I guess you signed it on January of 2015,
9   still true and accurate?
10      A.  Yes.
11      Q.  I want to focus you on Paragraph 4
12  of your declaration, and specifically the second
13  sentence.  And I'm just going to read it, so bear
14  with me.
15          MR. FORST:  Kristi, I'll try to
16  read it slowly.
17  By Mr. Forst:
18      Q.  "In my investigations of
19          misconduct, the IRS Form 990 and
20          schedules, including Schedule B,
21          that some registrants are
22          required to file with the
23          attorney general's registry of
24          charitable trusts, provide
25          critical information and are an

39

1           important law enforcement tool."
2       Did I read that correctly?
3       A.  Yes.
4       Q.  Okay.  I want to focus you on the
5   phrase "that some registrants are required to
6   file."
7       Do you see that?
8       A.  Yes.
9       Q.  Who isn't required -- when you're
10  referring to "some" here, which ones file it and
11  which ones don't with the AG's registry of
12  charitable trusts?
13      A.  Not all charities are required to
14  file all schedules.
15      Q.  Okay.  And so which ones are not
16  required to file specifically Schedule B?
17      A.  Ones in which the donor doesn't go
18  above $5,000 or 2 percent of the contributions.
19      Q.  I see.  Any other -- I'm just
20  trying to figure out what exactly you meant by the
21  sentence.
22      So is that what you had in mind,
23  there's some charities that don't meet that
24  minimum threshold where they have to check the box
25  where they need to list their donors on

40

1   Schedule B?
2       A.  Well, your question was, as I
3   understood it, specific to Schedule B as asked.
4       What I'm saying in here is a little
5   broader in that there are numerous schedules,
6   including Schedule B, and not all charities are
7   required to file all schedules all the time.
8       Q.  Okay.  Fair enough.  I do want to
9   focus specifically on Schedule B.  I don't have
10  any interest in talking about many more schedules
11  than that.
12      So beyond the example you just gave
13  of charities who don't have to file Schedule Bs if
14  they don't meet those threshold reporting
15  requirements, did you have anything else in mind
16  when you wrote this that charities don't have to
17  file Schedule Bs?
18      A.  Can you re-ask that?
19      Q.  Sure.  I just want -- are there any
20  other examples beyond the one that you gave where
21  a charity doesn't have to file their Schedule B?
22      A.  Not that I recall.
23      Q.  Okay.  Do you audit the charities
24  that don't meet the threshold requirement of
25  having to list their donors on Schedule B?

41

1       A.  Do we audit charities who are not
2   required to file Schedule B?  Yes.
3       Q.  And have you audited them
4   successfully in the past?
5       A.  Yes.
6       Q.  Okay.  And have you found
7   wrongdoing for some of those charities from time
8   to time?
9       A.  Yes.
10      Q.  And in connection with those
11  audits, did you ever ask a specific charity that
12  didn't, let's say, file Schedule B to separately
13  identify their donors so you could have that
14  information in connection with your audit?
15      A.  I am sure we've asked charities
16  that we've investigated who their donors are.
17      Q.  Do you remember anything specific
18  off the top of your head?
19      A.  I do not.
20      Q.  Okay.  You further talk about that
21  the Schedule B or Form 990 and schedules including
22  Schedule B provide critical information in this
23  sentence; right?
24      A.  Yes.
25      Q.  Okay.  And so I assume what you're

11 (Pages 38 to 41)

STEVEN BAUMAN

182

1      A.   Probably.
2      Q.   Okay.  In your own words, what is
3   this section attempting to convey to charities?
4      A.   Here are the following code
5   sections that you have to -- that we deal with
6   that you have to live up to, and if you want to go
7   research them, here they are.
8      Q.   Okay.  And I want to specifically
9   drop down to Section I.B, which is at the bottom
10  of Page 43, which talks about reporting to
11  government agencies.
12          Do you see there where it lists
13  IRS Form 990?
14     A.   Uh-huh.
15     Q.   And it specifically notes
16  Schedule A?
17     A.   Yes.
18     Q.   It doesn't note Schedule B, does
19  it?
20     A.   No.
21     Q.   Nor in any other schedule?
22     A.   No.
23     Q.   And so is the takeaway here that
24  Schedule B isn't one of the more important codes
25  or documents that need to be provided to the

183

1   California registry?
2      A.   I don't know that I would term it
3   that way.
4      Q.   How would you term it?
5      A.   I don't know that from reading this
6   that it reads Schedule B is not wanted and
7   unimportant, as well as the other -- I think
8   there's, what, 14, 15 schedules to the 990?
9      Q.   Right.
10     A.   I don't look at this and see that
11  as a license to you don't have to give us the --
12  we're not interested in the rest of the schedules.
13     Q.   Okay.  Could the AG's office have
14  very well put somewhere in here that the
15  Schedule B is an important document and critical
16  to enforcement actions?
17     A.   Well, I guess to answer the
18  question, the attorney general could go to here
19  and probably put anything they want.
20     Q.   Correct, but --
21     A.   I'm not trying to be flippant,
22  but...
23     Q.   No, I understand.
24          This is a guide for charities;
25  right?  This is be on notice of these things in

184

1   order to comply with the AG's office and do what
2   you need to do; right?
3      A.   Right.
4      Q.   Okay.  And so it's talking about
5   how you go about keeping your books; correct?
6      A.   Correct.
7      Q.   How you go -- you can comply with
8   the law; right?
9      A.   Yes.
10     Q.   It talks about -- on Page 34
11  there's a whole section on the role of the AG in
12  overseeing charities; correct?
13     A.   Correct.
14     Q.   Okay.  You can flip through this if
15  you want.
16          There is no mention of Schedule B
17  in this entire thing; is that fair?
18     A.   I am taking your word for it.  I
19  mean it's been a while since I've read this, and
20  there are 50-something pages.  I don't recall
21  Schedule B being discussed in here.
22     Q.   Okay.  If there was a really
23  critical document in order for you to do your job
24  in overseeing charities, do you think it would be
25  listed in here?

185

1      A.   I really think that's kind of an
2   unfair question in that critical documents differ
3   case by case.  What is critical in one case may
4   mean absolutely nothing in another case.
5          And I don't know -- I mean I don't
6   know that an effort was made or they wished to
7   make an effort as far as what would be a critical
8   document in every investigation we've had.
9      Q.   Okay.  So from your point of view
10  as an auditor, you wouldn't, looking at a Form 990
11  and other schedules, rank some as more important
12  to your duties than others?
13     A.   Overall and generally, yes.  But
14  that is fluid, case by case.
15     Q.   Right.  Okay.  And what is hard to
16  understand is, if in going back for ten years, for
17  purposes of this case saying, "We need Schedule B
18  to do our job," that your group came up with five
19  instances in which Schedule B was used.
20          That's right; right?
21          MR. CALIA:  Objection;
22  argumentative.
23          THE DEPONENT:  Well, I don't know
24  that that's right, in that going back ten years we
25  do not make a record, necessarily, or a specific

47  (Pages 182 to 185)

STEVEN BAUMAN

186

1    notation every time we review Schedule B.  There's
2    no log that we can go to where we checkmark every
3    case we've looked at Schedule B.  It's really
4    going back and looking at the cases assigned to us
5    to see do we think Schedule B was something that
6    we used here.
7            Just -- you know, cases we chose
8    ten years ago obviously aren't as fresh in our
9    minds as ones that we're working this year, last
10   year, and I think that's reflective of why the ten
11   examples you've got are fairly current.
12   BY MR. FORST:
13       Q.  Right.  We talked about earlier at
14   the end of an investigation there's a written
15   summary; right; done by whoever performs the
16   investigation; correct?
17       A.  Uh-huh, yes.
18       Q.  And that would go back to 2005;
19   right?
20       A.  Yes.
21       Q.  It would even go back probably
22   longer than that in terms of that was the policy
23   in place where as an auditor and investigator if
24   you investigate a case for something, you are at
25   the end to debrief your work and write a report;

187

1    right?
2        A.  Correct.
3        Q.  Okay.  And that report, by and
4    large, wouldn't you agree, would include all the
5    important markers or the important information or
6    everything that a DAG would need to know about how
7    you're figuring out what you're figuring out and
8    what your conclusions are; right?
9        A.  Correct.
10       Q.  Okay.  Those -- if Schedule B were
11   important to that analysis and conclusion, your
12   expectation would it would be reflected in
13   those reports; right?
14       A.  Yes.
15       Q.  But you don't know, besides one
16   example I think we'll get to, in your work over
17   your years of any Schedule B or any report that
18   you audited or wrote that includes a reference to
19   Schedule B?
20       A.  The case that I was discussing
21   where I was involved in, I don't know that a
22   report was written on that, in that this was one
23   that the deputy and I had constant communications,
24   and a report wasn't required in this situation --
25       Q.  Okay.

188

1        A.  -- so there was no report prepared.
2    So the report isn't necessarily always prepared,
3    and -- well...
4        Q.  But that's the exception to the
5    rule, though; right?
6        A.  I don't know that it's the
7    exception to the rule, but meaning like that's the
8    one time it hasn't happened, but I would say
9    reports are written in most cases that are
10   concluded than not.
11       Q.  Okay.  If we turn back to your
12   exhibit -- your exhibit -- your declaration, which
13   is Exhibit 2 -- and, again, I'm still on
14   Paragraph 5 there.  Let me know when you're there.
15       A.  Okay.
16       Q.  Okay?  We talked about the clause
17   of that sentence where it helps -- Schedule B
18   helps you figure out if donors are potentially
19   donating funds to their charity to pass through
20   money to their family members; right?  We
21   discussed that generally?
22       A.  Correct.
23       Q.  The second part of this is, you
24   also used Schedule B to figure out whether donors

189

1    are donating funds to fund their enterprise,
2    project or venture.
3            Do you see that?
4        A.  Yes.
5        Q.  How is that different than the
6    first part of that clause?
7        A.  The difference being is donors pass
8    through money to family members versus businesses
9    that they may own or other ventures, or sometimes
10   it can be used to determine if a donor who gave to
11   a charity has -- there's a common contractor or
12   vendor working for both.  We can get complaints
13   that that's a -- Mr. Smith has this construction
14   company and he donates to the charity and the
15   charity is hiring this construction company or the
16   construction company is doing work on his house.
17       Q.  Right.
18       A.  So the difference being family
19   members of the person and enterprise, project or
20   venture.
21       Q.  Okay.  But that, too, though, still
22   has to be provided for on Schedule L, interested
23   transaction from a substantial contributor to a
24   related company; right?
25           MR. CALIA:  Objection; incomplete

48 (Pages 186 to 189)

STEVEN BAUMAN

190

1 hypothetical.
2 THE DEPONENT: From the point of
3 the charity doing -- conducting business with an
4 interested party, that doesn't necessarily mean
5 that that party is -- has an interest in the
6 donor.
7 BY MR. FORST:
8 **Q. Well, but that's the point of**
9 **Schedule L, which is to say, if you have a donor**
10 **who's giving you a bunch of money, a substantial**
11 **contributor, i.e., somebody above the 2 percent**
12 **threshold on Schedule B, and you're doing business**
13 **with a related company of theirs, you need to**
14 **reflect that on Schedule L.**
15 A. I thought Schedule L was more of
16 a -- if you're doing -- if someone within the
17 charity has an interest in a business.
18 **Q. But we talked about disqualified**
19 **persons, including substantial contributors, in**
20 **Schedule L; right? You can look at the top.**
21 **That's the purpose of the schedule.**
22 A. Okay. It says transactions with
23 interested persons. I've understood that to be
24 interested people within the charity.
25 **Q. Okay. But you don't understand**

191

1 **interested persons within the charity to include a**
2 **substantial contributor to that charity?**
3 A. I have not understood that to be
4 the case.
5 **Q. Okay. Form 990 also requires**
6 **companies to disclose business with their top**
7 **three vendors; right?**
8 A. Correct.
9 **Q. Okay. So that's another place you**
10 **could look specifically to take a look at whether**
11 **a charity is doing a ton of business with a**
12 **particular vendor; right?**
13 A. Correct.
14 **Q. That might clue you in to something**
15 **going on there?**
16 A. Without any additional information,
17 just having -- conducting business with these top
18 three vendors, I don't know if that's going to
19 clue us in on anything.
20 **Q. Okay. And there's nothing**
21 **inherently wrong with a charity doing business**
22 **with a company owned by one of its donors; right?**
23 A. Correct.
24 **Q. Right. So is there typically**
25 **something more that triggers there's some**

192

1 **wrongdoing going on here? The fact that that's**
2 **occurring is okay?**
3 A. If the charity is getting their --
4 the bang for their buck, if you will, won't have
5 issue with it.
6 **Q. Okay. But you certainly don't**
7 **investigate, and you couldn't, given 90,000**
8 **charities, but you don't investigate every charity**
9 **simply because they're doing business with a**
10 **company that one of their donors is interested in?**
11 A. We're not really going to know
12 that, so if a charity is providing a 990 to the
13 Registry of Charitable Trusts, unless someone
14 specifically brings it to our attention that that
15 is going on, we're not really going to know that.
16 **Q. But -- and, again, so you don't**
17 **know it and Schedule B doesn't tell you; it's if**
18 **somebody specifically identifies a problem and**
19 **presumably identifies the entity or the particular**
20 **company that you now need to focus on; right?**
21 A. Yes, it would result from a
22 complaint.
23 **Q. Right. Again, so the genesis isn't**
24 **Schedule B, even in that instance?**
25 A. Correct.

193

1 **Q. Are you familiar with Schedule R,**
2 **Schedule F, Schedule I of Form 990?**
3 A. I think there's 14, 15 schedules.
4 I don't recall all the exact letters, although I
5 do think it stops at R.
6 MR. CALIA: If you're going to
7 shift gears, it might be a good time to take a
8 break.
9 MR. FORST: Sure. We can take a
10 break.
11 THE VIDEOGRAPHER: We're off the
12 record at 2:54 p.m.
13 (Whereupon, a recess was held
14 from 2:54 p.m. to 3:07 p.m.)
15 THE VIDEOGRAPHER: We are back on
16 the record at 3:07 p.m.
17 (Whereupon, Bauman Exhibit 11 was
18 marked for identification by the
19 deposition reporter and is attached
20 hereto.)
21 BY MR. FORST:
22 **Q. Mr. Bauman, what's in front of you**
23 **now as Exhibit 11 is Mrs. Harris's responses to**
24 **our interrogatories, specifically the supplemental**
25 **response to Interrogatory Number 10. If you thumb**

49 (Pages 190 to 193)

STEVEN BAUMAN

194

1   through the document, I think you'll find your
2   signature on Page 11 thereof, but let me know if
3   this is familiar to you.
4        A.  It is familiar.
5        Q.  Okay.  So you have reviewed and
6   signed off on this response under Number 10, at
7   least; correct?
8        A.  Correct.
9        Q.  So I want to talk about that.
10           I specifically want to look at
11  Page 8 and the first full paragraph on Page 8.
12           Are you with me there?
13       A.  I am.
14       Q.  About the middle of the paragraph
15  in about the middle, it says that the list
16  provided below is non-exhaustive.
17           Do you see that?
18       A.  Yes.
19       Q.  I think we've talked about earlier
20  today the number of times that you recall
21  Schedule B being used specifically in connection
22  with investigations, and if I got your testimony
23  right, you said your team came up with five --
24  roughly five instances; correct?
25       A.  Yes.

195

1        Q.  Okay.  And then the rest were
2   supplied by certain DAGs working on this; right?
3        A.  Correct.
4        Q.  Okay.  And you're not aware of
5   anything more than that, as you sit here today?
6        A.  Correct.
7        Q.  Okay.  I want to talk about the
8   first one.  It says here, "In preparing for an
9   audit of a charity, the section noted a connection
10  between a donor and a vendor."
11           Is this one that you were working
12  on yourself?
13       A.  No.
14       Q.  Who was it?
15       A.  The DAG was -- is Alicia Berry, and
16  this was -- it's a Northern California case,
17  San Francisco.  I'm not sure of the auditor
18  assigned to it.
19       Q.  Okay.  And do you know when this
20  audit started?
21       A.  I do not.
22       Q.  It's ongoing it says here at the
23  bottom; right?
24       A.  Yes.
25       Q.  It says it noted a connection

196

1   between a donor.
2        Q.  Do you know how this was triggered
3   or the triggering event for this particular audit?
4        A.  I do not.
5        Q.  Could you figure that out?
6        A.  By going to the people involved in
7   it and asking them.
8        Q.  Okay.  And do you know when in the
9   process they referenced Schedule B?
10       A.  I believe it was referenced early
11  on in the process.
12       Q.  Okay.  Do you know whether the
13  genesis of this was a written complaint, a verbal
14  complaint, a media story?
15       A.  I don't know.
16       Q.  Okay.  Do you know whether in that
17  complaint it specifically identified the donor or
18  the vendor at interest?
19       A.  I don't know.
20       Q.  So you don't know whether it was
21  Schedule B that in fact clued them in to an
22  interested transaction between, you know, a donor,
23  a charity and a vendor, or whether that
24  information came from elsewhere?
25       A.  My understanding is that someone in

197

1   our office reviewing the 990 saw Schedule B, a
2   donor on there, and with further research saw that
3   there was a vendor that was on Schedule --
4   sorry -- that was disclosed in the 990; that this
5   donor and the charity used a common vendor and
6   there was concern that the donor may be getting
7   benefit from the charity paying the vendor as
8   well.
9        Q.  So when you say the donor used the
10  vendor as well, what does that mean?
11       A.  Well, you've got -- I'm sorry.
12  Sean?  Okay.  So Sean's the donor, you're the
13  charity.
14       Q.  Right.  I appreciate that.
15       A.  Chris -- yeah, maybe I'll change it
16  around.
17           So, Sean, you're the donor, you're
18  the charity, and Kevin is a vendor.
19       Q.  Right.
20       A.  So you as the charity have hired
21  Kevin.  Sean is the donor that's hired Kevin.
22  Sean has also donated to you, and the concern was
23  that -- well, worst-case scenario I guess would be
24  that you've hired Kevin here to do nothing; that
25  really the money you paid him is for services

50 (Pages 194 to 197)

# EXHIBIT 8

## Sean Delphey

**From:** Keith Forst
**Sent:** Friday, November 13, 2015 9:35 AM
**To:** Kevin Calia
**Cc:** Alexandra RobertGordon; QE AFP Foundation Team; Jose ZelidonZepeda; Jose ZelidonZepeda; 'Emmanuelle Soichet'
**Subject:** AFPF v. Harris:  Follow-up re Bauman deposition


Kevin:

We write to follow-up on Steve Bauman's deposition.  During the deposition, Mr. Bauman identified and described a number of documents (and categories of documents) that are plainly responsive to our requests but to date have been neither produced nor logged.  Those documents are outlined below.  Please confirm that you will, by the end of next week, produce or log them (although, I must note, any privilege assertions as to these appear dubious and likely to be contested).

Thanks, Keith

- All documents, including any draft or final reports, concerning investigations cited in response to Interrogatory No. 10.  *See* Bauman 10/29/15 Deposition Transcript at 12:7-13:17, 186:13-187:12.  These documents are responsive to RFP Nos. 3, 6-7, 10, 16, and 21.
- All documents concerning "form letters," including all drafts and versions thereof, sent to investigatory targets.  *See id.* at 100:2-13, 145:16-150:16.  These documents are responsive to RFP Nos. 3, 6-7, 10, and 21.
- All versions of Mr. Bauman's "log" that contain information about cases for which he has assumed responsibility and/or cases that he has assigned to auditors under his supervision.  *See id.* at 11:3-17; 24:5-12.  These documents are responsive to RFP Nos. 3, 7-8, 10, and 21.
- All documents stored in "ProLaw" that concern the investigations cited in response to Interrogatory No. 10.  *See id.* at 21:8-22:8, 23:14-24, 28:23-29:4, 199:5-17, 205:4-16, 221:04-10.  These documents are responsive to RFP Nos. 3, 6-8, 10, 16, and 21.
- Documents sufficient to show the nature and type of communications and/or requests made to the franchise tax board in connection with any investigations.  *See id.* at 95:23-97:2, 208:21-211:2, 227:22-228:7, 239:21-25.  These documents are responsive to RFP Nos.  3, 10, 16, and 21.
- Documents sufficient to show the nature and type of communications and/or requests made to the IRS in connection with any investigations.  *See id.* at 90:2-16.  These documents are responsive to RFP Nos. 10, 16, 17, and 21.
- Correspondence to Mr. Bauman that informed him that Schedule Bs must be kept confidential.  *See id.* at 139:18-140:8.  These documents are responsive to RFP Nos. 6, 8-9, and 14.
- Written policy and/or set of materials given to new employees.  *See id.* at 140:18-141:2.  These documents are responsive to RFP Nos.  6, 8, and 14.
- All documents concerning inadvertent or accidental disclosure of confidential information as sent to or received from Mr. Bauman and/or the larger auditing team.  *See id.* at 141:13-25.  These documents are responsive to RFP Nos. 6, 8-9, and 13.
- All protocols, whether formal or informal, for use and handling of confidential documents, including requirements concerning thumb drives, taking paper copies of confidential documents out the office, *etc*.  *See id.* at 131:19-25; 133:04-8, 137:9-12.  These documents are responsive to RFP Nos. 6 and 9.

# EXHIBIT 9

QUINN EMANUEL URQUHART & SULLIVAN LLP
Harold Barza (California Bar No. 80888)
  halbarza@quinnemanuel.com
Carolyn Thomas (California Bar No. 286441)
  carolynthomas@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3100

William Burck (DC Bar No. 4015426) (*pro hac vice*)
  williamburck@quinnemanuel.com
Derek Shaffer (California Bar No. 212746)
  derekshaffer@quinnemanuel.com
Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
  jonathancooper@quinnemanuel.com
777 Sixth Street NW, 11th Floor
Washington, DC 20001
Telephone: (202) 538-8000

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>      Plaintiff,<br><br>vs.<br><br>KAMALA HARRIS,<br>in her Official Capacity as Attorney General of California,<br><br>      Defendant. | Case No. 2:14-cv-09448-R-FFM<br><br>**AMERICANS FOR PROSPERITY FOUNDATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO KAMALA HARRIS** |

## FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff Americans for Prosperity Foundation requests that Defendant Kamala Harris respond within 30 days to the following requests for production, in accordance with Federal Rules of Civil Procedure 26 and 34.

## DEFINITIONS

1.     **"ATTORNEY GENERAL"** refers to Defendant Kamala Harris, in her official capacity as Attorney General of California, as well to as any agents, representatives, or other person acting on her behalf, to any current or former employees of the Attorney General, and to any offices or units she oversees, including (but not limited to) the Charitable Trusts Section, the Legal and Audits Unit, and the REGISTRY.

2.     **"DOCUMENT"** and **"DOCUMENTS"** are defined broadly to be given their full scope under Federal Rule of Procedure 34(a).  These terms include written, graphic, or otherwise recorded material, including without limitation: books, calendars, charts, checks or check stubs, diaries, disks, drafts, electronic records, emails, graphs, information in databases, instant messages, ledgers, letters, licenses, logs, memorandums, minutes, notes, papers, photographs, receipts, recordings, text messages, time sheets, videos, and voice messages.

3.     **"FORM 990"** refers collectively to IRS Form 990, IRS Form 990-EZ, and IRS Form 990-PF.

4.     **"FOUNDATION"** refers to plaintiff Americans for Prosperity Foundation.

5.    **"IDENTIFY"** means, when used with respect to a natural person, to state the person's full name, current or last known job title, current or last known work email address, current or last known office address, and current or last known telephone contact information.  When used with respect to a DOCUMENT, "IDENTIFY" means to state the title, date, author, and each addressee and recipient of that DOCUMENT.

6.    **"IRS"** refers to the Internal Revenue Service, the bureau of the U.S. Department of the Treasury.

7.    **"REGISTRY"** refers to the ATTORNEY GENERAL's Registry of Charitable Trusts.

8.    **"SCHEDULE B"** refers to the IRS form Schedule B (Form 990, 990-EZ, or 990-PF), titled "Schedule of Contributors," as well as to any DOCUMENT that contains information (such as the names or addresses of a charitable organization's donors) derived from an IRS form Schedule B (Form 990, 990,-EZ, or 990-PF).

9.    **"SCHEDULE B CONFIDENTIALITY POLICY"** and **"POLICY"** refer to the ATTORNEY GENERAL's purported policy of keeping Schedule B confidential.  This is the purported policy mentioned in the ATTORNEY GENERAL's Opposition to Plaintiff's Motion for Preliminary Injunction. *E.g.*, ECF No. 23 at 18 n.13 ("[I]t has always been the policy of the Attorney General to keep Schedule B confidential.").

10.    **"SCHEDULE B DEFICIENCY LETTER"** and **"SCHEDULE B DEFICIENCY LETTERS"** refer to any correspondence issued by the ATTORNEY

1   GENERAL to inform a charitable organization that a filing is incomplete because

2   the filing did not include an unredacted copy of SCHEDULE B, including (but not

3   limited to) correspondence modeled after the form letter "Doc CT-547A Schedule of

4   Contributors." Examples of SCHEDULE B DEFICIENCY LETTERS include ECF

5   No. 1-1 Exhibits B, C, D, and E.

6        11.   **"SCHEDULE B PENALTY"** and **"SCHEDULE B PENALTIES"**

7   refer to any measure taken by the ATTORNEY GENERAL to punish a charitable

8   organization for not submitting to the REGISTRY an unredacted copy of its

9   SCHEDULE B, including (but not limited to) the following measures: (a)

10   notification to the California Franchise Tax Board to disallow or revoke a charitable

11   organization's tax exemption, (b) imposition of late fees on a charitable organization

12   or its directors, trustees, officers, or return preparers, and (c) suspension of the

13   registration of a charitable organization.

14        12.   **"SCHEDULE B PENALTY LETTER"** and **"SCHEDULE B**

15   **PENALTY LETTERS"** refer to any correspondence issued by the ATTORNEY

16   GENERAL to warn a charitable organization of an impending penalty because the

17   organization did not submit an unredacted copy of SCHEDULE B to the

18   REGISTRY, including (but not limited to) correspondence modeled after the form

19   letter "CT-451 Warning of Impending Tax Assessment Notification." Examples of

20   SCHEDULE B PENALTY LETTERS include ECF No. 1-1 Exhibit H and ECF No.

21   26-1, Exhibit B at 12–13.

22        13.   **"SCHEDULE B SUBMISSION REQUIREMENT"** and

23   **"REQUIREMENT"** refer to the ATTORNEY GENERAL's purported requirement

24

1   that a charitable organization annually submit an unredacted copy of its

2   SCHEDULE B to the REGISTRY. This is the purported requirement mentioned in

3   the ATTORNEY GENERAL's Opposition to Plaintiff's Motion for Preliminary

4   Injunction. *E.g.*, ECF No. 23 at 1 ("[S]tate law . . . vests the Attorney General with

5   broad regulatory authority, such as the power to require charitable organizations to

6   furnish information and reports. Plaintiff challenges one such requirement: that it

7   annually submit an unredacted copy of its IRS Form 990, Schedule B, which lists

8   identifying information for its major donors.").

9        14.    **"YOU"** and **"YOUR"** refer to the ATTORNEY GENERAL.

**INSTRUCTIONS**

1.   **Respond to the Extent Possible**: Respond completely to each of these requests for production.  If unable to respond completely, respond to the extent possible and specify the reasons for YOUR inability to respond completely, including any privilege claimed and the basis for the claim of privilege.

2.   **Requests for Production**: Respond to each request for production by producing in its entirety each requested DOCUMENT in YOUR possession, custody, or control.  Include all appendices, attachments, exhibits, schedules, or other DOCUMENTS at anytime affixed to a requested DOCUMENT.  If no DOCUMENTS are responsive to a particular request, provide a written response stating so.

3.   **Documents YOU No Longer Have**: If a responsive DOCUMENT was previously, but is no longer, in YOUR possession, custody, or control, then: (a) state when the DOCUMENT was most recently within YOUR possession, custody, or control; (b) state what disposition was made of the DOCUMENT; and (c) IDENTIFY all persons subsequently in possession, custody, or control of the DOCUMENT.  If a responsive DOCUMENT has been destroyed, state when and where it was destroyed, and IDENTIFY all persons who directed or effectuated its destruction.

4.   **Privilege Log**: Each DOCUMENT or portion thereof that YOU claim to be privileged against discovery on any ground must be identified in a privilege log that includes the following information about each such DOCUMENT:

1        •     Type (*e.g.*, letter, memorandum, email)

2        •     Date

3        •     Author(s)

4        •     Addressees and recipients

5        •     Number of pages

6        •     General subject matter

7        •     Privilege asserted

8        •     Facts supporting the claim of privilege

9      5.     **Form of Production**: Produce all DOCUMENTS, including

10 electronically stored information, in accordance with any agreements or stipulations

11 between the parties regarding the production of documents.  If no agreements or

12 stipulations are in place, then produce all DOCUMENTS in their native format (the

13 format in which they are kept in the usual course of business), with their metadata

14 intact.

15      6.     **Supplementation**: Supplement your answers and responses promptly,

16 as required by Federal Rule of Civil Procedure 26(e).

17

18

19

20

21

22

23

24

## REQUESTS FOR PRODUCTION

**Request for Production 1**: All DOCUMENTS YOU may use to defend against the claims and allegations in the Complaint (ECF No. 1) or to support the defenses and allegations in YOUR Answer (ECF No. 34).

**Request for Production 2**: All DOCUMENTS relating to the FOUNDATION.

**Request for Production 3**: All DOCUMENTS relating to, responsive to, substantiating, informing, or underlying YOUR responses to the interrogatories and to the requests for admission that YOU receive during discovery in this case.

**Request for Production 4**: DOCUMENTS sufficient to ascertain the name, position, title, and reporting relationship of the officers and employees in the Office of the ATTORNEY GENERAL, the Charitable Trusts Section, the Legal and Audits Unit, and the REGISTRY.

**Request for Production 5**: A complete electronic copy of the database containing the public files of the REGISTRY.

**Request for Production 6**: All DOCUMENTS relating to YOUR policies, practices, procedures, or protocols for SCHEDULE B, including (but not limited to), the SCHEDULE B CONFIDENTIALITY POLICY and the SCHEDULE B SUBMISSION REQUIREMENT.

**Request for Production 7**: All DOCUMENTS relating to how YOU enforce the SCHEDULE B SUBMISSION REQUIREMENT.

**Request for Production 8**: All DOCUMENTS relating to who can access an unredacted SCHEDULE B.

–7–

**Request for Production 9**: All DOCUMENTS relating to the measures YOU take to protect the confidentiality of an unredacted SCHEDULE B.

**Request for Production 10**: All DOCUMENTS relating to the compelling interests advanced by the SCHEDULE B SUBMISSION REQUIREMENT.

**Request for Production 11**: All DOCUMENTS relating to any alternative to the SCHEDULE B SUBMISSION REQUIREMENT that YOU have considered.

**Request for Production 12**: All DOCUMENTS relating to any effort YOU have made since the year 2000 to obtain additional funds or staff to enforce the SCHEDULE B SUBMISSION REQUIREMENT.

**Request for Production 13**: All DOCUMENTS relating to any instance in which an unredacted SCHEDULE B was disclosed to the public or to an unauthorized person or persons, including (but not limited to) any DOCUMENT relating to a remedial measure taken to rectify such a disclosure and/or discipline those responsible for the disclosure.

**Request for Production 14**: All DOCUMENTS relating to any training concerning SCHEDULE B that YOU have provided or will provide.

**Request for Production 15**: All DOCUMENTS relating to YOUR efforts to amend 26 U.S.C. § 6104 or any other federal law regulating disclosure of a SCHEDULE B.

Dated:  April 7, 2015

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By _Harold Barza_____
Harold Barza

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On **April 7, 2015,** I served true copies of the following document(s) described as:

### AMERICANS FOR PROSPERITY FOUNDATION'S
### FIRST SET OF REQUESTS FOR PRODUCTION TO KAMALA HARRIS

on the parties in this action as follows:

| | |
|---|---|
| **Alexandra Robert Gordon**<br>Deputy Attorney General<br>California Department of Justice<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br><br>(415) 703-5509 (ph.)<br>(415) 703-5480 (fax) | **Def. Kamala Harris,** in her Official Capacity as Attorney General of California |

[ √ ]    **[BY MAIL]** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 7, 2015,** at Los Angeles, California.

**ALBERT V. VILLAMIL**

# EXHIBIT 10

QUINN EMANUEL URQUHART & SULLIVAN LLP
Harold Barza (California Bar No. 80888)
  halbarza@quinnemanuel.com
Carolyn Thomas (California Bar No. 286441)
  carolynthomas@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000

William Burck (DC Bar No. 4015426) (*pro hac vice*)
  williamburck@quinnemanuel.com
Derek Shaffer (California Bar No. 212746)
  derekshaffer@quinnemanuel.com
Keith Forst (NY Bar No. 4746806) (*pro hac vice*)
  keithforst@quinnemanuel.com
Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
  jonathancooper@quinnemanuel.com
777 Sixth Street NW, 11th Floor
Washington, DC  20001
Telephone:   (202) 538-8000

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>           Plaintiff,<br><br>      vs.<br><br>**KAMALA HARRIS,**<br>in her Official Capacity as Attorney General of California,<br><br>           Defendant. | Case No. 2:14-cv-09448-R-FFM<br><br>**AMERICANS FOR PROSPERITY FOUNDATION'S SECOND SET OF REQUESTS FOR PRODUCTION TO KAMALA HARRIS** |

**SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff Americans for Prosperity Foundation (the "Foundation") requests that Defendant Kamala Harris respond within 30 days to the following requests for production, in accordance with Federal Rules of Civil Procedure 26 and 34.

**DEFINITIONS AND INSTRUCTIONS**

The Foundation incorporates by reference the Definitions and Instructions set forth in the Foundation's First Set of Requests for Production to Kamala Harris.

**REQUESTS FOR PRODUCTION**

**Request for Production 16**:  All DOCUMENTS relating to your communications with any local, state, or federal governmental agency or entity, or individual(s) associated therewith whether acting in official or unoffical capacity, concerning the SCHEDULE B SUBMISSION REQUIREMENT and enforcement of same, and the exchange (receipt or transmission) of any SCHEDULE B information, including but not limited to that of the Foundation.

**Request for Production 17**:  All DOCUMENTS relating to your policies or practices for either disclosing or sharing SCHEDULE B information with, or obtaining SCHEDULE B information from, any local, state, or federal governmental agency or entity, or individual(s) associated therewith whether acting in official or unoffical capacity.

**Request for Production 18**:  All DOCUMENTS relating to your communications with any private government-policy organization (*i.e.*, the National Association of State Charity Officials, the National Association of Attorneys General, the National Council of Nonprofits, or like organization), or individual(s)

1  associated therewith whether acting in official or unofficial capacity, concerning the

2  SCHEDULE B SUBMISSION REQUIREMENT.

3      **Request for Production 19:**  All DOCUMENTS relating to communications

4  between the REGISTRY and the California Fair Political Practices Commission (the

5  "Commission"), or individual(s) associated with the Commission whether acting in

6  official or unofficial capacity, regarding disclosure of donors to the State of

7  California.

8      **Request for Production 20**:  DOCUMENTS  sufficient  to  show  how

9  nonprofit organizations obtain tax-exempt status in California, and the role of the

10  REGISTRY in making that determination.

11      **Request for Production 21**:  All  DOCUMENTS  relating  to  the  law

12  enforcement  purposes  served  by  the  SCHEDULE  B  SUBMISSION

13  REQUIREMENT.

14      **Request for Production 22**:  All DOCUMENTS relating to any legislation

15  or regulation (whether proposed or adopted) in California concerning the disclosure

16  of nonprofit donor information, SCHEDULE B, the SCHEDULE B SUBMISSION

17  REQUIREMENT, or the SCHEDULE B CONFIDENTIALITY POLICY.

18

19

20

21

22

23

24

1    Dated:  October 13, 2015                    Respectfully submitted,

2                                                QUINN EMANUEL URQUHART &
                                                 SULLIVAN LLP
3

4                                                By
5                                                    Derek Shaffer

6                                                *Attorneys for Plaintiff*
                                                 *Americans for Prosperity Foundation*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 13, 2015, I served true copies of the following document(s) described as:

AMERICANS FOR PROSPERITY FOUNDATION'S

SECOND SET OF REQUESTS FOR PRODUCTION TO KAMALA HARRIS

on the parties in this action as follows:

| | |
|---|---|
| **Alexandra Robert Gordon**<br>Deputy Attorney General<br>California Department of Justice<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102<br><br>(415) 703-5509 (ph.)<br>(415) 703-5480 (fax) | **Def. Kamala Harris,** in her Official Capacity as Attorney General of California |

[ x ]    BY FEDEX:  I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 13, 2015, at Los Angeles, California.

ALBERT V. VILLAMIL

# EXHIBIT 11

**Sean Delphey**

| | |
|---|---|
| **From:** | Kevin Calia <Kevin.Calia@doj.ca.gov> |
| **Sent:** | Tuesday, December 01, 2015 8:31 PM |
| **To:** | Keith Forst |
| **Cc:** | Alexandra RobertGordon; QE AFP Foundation Team; Jose ZelidonZepeda; Jose ZelidonZepeda; Emmanuelle Soichet |
| **Subject:** | RE: AFPF v. Harris:  Follow-up re Bauman deposition |
| | |
| **Categories:** | Red Category |

Keith:

We have produced or logged documents that were used to prepare our response to Interrogatory 10.  We will not search for "all documents" concerning these investigations.   Beyond the information already provided to you, we will stand on our objections, especially regarding the burden of searching, reviewing, and redacting these investigative files given the minimal relevance of information about the details of these investigations.

We will produce two versions of a "form letter" seeking documents from nonprofits as part of an audit.

We will produce a redacted version of Mr. Bauman's case log that omits identifying details about the targets of the investigations.

We will produce an exemplar letter seeking information from the Franchise Tax Board.  We will stand on our objections to the cited document requests in resisting any overbroad interpretation of your request.  We do not think any of your requests covers all communications with the Franchise Tax Board or the IRS in "any investigations" and any such request would be overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

After reasonable inquiries, we have found no additional documents regarding:

- Correspondence to Mr. Bauman that informed him that Schedule Bs must be kept confidential
- Documents concerning inadvertent or accidental disclosure of Schedule Bs as sent to or received from Mr. Bauman and/or the larger auditing team (any documents that do not relate to Schedule B are not responsive to the cited document requests)
- Protocols for the use and handling of confidential documents (we will be producing a manual regarding "Conflicts of Interest" that may contain responsive material)

Mr. Bauman has worked for the department for many years.  It is not surprising that documents  he vaguely recalled seeing years ago are no longer available.

Lastly, we continue to work to determine whether there are additional training materials that we are willing to produce.  We are not currently aware of the existence of additional materials that relate specifically to Schedule B.

Kevin

Kevin A. Calia
Deputy Attorney General
California Department of Justice
1300 I Street
Sacramento, California 95814

916.322.6114

---

**From:** Keith Forst [mailto:keithforst@quinnemanuel.com]
**Sent:** Friday, November 13, 2015 6:35 AM
**To:** Kevin Calia
**Cc:** Alexandra RobertGordon; QE AFP Foundation Team; Jose ZelidonZepeda; Jose ZelidonZepeda; Emmanuelle Soichet
**Subject:** AFPF v. Harris: Follow-up re Bauman deposition

Kevin:

We write to follow-up on Steve Bauman's deposition.  During the deposition, Mr. Bauman identified and described a number of documents (and categories of documents) that are plainly responsive to our requests but to date have been neither produced nor logged.  Those documents are outlined below.  Please confirm that you will, by the end of next week, produce or log them (although, I must note, any privilege assertions as to these appear dubious and likely to be contested).

Thanks, Keith

- All documents, including any draft or final reports, concerning investigations cited in response to Interrogatory No. 10.  *See* Bauman 10/29/15 Deposition Transcript at 12:7-13:17, 186:13-187:12.  These documents are responsive to RFP Nos. 3, 6-7, 10, 16, and 21.
- All documents concerning "form letters," including all drafts and versions thereof, sent to investigatory targets.  *See id.* at 100:2-13, 145:16-150:16.  These documents are responsive to RFP Nos. 3, 6-7, 10, and 21.
- All versions of Mr. Bauman's "log" that contain information about cases for which he has assumed responsibility and/or cases that he has assigned to auditors under his supervision.  *See id.* at 11:3-17; 24:5-12.  These documents are responsive to RFP Nos. 3, 7-8, 10, and 21.
- All documents stored in "ProLaw" that concern the investigations cited in response to Interrogatory No. 10.  *See id.* at 21:8-22:8, 23:14-24, 28:23-29:4, 199:5-17, 205:4-16, 221:04-10.  These documents are responsive to RFP Nos. 3, 6-8, 10, 16, and 21.
- Documents sufficient to show the nature and type of communications and/or requests made to the franchise tax board in connection with any investigations.  *See id.* at 95:23-97:2, 208:21-211:2, 227:22-228:7, 239:21-25.  These documents are responsive to RFP Nos.  3, 10, 16, and 21.
- Documents sufficient to show the nature and type of communications and/or requests made to the IRS in connection with any investigations.  *See id.* at 90:2-16.  These documents are responsive to RFP Nos. 10, 16, 17, and 21.
- Correspondence to Mr. Bauman that informed him that Schedule Bs must be kept confidential.  *See id.* at 139:18-140:8.  These documents are responsive to RFP Nos. 6, 8-9, and 14.
- Written policy and/or set of materials given to new employees.  *See id.* at 140:18-141:2.  These documents are responsive to RFP Nos.  6, 8, and 14.
- All documents concerning inadvertent or accidental disclosure of confidential information as sent to or received from Mr. Bauman and/or the larger auditing team.  *See id.* at 141:13-25.  These documents are responsive to RFP Nos. 6, 8-9, and 13.
- All protocols, whether formal or informal, for use and handling of confidential documents, including requirements concerning thumb drives, taking paper copies of confidential documents out the office, *etc. See id.* at 131:19-25; 133:04-8, 137:9-12.  These documents are responsive to RFP Nos. 6 and 9.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 12

1   KAMALA D. HARRIS
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   ALEXANDRA ROBERT GORDON
    State Bar No. 207650
4   EMMANUELLE S. SOICHET
    State Bar No. 290754
5   P. PATTY LI
    State Bar No. 266937
6   Deputy Attorneys General
      455 Golden Gate Avenue, Suite 11000
7     San Francisco, CA  94102-7004
      Telephone: (415) 703-1577
8     Fax: (415) 703-1234
      E-mail: patty.li@doj.ca.gov
9   *Attorneys for Defendant*
    *Attorney General Kamala D. Harris*

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

13

14

| | |
|---|---|
| 15  **AMERICANS FOR PROSPERITY FOUNDATION,** | 2:14-CV-09448 |
| 16 | **FIRST AMENDED RESPONSES AND OBJECTIONS OF** |
| 17                              Plaintiff, | **DEFENDANT ATTORNEY GENERAL KAMALA D. HARRIS** |
| 18          **v.** | **TO PLAINTIFF AMERICANS FOR PROSPERITY FOUNDATION'S** |
| 19  **KAMALA HARRIS, in her Official** | **INTERROGATORY NO. 10 IN** |
| **Capacity as Attorney General of the** | **THE FIRST SET OF** |
| 20  **State of California,** | **INTERROGATORIES** |
| 21                       Defendant. | Judge:        Hon. Manuel L. Real |
| 22 | Action Filed: December 9, 2014 |

23  PROPOUNDING PARTY:  Plaintiff AMERICANS FOR PROSPERITY
                        FOUNDATION

24  RESPONDING PARTY:   Defendant KAMALA D. HARRIS, in her Official
25                      Capacity as Attorney General of the State of California

26  SET NUMBER:         ONE

27

28

1    Defendant Attorney General Kamala D. Harris ("Defendant") amends her

2    responses and objections to Plaintiff Americans for Prosperity Foundation's

3    ("FOUNDATION") Interrogatory No. 10 in the First Set of Interrogatories as

4    follows:

5                          **PRELIMINARY STATEMENT**

6        Defendant has not yet completed the investigation of the facts relating to this

7    case and has not yet completed discovery in this action.  All of the responses

8    contained herein are based solely upon information and documents that  are

9    presently available to and specifically known by Defendant, and disclose only those

10   contentions that presently occur to Defendant.  It is anticipated that further

11   discovery, independent investigation, legal research, and analysis will supply

12   additional facts and lead to additions, changes, and variations from the responses

13   herein.

14       Defendant expressly reserves the right to assert any and all objections as to

15   the admissibility of such responses into evidence in this action, or in any other

16   proceedings, on any and all grounds including, but not limited to, competency,

17   relevancy, materiality, and privilege.  Further, Defendant makes the responses and

18   objections herein without in any way implying that the interrogatories and

19   responses to the interrogatories are relevant or material to the subject matter of this

20   action.

21       An objection or response to an interrogatory shall not be construed as an

22   acknowledgment that Defendant performed any of the acts described in the

23   interrogatory or definitions applicable to the interrogatory, or that Defendant

24   acquiesces in the characterization of the conduct or activities contained in the

25   interrogatory or definitions applicable to interrogatory.

26       The following responses are given without prejudice to the right to produce

27   evidence or witnesses which Defendant may later discover.  Defendant reserves the

28   right to supplement, clarify, revise, or correct any or all of the responses and

2

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

1   objections herein, and to assert additional objections or privileges, in one or more

2   subsequent supplemental response(s).

3

4   **GENERAL OBJECTIONS**

5       1.  Defendant objects to each instruction, definition, and interrogatory to the

6   extent that it purports to impose any requirement or discovery obligation greater

7   than or different from those under the Federal Rules of Civil Procedure and the

8   applicable Rules and Orders of the Court.

9       2.  Defendant objects to each interrogatory that is overly broad, unduly

10   burdensome, or not reasonably calculated to lead to the discovery of admissible

11   evidence.

12       3.  Defendant objects to each interrogatory to the extent that it seeks

13   information that is not relevant to this litigation.  The Ninth Circuit recently

14   rejected a facial challenge to the SCHEDULE B REQUIREMENT of the same kind

15   asserted by the FOUNDATION here, concluding that "the disclosure requirement

16   bears a 'substantial relation' to a 'sufficiently important' government interest."

17   *Center for Competitive Politics v. Harris*, 784 F.3d 1307, 1317 (9th Cir. 2015).

18   The Ninth Circuit also clarified that to succeed on an as-applied challenge, a

19   plaintiff must show "a reasonable probability that the compelled disclosure of its

20   contributors' names will subject them to threats, harassment, or reprisals from

21   either Government officials or private parties." *Id.*  Defendant's general practices

22   with respect to the SCHEDULE B SUBMISSION REQUIREMENT or the

23   SCHEDULE B CONFIDENTIALITY POLICY are not relevant to any as-applied

24   claim by the FOUNDATION that survives the *Center for Competitive Politics*

25   decision.

26       4.  Defendant objects to each definition and interrogatory to the extent that it

27   seeks information protected from disclosure by the attorney-client privilege, the

28   governmental deliberative process privilege, the law enforcement investigatory

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

1  privilege, the official information privilege, the attorney work product doctrine, or

2  any other applicable privilege or protection.  Should any such disclosure by

3  Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege

4  or protection.

5      5.   Defendant incorporates by reference every general objection set forth

6  above into each specific response set forth below.  A specific response may repeat a

7  general objection for emphasis or some other reason.  The failure to include any

8  general objection in any specific response does not waive any general objection to

9  that interrogatory.

10

11      **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

12      1.   Defendant objects to the definition of "ATTORNEY GENERAL" as

13  overbroad and unduly burdensome to the extent it includes individuals, agencies, or

14  entities other than the Registry of Charitable Trusts and the Charitable Trusts

15  Section of the California Department of Justice, Office of the Attorney General.

16      2.   Defendant objects to the definition of "SCHEDULE B" to the extent that

17  it includes any "DOCUMENT that contains information (such as the names or

18  addresses of a charitable organization's donors) derived from an IRS form Schedule

19  B (Form 990, 990-EZ, or 990-PF)."  Defendant has no obligation to confirm the

20  source of every piece of information in every DOCUMENT in her possession,

21  custody, or control, or in any DOCUMENT referenced in the interrogatory

22  requests.  For these reasons, Defendant also objects to the definitions of

23  "SCHEDULE B CONFIDENTIALITY POLICY," "POLICY," "SCHEDULE B

24  DEFICIENCY LETTER," "SCHEDULE B DEFICIENCY LETTERS,"

25  "SCHEDULE B PENALTY," "SCHEDULE B PENALTIES," "SCHEDULE B

26  PENALTY LETTER," "SCHEDULE B PENALTY LETTERS," "SCHEDULE B

27  SUBMISSION REQUIREMENT," and "REQUIREMENT."  Defendant interprets

28  "SCHEDULE B" to refer to Schedule B for IRS Forms 990, 990-EZ, or 990-PF.

4

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

3.   Defendant objects to the definitions of "SCHEDULE B CONFIDENTIALITY POLICY" and "POLICY" to the extent they refer to a "purported policy of keeping Schedule B confidential." Defendant interprets "SCHEDULE B CONFIDENTIALITY POLICY" and "POLICY" to refer to the policy of the Attorney General to keep confidential Schedule B forms submitted by organizations that file a Form 990 or 990-EZ. Organizations that file a Form 990-PF are not permitted to withhold the names and addresses of donors when they make their SCHEDULE B records available for public inspection. Internal Revenue Code § 6104(d)(3)(A).

4.   Defendant objects to the definitions of "SCHEDULE B PENALTY" and "SCHEDULE B PENALTIES" to the extent they characterize statutorily authorized fees and penalties as measures taken "to punish a charitable organization."

5.   Defendant objects to the definitions of "SCHEDULE B SUBMISSION REQUIREMENT" and "REQUIREMENT" to the extent they refer to a "purported requirement that a charitable organization annually submit an unredacted copy of its SCHEDULE B to the REGISTRY." Defendant interprets "SCHEDULE B SUBMISSION REQUIREMENT" and "REQUIREMENT" to refer to the Attorney General's use of IRS Form 990 as the primary reporting document for charitable organizations required to file annual reports with the REGISTRY, *see* Cal. Code Regs. tit. 11, § 301, as well as the requirement in the Attorney General's Instructions for Filing Annual Registration Renewal Fee Report that "charities with total gross revenue or assets of $25,000 or more must file a copy of the IRS Form 990, 990-EZ, or 990-PF and attachments with the Attorney General's Registry of Charitable Trusts."

6.   Defendant objects to the use of the undefined term "unredacted" in the context of "unredacted SCHEDULE B."

7.   Defendant objects to Instruction No. 2 regarding information in "relevant files of all appropriate persons within YOUR possession, custody, or control" to the

5

1   extent that it purports to impose obligations greater than those set forth in the

2   Federal Rules of Civil Procedure.

3

4   **RESPONSES AND OBJECTIONS TO INTERROGATORY NO. 10**

5   Subject to and without waiving the foregoing objections, Defendant amends

6   her responses and objections to Interrogatory No. 10 as follows:

7   **INTERROGATORY NO. 10:**

8   Describe in detail ten specific instances in which possessing the names and

9   addresses listed in an unredacted SCHEDULE B submitted by a charitable

10   organization to the REGISTRY enabled YOU to determine that a specific

11   organization has violated the law, including laws against self dealing, Cal. Corp.

12   Code § 5233; improper loans, *id.* § 5236; interested persons, *id.* § 5227; or illegal or

13   unfair business practices, Cal. Bus. & Prof. Code § 17200.

14   **RESPONSE TO INTERROGATORY NO. 10:**

15   Defendant objects to this interrogatory on the following grounds:  (1) The

16   interrogatory is overly broad and remote and without reasonable limitation in scope

17   and time frame and as such is not reasonably calculated to lead to the discovery of

18   admissible evidence or of information relevant to the subject matter of this action.

19   (2) The interrogatory is vague and ambiguous in its use of the term "unredacted"

20   and requires Defendant to speculate as to the intended meaning and scope of that

21   term.  (3) The interrogatory calls for information protected from disclosure by the

22   attorney-client privilege, the governmental deliberative process privilege, the law

23   enforcement investigatory privilege, the official information privilege, the attorney

24   work product doctrine, and other applicable privileges and protections.  (4) The

25   interrogatory is irrelevant and unlikely to lead to admissible evidence.  Defendant's

26   general practices with respect to SCHEDULE B and Defendant's use of

27   SCHEDULE B in investigations of organizations other than the FOUNDATION

28

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

1   are not relevant to any as-applied claim by the FOUNDATION that survives the

2   *Center for Competitive Politics* decision.

3      Subject to and without waiving the foregoing general and specific objections,

4   Defendant responds as follows:  The IRS Form 990 and schedules, including

5   SCHEDULE B, provide critical information and are an important law enforcement

6   tool.  Because SCHEDULE B reveals not just the amount of donations a charity

7   receives, but also the identity of the donor and the type of donations received (for

8   example, cash or non-cash gifts in kind), it provides information that may raise

9   concerns or show evidence of misappropriation or misuse of charitable property

10   sufficient to warrant an investigation.  For example, with respect to non-cash gifts

11   in kind, SCHEDULE B requires a charity to report what type of gifts in kind it

12   received, and the value of each such donation.  This is important information to

13   consider in determining whether further inquiry should be made to ensure that a

14   charity is not improperly including overvalued gifts in kind in its reported revenues

15   and program services expenses, thus misrepresenting its size and efficiency to the

16   donating public.  Information contained in SCHEDULE B, in conjunction with

17   other information, can also be used to determine, among other things, whether

18   donors are potentially donating funds to the charity to pass money through to their

19   family members, or to fund the donor's enterprise, project, or venture.  In addition,

20   SCHEDULE B can be used to determine whether donors are related to entities that

21   are doing business with a charity, and to identify witnesses for investigations.

22   These are some of the ways that SCHEDULE B can be used to uncover fraudulent

23   and unlawful conduct.

24      SCHEDULE B also gives investigators access to basic information about a

25   charity without alerting a charity to a possible investigation.  Once a charity is made

26   aware that it is under suspicion by service of a subpoena or audit letter, it is more

27   likely to hide or tamper with evidence, including instructing its donors as to what

28   they should say in response to an investigator's questioning.  Access to

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

1    SCHEDULE B allows investigators to contact donors without triggering such

2    behavior and provides more accurate and truthful information.

3           The following are general descriptions of some of the investigations in which

4    SCHEDULE B information has played a role. These descriptions are provided to

5    aid Plaintiff in understanding how SCHEDULE B information may be used in an

6    investigation, and are not intended to and do not waive any applicable privileges or

7    protections. This list is non-exhaustive. The Charitable Trusts Section does not

8    track the role played by every piece of information reviewed during each of the

9    many investigations undertaken every year. Nor does the Section maintain a list of

10   investigations in which Schedule B information has been used. The Attorney

11   General reserves the right to supplement or amend this interrogatory response in the

12   future.

13          1. In preparing for an audit of a charity, the Charitable Trusts Section noted

14   a connection between a donor listed on Schedule B and one of the charity's

15   vendors. To confirm that the vendor was actually performing work for the charity,

16   rather than performing personal work for the donor (which could involve a

17   violation of California Corporations Code section 5231), the Charitable Trusts

18   Section requested information about the vendor's work for the organization. This

19   audit is ongoing.

20          2. Two charities shared several common board members. One charity's

21   Schedule B showed that it received large donations from the other charity. This

22   helped the Charitable Trusts Section to identify a violation of California

23   Corporations Code section 5233, with respect to one charity. It also helped the

24   Charitable Trusts Section to determine that the other charity had violated the

25   Uniform Prudent Management of Institutional Funds Act (Cal. Prob. Code

26   §§ 18501 et seq). The investigation regarding one of these charities is ongoing.

27          3. Funds were donated from a trust to a foundation with the intention that the

28   foundation donate those same funds to another charity. The Charitable Trusts

8

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

Section reviewed the Schedule B for the foundation. This confirmed the donation from the trust to the foundation. The Charitable Trusts Section was also able to determine that the charity intended as the ultimate recipient of these funds never received the donation from the foundation and that the foundation's trustee had engaged in self-dealing, in violation of California Corporations Code section 5233. This investigation is ongoing.

4. In an investigation of possible violations of California Corporations Code sections 5233, 5236, and 5237, the charity's officers/directors refused to provide information and invoked their right against self-incrimination. The Charitable Trusts Section relied on the charity's Schedule B to identify a significant donor whose donation was restricted for specific purposes. The Schedule B also revealed that funds from the founder's family members were listed as donations, which may be inconsistent with claims that certain funds were loans subject to repayment. This investigation is ongoing.

5. In an investigation of possible violations of California Corporations Code section 5233 and improper comingling of charitable assets, the Charitable Trusts Section used Schedule B to help determine whether a charity is being used to support a related for-profit business, or whether the business is supporting the charity. The business does not appear on the charity's Schedule B, which would be the expectation if the business were supporting the charity. This investigation is ongoing.

6. A complaint regarding a charity's alleged misuse of assets (in violation of California Corporations Code section 5233) was filed by a donor who made a large donation to be used for a specific purpose. The Charitable Trusts Section used Schedule B to corroborate information about the donor and donation in connection with its decision to pursue an investigation. The organization ceased operating and transferred its assets to an organization with a similar charitable purpose before an enforcement action was filed.

9

1    7. In an investigation involving possible violations of California

2    Corporations Code section 5233, the Schedule B confirmed that the charity was

3    receiving donations from members of the public, and not just the charity's founders,

4    officers, or directors. The level of possible harm to the public was relevant to the

5    Charitable Trusts Section's decision to continue with the investigation. The

6    investigation resulted in an agreement by the charity to take corrective action with

7    respect to the section 5233 violation, as well as other violations.

8    8 – 10. In investigations of three charities established by the same founder, a

9    consistent lack of Schedule B donors helped the Charitable Trusts Section to

10    conclude these charities lacked established donor bases and were likely sham

11    charities, in violation of numerous provisions of the California Corporations Code

12    and the California Supervision of Trustees and Fundraisers for Charitable Purposes

13    Act. The charities were simply hiring contractors to solicit funds, most of which

14    were kept by the contractors. These investigations resulted in settlements and a

15    default judgment.

16

17

18    Dated: August 31, 2015

19

20

21

22

23

24

25

26

27

28

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
ALEXANDRA ROBERT GORDON
EMMANUELLE S. SOICHET
Deputy Attorneys General

P. PATTY LI
Deputy Attorney General
*Attorneys for Defendant*
*Attorney General Kamala D. Harris*

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

## **VERIFICATION OF INTERROGATORY ANSWERS**

I, Steve Bauman, am employed by the State of California Department of Justice as a supervising investigative auditor of the Office of the Attorney General. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 31, 2015, at Los Angeles, California.



STEVE BAUMAN

First Amended Responses and Objections to
Interrogatory No. 10 (2:14-CV-09448)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Americans for Prosperity Foundation v. Kamala Harris*

No.:         **2:14-CV-09448**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 31, 2015, I served the attached **FIRST AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT ATTORNEY GENERAL KAMALA D. HARRIS TO PLAINTIFF AMERICANS FOR PROSPERITY FOUNDATION'S INTERROGATORY NO. 10 IN THE FIRST SET OF INTERROGATORIES** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Harold Barza, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 S Figueroa Street, 10th Floor
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 31, 2015, at San Francisco, California.

| | |
|---|---|
| Susan Chiang | |
| Declarant | Signature |

SA2014119809
20778487.doc

# EXHIBIT 13

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, | ) ) ) CASE NO. CV 14-9448-R |
| Plaintiff, | ) ) ) ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL REQUESTED DISCOVERY FROM DEFENDANT |
| v. | ) ) |
| KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California, | ) ) ) |
| Defendant. | ) ) ) |

Before the Court is Plaintiff's Motion to Compel Requested Discovery from Defendant, which was filed on September 14, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 29, 2015.

Plaintiff alleges that Defendant failed to provide a comprehensive discovery production, despite parties' agreement. Defendant responds by explaining that she has been working diligently to produce all non-privileged discovery materials by September 30, 2015. Defendant did in fact produce additional discovery on September 30, 2015. According to the Plaintiff, this most recent discovery production set included 643 pages of materials. Plaintiff also noted however, that all production sets by Defendant failed to include *any emails* from before July 29,

2013, despite Defendant's commitment to produce any such emails originating from January 1, 2010 onward.  Plaintiff alleges that Defendant has also failed to produce sufficient documents relating to (1) its policies or enforcement of its Schedule B submission policy; (2) who can access confidential Schedule Bs; (3) the measures taken to protect the confidentiality of Schedule Bs, such as the technical or physical protections for Schedule Bs; (4) evidence supporting the Attorney General's assertion that there is a compelling state interest behind the Schedule B submission requirement; or (5) the unauthorized disclosures of Schedule B information in the past.

Defendant claims that she has completed her discovery production, and that Plaintiff's Second Supplement to Joint Stipulation (Dkt. No. 72) amounts to nothing more than exaggerations and mischaracterizations.  *See* Defendant's Response to Plaintiff's Second Supplement to Joint Stipulation (Dkt. No. 75).  While it is conceivably possible that no further non-privileged, responsive documents exist, it appears highly unlikely.  For example, the idea that not a *single*, non-privileged, responsive email exists for the entire three-and-a-half year period spanning January 1, 2010 to July 29, 2013, challenges the Court's common sense.  Regardless, without a complete privilege log produced by Defendant, ascertaining whether Defendant has in fact been fully responsive, is exceedingly difficult for the Court.  As Defendant had claimed to have been able to produce her last production by September 30, 2015, and both parties have stipulated to providing privilege logs no later than thirty (30) days after the completion of document production (*See* Joint Stipulation at 12 (referencing Li Decl., Ex. 15, Stipulated Order Regarding the Production of Electronically Stored and Other Materials, ECF No. 48 at 13)), the Court will provide the Defendant until October 30, 2015 to produce the complete privilege log, along with any remaining responsive discovery requested by Plaintiff.

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

/ / / / / / /

1          **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Requested Discovery from

2    Defendant is GRANTED.  (Dkt. No. 59).  Defendant must complete all discovery production,

3    including the production of a complete privilege log, by October 30, 2015.

4    Dated: October 9, 2015.

5

6

7    _____

8                    MANUEL L. REAL
                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No:   2:14–cv–09448–R–FFM             Date:   5/22/2015

Title:  AMERICANS FOR PROSPERITY FOUNDATION V. KAMALA HARRIS

---

PRESENT:  HONORABLE MANUEL L. REAL, JUDGE

|  Christine Chung  |  None Present  |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:     ORDER (IN CHAMBERS) SETTING PRE–TRIAL & TRIAL DATES

   COUNSEL ARE NOTIFIED that this action is hereby placed on calendar for FINAL PRE–TRIAL CONFERENCE on January 25, 2016 at 11:00 AM.

   Memoranda of Contentions of Fact and Law, Exhibit Lists and Witness Lists shall be filed and served on or before January 4, 2016, which date will also serve as the discovery cut–off date in this action. There is no Motion Cut–Off Date set.

   PRE–TRIAL CONFERENCE ORDER shall be lodged with this Court on or before January 15, 2016.

    Jury Trial is set as  February 23, 2016 at 09:00 AM.

   IT IS SO ORDERED.

   cc: counsel of record

---

MINUTES FORM 11 CIVIL – –
GEN                                                      Initials of Deputy Clerk:  cch