KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
ALEXANDRA ROBERT GORDON
State Bar No. 207650
KEVIN CALIA
State Bar No. 227406
EMMANUELLE S. SOICHET
State Bar No. 290754
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5781
  Fax:  (415) 703-1234
  E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendant Attorney General Kamala Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California,**<br><br>Defendant. | 2:14-CV-09448-R-FFM<br><br>**DEFENDANT'S MOTION IN LIMINE NUMBER THREE RE: EXCLUSION OF TESTIMONY BY DR. PAUL SCHERVISH**<br><br>Date: February 16, 2016.<br>Time: 11:00 a.m.<br>Courtroom: 8, 2nd Floor<br>Judge: The Honorable Manuel L. Real<br>Trial Date: 2/23/2016<br>Action Filed: 12/9/2014 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION .......................................................................................... iv
INTRODUCTION ................................................................................................. 1
BACKGROUND ................................................................................................... 1
LEGAL STANDARD ............................................................................................ 2
ARGUMENT ......................................................................................................... 3
    I.    Dr. Schervish's Opinion Does Not Satisfy the Requirements of Rule 702 and *Daubert* and Thus His Testimony Should Be Excluded .......................................................................................... 3
    II.   At a Minimum, the Court Should Preclude Dr. Schervish from Testifying About Whether the Concerns of the Foundation's Donors and Potential Donors Are "Credible" or "Legitimate" Because Experts Cannot Properly Opine About Credibility ................ 7
CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Americans for Prosperity Foundation v. Harris*
   809 F.3d 536 (9th Cir. 2015)..................................................................................6

*Beech Aircraft Corp. v. United States*
   51 F.3d 834 (9th Cir. 1995) ....................................................................................4

*Crowe v. Marchand*
   506 F.3d 13 (1st Cir. 2008) ....................................................................................3

*Dallas & Mavis Forwarding Co. v. Stegall*
   659 F.2d 721 (6th Cir. 1981)..................................................................................7

*Daubert v. Merrell Dow Pharms., Inc.*
   509 U.S. 579 (1993) ...........................................................................................2, 3

*DSU Med. Corp. v. JMS Co., Ltd.*
   296 F. Supp. 2d 1140 (N.D. Cal. 2003)..................................................................2

*Faries v. Atlas Truck Body Mfg. Co.*
   797 F.2d 619 (8th Cir. 1986)..................................................................................6

*Gen. Elec. Co. v. Joiner*
   522 U.S 136 (1997) .............................................................................................5, 6

*Gong v. Hirsch*
   913 F.2d 1269 (1990) .............................................................................................6

*In re Agent Orange Products Liability Litigation*
   611 F. Supp. 1223 (E.D.N.Y. 1985).......................................................................7

*Kumho Tire Co. v. Carmichael*
   526 U.S 137 (1999) .............................................................................................3, 4

*United States v. Finley*
   301 F.3d 1000 (9th Cir. 2002)................................................................................4

*United States v. Funds Held in the Name or for the Benefit of John*
   *Hugh Wetterer*
   991 F. Supp. 112 (E.D.N.Y. 1998).........................................................................7

# TABLE OF AUTHORITIES
### (continued)

**Page**

*United States v. Jawara*
   474 F.3d 565 (9th Cir. 2007) .................................................................................. 6

*United States v. Richter*
   826 F.2d 206 (2d. Cir. 1987) .................................................................................. 7

*United States v. Scop*
   846 F.2d 135 (2d Cir. 1988) ................................................................................... 7

*Wendler & Ezra, P.C. v. American Intern. Group, Inc.*
   521 F.3d 790 (7th Cir. 2008) .................................................................................. 4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   First Amendment .............................................................................................. 1, 6

**COURT RULES**

Federal Rule of Evidence
   702 ................................................................................................................ 2, 3, 4
   703 ......................................................................................................................... 6

| | |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE |
| 3 | NOTICE THAT on February 16, 2016 at 11:00 a.m., or as soon thereafter as this |
| 4 | matter may be heard in Courtroom 8 of the United States District Court for the |
| 5 | Central District of California, located at 312 North Spring Street, Los Angeles, |
| 6 | California, Defendant Attorney General Kamala D. Harris, in her official capacity, |
| 7 | will and hereby does move to exclude the testimony of Plaintiff's proposed expert, |
| 8 | Dr. Paul Schervish, pursuant to Federal Rule of Civil Procedure 16(c)(2)(C) and |
| 9 | Federal Rules of Evidence 403, 702, and 703. |
| 10 | This motion is based on the Notice of Motion, the accompanying motion in |
| 11 | limine, the Declaration of Jose A. Zelidon-Zepeda with its accompanying exhibits, |
| 12 | the arguments of counsel, the record in this action, and any matters upon which the |
| 13 | Court may or must take judicial notice. |
| 14 | This motion is made following the conference of counsel pursuant to Local |
| 15 | Rule 37-1, which took place on January 26, 2016. |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# INTRODUCTION

Defendant moves for an order in limine precluding Plaintiff Americans for Prosperity Foundation from submitting any testimony by their proposed expert, Dr. Paul Schervish. Alternatively, Dr. Schervish should not be permitted to testify about the "reasonableness" or "legitimacy" of purported donor concerns. Dr. Schervish's testimony should be excluded because (1) Dr. Schervish is not an expert in donor's reactions to government disclosure requirements; (2) Dr. Schervish's testimony is not based on the same level of intellectual rigor that characterizes the practice of his field of sociology; (3) Dr. Schervish's testimony lacks a factual basis and does nothing more than speculate based on hearsay that has been relayed to him by employees of the Foundation; and (4) his testimony will not assist the Court.

# BACKGROUND

This case raises claims under the First Amendment. Plaintiff alleges that the requirement under state law that charitable organizations disclose Schedule B to Internal Revenue Service (IRS) Form 990 violates its First Amendment association and speech rights.

Plaintiff has disclosed Dr. Paul Schervish, a sociologist who purports to provide testimony about "whether and to what extent the Foundation and its donors and potential donors may reasonably fear loss of anonymity and disclosure of their identities," and the extent to which "donors' participation and support may be chilled" if disclosure of their identity takes place. Declaration of Jose A. Zelidon-Zepeda (Zepeda Decl.), Ex. 1 [Expert Report of Dr. Paul G. Schervish (Schervish Report)] at 3. This is not a proper subject of expert testimony nor is it within Dr. Schervish's expertise as a sociologist. Dr. Schervish opines that the Foundation's donors and potential donors have "legitimate" or "reasonable" fears. *Id.* at 9 ¶ 18. But in formulating his opinions in this case, Dr. Schervish did not meet with or even learn the identity of any of the Foundation's donors or potential donors.

Zepeda Decl. Ex. 2 [Deposition of Dr. Paul Schervish (Schervish Dep.)] at 90:9-18. Instead, as Dr. Schervish's expert report and deposition transcript make clear, his "expert opinion" relies on secondhand hearsay as its factual basis, namely the deposition transcripts of various staff working for the Foundation. *Id.* at 192:6-22.

Dr. Schervish 's opinion does not constitute the application of "reliable principles and methods" as required by Federal Rule of Evidence 702. For example, he did not report any weaknesses in his expert opinion in his report, and baldly stated that he did not think it necessary, in contravention of the requirements of the Federal Rules of Evidence. *Id.* at 56:5-21. And although his regular research in sociology requires that he utilize a particular methodology, he did not perform these same tasks in preparing his expert report and opinion in this case. *Id.* at 201:23-202:3. The methodology that is standard in the field is an attempt to reduce the sociologist's bias by having other colleagues review the results or using statistical analyses to assess the results and conclusions derived. *Id.* at 21:10-14; 22:13-23:12. Dr. Schervish's opinion does not meet the standards for expert testimony under the law, and thus should be excluded. At a minimum, the Court should rule in limine that Dr. Schervish cannot testify about whether purported donor concerns are "legitimate" and "reasonable" because the veracity or motivation of another witness' testimony is not a proper subject for expert opinion.

## LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education." General qualifications as an expert are not sufficient, however. Rather, an expert witness must be qualified in the specific subject for which his testimony is offered. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91 (1993). Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness." *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003).

Expert witness testimony is admissible if it will assist the trier of fact to determine a fact at issue; is based on sufficient facts or data, is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. These requirements are meant to help "ensure, as a condition of admissibility, that proffered expert testimony rests on a sufficiently trustworthy foundation." *Crowe v. Marchand*, 506 F.3d 13, 17 (1st Cir. 2008) (citing *Daubert*, 509 U.S. at 597). Rule 702 requires that the Court serve as a gatekeeper ensure that all expert testimony "is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert*, 509 U.S. at 589).

## ARGUMENT

### I. DR. SCHERVISH'S OPINION DOES NOT SATISFY THE REQUIREMENTS OF RULE 702 AND *DAUBERT* AND THUS HIS TESTIMONY SHOULD BE EXCLUDED

Dr. Schervish's testimony regarding how donors would feel and/or behave in response to disclosure to the Attorney General of Schedules B should be excluded.

First, even assuming that it were a proper subject of expert opinion, and it is not, Dr. Schervish's expertise does not extend to predicting how donors will react to a charity making a non-public disclosure to the Attorney General. The expert report prepared by Dr. Schervish largely consists of unsupported factual allegations that are unrelated to his field of expertise, which is sociology. Sociology is the study of the social lives of people, groups and societies, and Professor Schervish has researched what motivates some wealthy people to donate. Zepeda Decl. Ex. 1 [Schervish Report] at ¶ 11. However, nothing in that experience -- or in his training -- provides Dr. Schervish with a special ability to draw inferences regarding the subjective state of mind or probable behavior of donors in this case. His only expert testimony is that some wealthy donors sometimes prefer to give

anonymously because they do not want their identities known to the public. *Id*. at ¶ 24. Everything else is nothing more than inadmissible speculation.

Second, because Dr. Schervish possesses no special expertise, he is in no better position than the Court as trier of fact to determine from the evidence whether (and if so, what) the effect on donors or potential donors of compliance with the state law requirement to disclose Schedule B to the Attorney General for non-public use would be. *See Beech Aircraft Corp. v. United States*, 51 F.3d 834, 842 (9th Cir. 1995) (holding that trial court properly excluded from bench trial the proposed testimony of experts as to what could be heard in a tape-recorded conversation because "hearing is within the ability and experience" of the factfinder); *United States v. Finley*, 301 F.3d 1000, 1009-10 (9th Cir. 2002) (noting that medical expert who merely recites the allegations of the alleged victim "in the guise of a medical opinion... does not assist the trier of fact as required by Rule 702") (quotations and citations omitted); *Wendler & Ezra, P.C. v. American Intern. Group, Inc.*, 521 F.3d 790, 791 (7th Cir. 2008) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process."). Dr. Schervish's opinion therefore is neither expert testimony, reliable, nor helpful to the Court, as required by Federal Rule of Evidence 702.

Third, Dr. Schervish's opinion is also inadmissible because he did not prepare it with the same intellectual rigor that he would use in his field; in fact, as he testified at deposition, its rigor is laughable. Zepeda Decl. Ex. 2 [Schervish Dep.] at 204: 5-9. Rule 702 requires that expert testimony be "based on sufficient facts or data" and that it be "the product of reliable principles and methods," which the expert has applied to the facts of the case. Under the caselaw, "an expert, whether basing testimony upon professional studies or personal experience, [must] employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152. Courts are not

required "to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Here, Dr. Schervish's opinion is not a product of reliable methods used in sociology. Specifically, Dr. Schervish did not identify any weaknesses in his report, whereas sociologists identify any weaknesses in their analysis as part of their usual practice. Moreover, a sociologist usually describes the methodology used in deriving a given conclusion, yet Dr. Schervish's expert report in this case does not do so.

At his deposition, Dr. Schervish explained the importance of methodology in the field of sociology: "That is what is written up in every good research piece. What are the benefits and what are the limitations of that methodology." Zepeda Decl. Ex. 2 [Schervish Dep.] at 19:11-13. Methodology is important because it helps reduce the researcher's bias. *Id.* at 21:3-5. Yet, despite the importance of methodology in sociology, he conceded that his expert report "doesn't have a section on methodology," although methodology is supposedly "put into each of the points." *Id.* at 207:15-24. Moreover, contrary to the usual practice in sociology, Dr. Schervish stated that he did not state the weaknesses of his conclusions in his expert report in this case. *Id.* at 56:11-14; 208:6-12. He asserted that doing this is "not necessary," and that he does not consider it his duty in preparing an expert report. *Id.* at 56:11-21. Indeed, he stated that he would not submit his expert report in this case to a peer reviewed journal, and that "[t]hey would laugh" at him if he did so. *Id.* at 204: 5-9.

Fourth and separate from the methodology question, Dr. Schervish lacks a sufficient factual basis from which to form an opinion about the alleged fears and behavior of the Foundation's donors. Specifically, Dr. Schervish has not spoken to a single Foundation donor about any a fears, threats, or hesitancy to donate if the Foundation submitted a Schedule B to the Attorney General. *See* Zepeda Decl. Ex. 2 [Schervish Dep.] at 90:9-18. Instead, as Dr. Schervish's expert report and

5

deposition make clear, his "expert opinion" relies primarily on secondhand hearsay as its factual basis, namely conversations with and the deposition transcripts of various staff working for the Foundation. *Id*. at 192:6-22; Zepeda Decl. Ex. 1 [Schervish Report] at ¶ 4 (factual basis for opinion are (1) declarations of Mark Holden and Christopher Fink;[1] (2) a conversation with Fink; and (3) email threats to Foundation staff and Mssrs. Kochs provided by the Foundation);[2] Ex. B (reviewed deposition testimony of Fink).

This evidence is both patently self-serving and an insufficient basis for reliable testimony under Rule 703. When expert opinions are premised on hearsay information, the Court must ensure that the testimony both rests on a reliable foundation and is relevant to the task at hand. *U.S. v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007); *see Gong*, 913 F.2d at 1272-73 ("In applying the requirement of Rule 703 that the information forming the basis of the expert's opinion be 'of a type reasonably relied upon by experts,' 'the trustworthiness of the underlying data is not irrelevant.'"). The hearsay evidence Dr. Schervish relied on is inherently unreliable, as it came from the Foundation's officers—interested parties to this litigation—without any corroboration from other parties. Numerous courts have recognized that expert opinion based on this type of information provided by an interested witness is not sufficiently reliable under Rule 703. *Faries v. Atlas Truck*

---

[1] It is worth noting that this hearsay is also irrelevant to Plaintiff's actual burden in this litigation to show First Amendment harm from disclosure to the Attorney General. As the Ninth Circuit found, Fink's declaration "does not show that any donor has declined, or would decline, to support the Foundation as a result of" worry about disclosure to the Attorney General. *Americans for Prosperity Foundation v. Harris*, 809 F.3d 536, 540 (9th Cir. 2015)..

[2] None of the emails and documents listed in Exhibit B to Dr. Schervish's report contain communications from donors. *See* Exhibit B at 4-6. Only one document—an almost entirely redacted "Notes" document apparently written by an unidentified Foundation staff member—even mentions a donor. *See id.* at 5. In addition, none of the "threats" included in the emails reviewed by Dr. Schervish related to donors other than Mssrs. Koch. These emails describe or include angry messages directed to Foundation staff or sent to generic Americans for Prosperity email accounts; many in response to the sender's inclusion on Americans for Prosperity's email blast list.

6

*Body Mfg. Co.*, 797 F.2d 619, 624 (8th Cir. 1986) (proposed expert opinion regarding excessive speed premised on eyewitness account); *see also Dallas & Mavis Forwarding Co. v. Stegall*, 659 F.2d 721, 722 (6th Cir. 1981) (state trooper's opinion derived primarily from story of biased eyewitness inadmissible as expert opinion); *In re Agent Orange Products Liability Litigation*, 611 F. Supp. 1223, 1243-47 (E.D.N.Y. 1985) (medical expert opinion on causation premised mainly on a self-serving symptom checklists prepared by one party inadmissible because no expert would reasonably rely on such information).

The Court should likewise exclude the proposed expert opinion of Dr. Schervish, which is premised on the hearsay, self-serving testimony and declarations of the Foundation's officers.

## II. AT A MINIMUM, THE COURT SHOULD PRECLUDE DR. SCHERVISH FROM TESTIFYING ABOUT WHETHER THE CONCERNS OF THE FOUNDATION'S DONORS AND POTENTIAL DONORS ARE "CREDIBLE" OR "LEGITIMATE"

If the Court denies the motion to exclude Dr. Schervish's opinion in its entirety, the Court should preclude him from testifying about whether the Foundation's donors or potential donors purported fears or concerns regarding anonymity are "reasonable," "legitimate," or otherwise credible.

Witnesses, expert or otherwise, cannot testify about another witness' credibility. *U.S. v. Funds Held in the Name or for the Benefit of John Hugh Wetterer*, 991 F. Supp. 112, 120 (E.D.N.Y. 1998) ("this Court is reluctant to give credence to the testimony of an expert as to the credibility of a witness"). As the Second Circuit has noted, "expert witnesses may not offer opinions on relevant events based on their personal assessment of the credibility of another witness's testimony." *U.S. v. Scop*, 846 F.2d 135, 142, *rev'd in part on other grounds*, 856 F.2d 5 (2d Cir. 1988). This applies even for "expert witnesses possessed of medical knowledge and skills that relate directly to credibility." *Id*.; *see also U.S. v. Richter*, 826 F.2d 206, 208 (2d. Cir. 1987)..

Here, Dr. Schervish's opinion that the fears of the Foundation's donors and potential donors are "legitimate" or "reasonable" is a backdoor attempt to bolster the credibility of these second hand reports. The Court should exclude this testimony.

## CONCLUSION

For these reasons, the Court should exclude Dr. Schervish's expert opinions at trial. Alternatively, the Court should preclude Dr. Schervish from testifying about another witness' credibility or the "reasonableness" or "legitimacy" of the purported fears of donors and potential donors to the Foundation.

Dated: February 2, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
ALEXANDRA ROBERT GORDON
KEVIN CALIA
EMMANUELLE S. SOICHET
Deputy Attorneys General

*/s/ Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendant Attorney General Kamala Harris*

20813947.doc