QUINN EMANUEL URQUHART & SULLIVAN LLP
Harold Barza (California Bar No. 80888)
    halbarza@quinnemanuel.com
Carolyn Thomas (California Bar No. 286441)
    carolynthomas@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000

QUINN EMANUEL URQUHART & SULLIVAN LLP
William Burck (DC Bar No. 4015426) (*pro hac vice*)
    williamburck@quinnemanuel.com
Derek Shaffer (California Bar No. 212746)
    derekshaffer@quinnemanuel.com
Keith Forst (NY Bar No. 4746806) (*pro hac vice*)
    keithforst@quinnemanuel.com
Jonathan Cooper (DC Bar No. 999764) (*pro hac vice*)
    jonathancooper@quinnemanuel.com
777 Sixth Street NW, 11th Floor
Washington, DC  20001
Telephone:  (202) 538-8000

*Attorneys for Plaintiff*
*Americans for Prosperity Foundation*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION**, <br><br> Plaintiff, <br><br> vs. <br><br> **KAMALA HARRIS**, in her Official Capacity as Attorney General of California, <br><br> Defendant. | Case No.   2:14-cv-09448-R-FFM <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SUBMIT DIRECT TESTIMONY OF WITNESSES IN WRITTEN FORM** <br><br> Courtroom:   8 – 2nd Floor <br> Judge:   Hon. Manuel L. Real <br><br> Trial Date:   February 23, 2016 <br> Action Filed:   December 9, 2014 |

Pursuant to L.R. 43-1, Plaintiff Americans for Prosperity Foundation respectfully proposes that this Court order the parties, for purpose of the bench trial scheduled to commence February 23, 2016, to present direct testimony of non-hostile witnesses in written form, subject potentially to any (brief) supplementation through live direct testimony, followed by cross-examination and any redirect.[1]

According to the Ninth Circuit, such "use of written testimony is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987); *Chapman v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 197–98 (9th Cir. 1979) (holding that the district court properly found lead counsel in contempt for failure to comply with an order requiring written directs, and finding that the submission of written testimony was not "trial by affidavit"). Such use is also expressly authorized by this Court's Rule 43-1, which provides that "the judge may order that the direct testimony of a witness be presented by written narrative statement subject to the witness' cross-examination at trial." Finally, reliance on written directs would benefit all concerned—the parties, the witnesses, and the Court—by streamlining the testimony and focusing specifically on the faults each party seeks to identify on cross. Especially considering that (1) the issues before the Court are constitutional in nature, (2) the facts and testimony have been well developed through discovery, including depositions of all relevant witnesses, and (3) proposed findings of fact and conclusions of law have been filed detailing each

---

[1] Although the Foundation does not currently envision that either party will be examining a hostile witness on direct, if any such witness winds up being called, the direct examination would necessarily proceed live.

party's contentions, this case is a prime candidate for proceeding on the basis of written directs.

The Foundation further respectfully proposes that each side be obliged to provide opposing counsel with a copy of the written direct for a particular witness at least 24 hours before that witness is called to testify at trial.

Having consulted the Defendant Attorney General, the Foundation reports that the Attorney General opposes this motion and will file her response no later than tomorrow, February 18, 2016.

Dated:   February 17, 2016                Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

By  _____
     Derek Shaffer

*Attorneys for Plaintiff
Americans for Prosperity Foundation*