KAMALA D. HARRIS
Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General
EMMANUELLE S. SOICHET
Deputy Attorney General
State Bar No. 290754
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5974
  Fax:  (415) 703-1234
  E-mail:  Emmanuelle.Soichet@doj.ca.gov
*Attorneys for Defendant Attorney General
Kamala D. Harris*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **AMERICANS FOR PROSPERITY FOUNDATION,**<br><br>                           Plaintiff,<br><br>v.<br><br>**KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California,**<br><br>                           Defendant. | 2:14-CV-09448<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBMIT DIRECT TESTIMONY OF WITNESSES IN WRITTEN FORM**<br><br>Date:<br>Time:<br>Courtroom:  8<br>Judge:       The Honorable Manuel L. Real<br>Trial Date:  2/23/2016<br>Action Filed: 12/9/2014 |

1    Defendant Attorney General Kamala D. Harris opposes Plaintiff Americans
2 for Prosperity Foundation's Motion to Submit Direct Testimony of Witnesses in
3 Written Form (ECF No. 149), which—less than one week before trial—seeks to
4 depart from standard practice and require the parties to present all direct testimony
5 in written form, with only "brief" supplementation of live direct testimony and live
6 cross-examination and redirect at trial.  Not only does the Foundation unfairly seek
7 to change the ground rules for trial at the eleventh hour, but if its past filings are
8 any indication, submitting direct testimony on paper is unlikely to streamline
9 testimony.
10    First, it would be unfairly disruptive and prejudicial for the Court to change
11 the ground rules for testimony five days before the start of trial.  While the Ninth
12 Circuit has held that "use of written testimony is an accepted and encouraged
13 technique for shortening bench trials," *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889
14 F.2d 224, 232 (9th Cir. 1989), the cases do not support an abrupt and unexpected
15 shift to written direct testimony on the eve of trial.  *See Malone v. U.S. Postal Serv.*,
16 833 F.2d 128, 133 (9th Cir. 1987) (upholding a court's pre-trial order giving the
17 parties five months to submit written direct questions and answers); *Chapman v.
18 Pac. Tel. & Tel. Co.*, 613 F.2d 193, 197–98 (9th Cir. 1979) (upholding a court's
19 order for narrative statements of plaintiffs' witnesses at a pre-trial conference 24
20 days before trial).  The proper time to suggest submission of written direct
21 testimony would have been long before now and, at the latest, in a pre-trial order
22 issued several weeks before trial.  *See, e.g., In re Gergely*, 110 F.3d 1448, 1451 (9th
23 Cir. 1997) (approving bankruptcy court's pre-trial order requiring written testimony
24 issued five weeks before the start of trial); *In re Adair*, 965 F.2d 777, 779 (9th Cir.
25 1992) (approving bankruptcy court's "standard procedure" to require written direct
26 testimony); *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665 (D. Haw.
27 2001) (denying motion to waive standing procedures for written direct testimony in
28 bench trials).

If the Court were to grant the Foundation's motion, the parties would be required to draft the full written testimony of at least 13 witnesses within a matter of days while also finalizing trial preparations. *See* ECF Nos. 108, 110. There is no justification for this last-minute change in trial procedures, much less one that would outweigh the many advantages that make presentation of live direct examinations the usual procedure. *See, e.g.*, *Oshodi v. Holder*, 729 F.3d 883, 891-92 (9th Cir. 2013) (citing *United States v. Thoms*, 684 F.3d 893, 903 (9th Cir. 2012) ("The importance of live testimony to a credibility determination is well recognized and longstanding."); *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir.1995) ("There can be no doubt that seeing a witness testify live assists the finder of fact in evaluating the witness's credibility."); *United States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 400 (8th Cir. 2000) (judges "must observe the witnesses' demeanor to best ascertain their veracity—or lack thereof")). If the Foundation believed written direct testimony would benefit the Court and the parties, it should have timely requested this change in procedures.[1]

Second, the Foundation's argument that written testimony would be more efficient is highly suspect. If the Foundation's 133-page Proposed Findings of Fact and Conclusions of Law (ECF No. 136) are any indication, the written testimony submitted will be larded with extraneous, misleading, and objectionable testimony, and will not streamline anything either for the Court or the parties. Plaintiff should not be allowed to avoid making the hard choices necessary to present its most compelling (and admissible) evidence through live witnesses at trial.

For these reasons, the Court should deny the Foundation's Motion to Submit Direct Testimony of Witnesses in Written Form.

---

[1] Although the Foundation suggests the parties have had an ongoing discussion about submitting written direct testimony, they have not. *See* ECF No. 149 at 2. Plaintiff broached the topic in late January but did not pursue it, and did not revisit it until the night before it filed this motion.

1
2  Dated:  February 18, 2016        Respectfully submitted,

3                                   KAMALA D. HARRIS
                                    Attorney General of California
                                    TAMAR PACHTER
4                                   Supervising Deputy Attorney General

5

6                                   /s/ Emmanuelle S. Soichet
                                    EMMANUELLE S. SOICHET
7                                   Deputy Attorney General
                                    *Attorneys for Defendant Attorney*
8                                   *General Kamala D. Harris*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28